IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** <br> Plaintiff, <br><br> v. <br><br> **HTC CORPORATION, et al.,** <br> Defendants. | **Civil Action No. 6:13-cv-507** <br><br> **JURY TRIAL DEMANDED** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** <br> Plaintiff, <br><br> v. <br><br> **LG ELCTRONICS, INC., et al.,** <br> Defendants. | **Civil Action No. 6:13-cv-508** <br><br> **JURY TRIAL DEMANDED** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** <br> Plaintiff, <br><br> v. <br><br> **PANTECH CO., LTD, et al.,** <br> Defendants. | **Civil Action No. 6:13-cv-509** <br><br> **JURY TRIAL DEMANDED** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** <br> Plaintiff, <br><br> v. <br><br> **BLACKBERRY LIMITED, et al.,** <br> Defendants. | **Civil Action No. 6:13-cv-510** <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br>Plaintiff,<br><br>v.<br><br>**ZTE CORPORATION, et al.,**<br>Defendants. | Civil Action No. 6:13-cv-511<br><br>**JURY TRIAL DEMANDED** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br>Plaintiff,<br><br>v.<br><br>**AMAZON.COM, INC., et al.,**<br>Defendants. | Civil Action No. 6:13-cv-568<br><br>**JURY TRIAL DEMANDED** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br>Plaintiff,<br><br>v.<br><br>**DELL INC.,**<br>Defendant. | Civil Action No. 6:13-cv-569<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF CELLULAR COMMUNICATIONS EQUIPMENT LLC'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM[1]**

---

[1] Defendants filed replies in support of their motions to dismiss in each of the above-captioned cases. Because many of the replies are substantively identical, Plaintiff serves this surreply in each case, citing to Plaintiff's original complaint in *Cellular Communications Equipment LLC v. HTC Corporation, et al*., No. 6:13-cv-507 (the "HTC Complaint") as exemplary. It bears noting that in *Cellular Communications Equipment LLC v. Dell Inc*., No. 6:13-cv-569, Defendant Dell Inc. ("Dell") filed a reply that varies slightly from the other replies filed. Thus, CCE specifically addresses relevant portions of Dell's reply in Section I.E below.

Cellular Communications Equipment LLC ("CCE") has adequately pled the required elements to support its allegations of induced, contributory, and willful infringement. Its Response does not attempt to add "new facts," but merely underscores the logical inferences and common-sense conclusions that flow from the facts and allegations expressly pled in the complaints. Viewed reasonably in light of such inferences and conclusions, CCE's complaints properly address each requisite element.

Defendants' Replies are dismissive and feign confusion about basic facts. *See, e.g.,* HTC Reply, at 4-5 (complaining that CCE did not specify the "full name" of 3GPP). But their confined view of CCE's pleadings is not credible, and does not comport with Supreme Court precedent and prior holdings of this Court.

## I.      ARGUMENT

### A.      CCE's Induced Infringement Claims are Sufficient.

As explained in CCE's Response, the requisite intent for induced infringement can be inferred from the accusation that Defendants <u>instruct</u> their customers to infringe. Defendants do not deny that they provide instructions to their customers (*e.g.*, via user guides or owner manuals). Instead, they contend that CCE's complaints must identify specific examples of such instructions. But the heightened level of proof Defendants demand is not required at the pleadings stage. CCE's complaints need only set forth a short and plain statement plausibly showing that it is entitled to relief. It has done so.

Further, such instructions, taken together with Defendants' knowledge of the patents (via CCE's complaints or their affiliations with 3GPP), are sufficient to show that Defendants knew of the third-party infringing conduct. This is consistent with *Achates*, which reasoned that (1) knowledge of the patents, and (2) the defendant's encouragement of its customers' use of the

1

defendant's software products, were sufficient to establish the defendant's knowledge that its customers' acts constituted infringement. *Achates Reference Publ., Inc. v. Symantec Corp.*, No. 2:11-cv-294, 2013 U.S. Dist. LEXIS 27143, at \*\*10-11 (E.D. Tex., Jan. 10, 2013).

Defendants contend that the holding in *Achates* is restricted to "a product containing a component that would be ineffective in achieving its purpose if a specific, infringing customer step was not mandatory." HTC Reply, at 2. Such a myopic interpretation of *Achates* is, however, merely advocacy designed to discourage the Court from drawing reasonable inferences and employing common sense. Indeed, Defendants ignore that the court in *Achates* gleaned numerous inferences and reached logical conclusions from an unadorned complaint, which simply alleged that the defendant sold products that employ "activation systems including its Licensing Portal and/or FileConnect." *See* Exh. A, *Achates Amended Complaint*, at ¶¶ 41-42.

Instructively, the *Achates* court's analysis did not stop with the plaintiff's express allegations; rather the court drew natural inferences from the complaint's broader context by examining the patented technology, the nature of the accused products, and the nature of the industry in which the accused products are exploited. *See Achates*, 2013 U.S. Dist. LEXIS 27143, at \*8, \*\*10-11. The court upheld the plaintiff's indirect infringement allegations, for instance, reasoning that "[i]n order to be an effective anti-piracy countermeasure, [the defendant's] software products *must require* that the activation step be mandatory." *Id.* at \*10 (noting further that it is, thus, "reasonable *to infer* that [the defendant] encourages its customers to use its software products….") (emphasis added).

CCE's allegations in this case are inarguably more robust than those in *Achates*. Among other things, the CCE complaints establish Defendants' knowledge of the patents, identify direct infringers, and make separate allegations specific to inducement and contributory infringement,

including allegations of Defendants' specific intent to induce through instruction. *See, e.g.,* HTC Complaint, at ¶¶ 22-28. Accordingly, CCE's allegations reasonably apprise Defendants of the claims against them and capably satisfy all pleadings requirements.

### B. CCE's Contributory Infringement Claims Are Sufficient

As with its inducement allegations, the facts and related inferences set forth in CCE's complaints substantiate its claims of contributory infringement. CCE's complaints particularly set forth a plausible theory of contributory infringement by, among other things, identifying specific infringing products, all of which are wireless devices. Defendants would again deploy their faulty *Achates* logic to discourage the Court from using common sense.

It is commonly known that the accused wireless devices include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. CCE has identified specific patent claims descriptive of the functionality at issue and has alleged that components of the accused devices "are a material part of the inventions [], are especially made and/or adapted for use in infringing the [patents], and are not staple articles or commodities of commerce suitable for substantial non-infringing use." *See, e.g.,* HTC Complaint, at ¶63. These allegations are sufficient.

Defendants would otherwise insist that CCE either identify hardware and software (without the benefit of discovery) that perform the functions covered by the asserted claims and/or explicitly describe the functions performed by device hardware and software (though such detail is already freely accessible through inspection of the enumerated patent claims). This elevates the pleadings requirements for contributory infringement well beyond established precedent and should be disregarded. *See, generally, Achates,* 2013 U.S. Dist. LEXIS 27143, at \*\*7-9.

### C. CCE's Willfulness Claims Are Sufficient.

Defendants insist that CCE must allege that they "acted despite an objectively high likelihood and that its actions constituted infringement of a valid patent." HTC Reply at 3. CCE's complaints do this. *See* Resp. at 9; *see also, e.g.*, HTC Complaint, at ¶ 36 ("On information and belief, despite having knowledge of the '9923 patent and knowledge that they are directly infringing one or more claims of the '9923 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '9923 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.").

Nonetheless, that is not the standard for pleading willful infringement. The Federal Circuit has explained that a plaintiff alleging willfulness need only allege (1) infringement of the patent-in-suit and (2) the defendant's pre-filing knowledge. *See* Resp. at 8-9. This Court and others have acknowledged and re-stated this two-part pleading standard. *See id.*; *see also* Exh. B, *Virginia Innovation Sciences, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:12-cv-548, Dkt. No. 395, slip op. at 8-11 (E.D. Va. Nov. 15, 2013) (citing both Federal Circuit and Eastern District of Texas precedent). As explained in its Response, CCE's complaints meet this pleading standard by alleging both infringement of the subject standard-essential patents and Defendants' pre-suit knowledge of those patents via their affiliations with 3GPP. Resp. at 9.

### D. CCE's Allegations of Activity Prior to Filing of the Complaint Are Sufficient.

CCE's complaints allege that Defendants garnered pre-suit knowledge of certain standard-essential patents by virtue of their association with 3GPP.[2] Resp. at 3-5. Defendants' plainly understand this allegation, together with all of its implications. Indeed, they deny none of

---

[2] CCE's complaint against Dell does not allege that Dell had pre-suit knowledge of any asserted patent.

4

them. They complain, instead, that CCE did not spell out the "full name" of 3GPP or articulate the activities of that organization to their satisfaction. HTC Resp. at 4. But feigned ignorance by Defendants cannot undermine the reasonable inferences to which CCE's allegations are entitled.

Defendants' contention that CCE's statements regarding 3GPP are "mere naked assertions" is nonsense. Allegations that a defendant is a 3GPP member organization (or closely affiliated with one), and knew of certain patents by virtue of their disclosure to 3GPP, are factual and are entitled to a presumption of truth. They plainly support the inference that Defendants knew about the standard-essential patents before CCE filed suit. Accordingly, CCE has properly pled pre-suit knowledge relative to the standard-essential patents and properly averred knowledge of the other patents at least as early as the service of the respective complaints.

### E. CCE's Claims Against Dell Are Sufficient.

Dell's arguments regarding induced and contributory infringement mirror those of other Defendants and are addressed above. Unique to the Dell case, however, is Dell's assertion that knowledge acquired through service of a complaint is insufficient to support any allegation of indirect infringement (induced or contributory). This contention is incorrect as a matter of law in this District. *See* Resp. at 3.

## II. CONCLUSION

CCE has properly pled each element of indirect and willful infringement. Defendants' motions obfuscate relevant standards and attempt to vitiate this Court's ability to use judicial experience and common sense in assessing pleading sufficiency under *Twombly*, *Iqbal* and their progeny.

**Dated: November 22, 2013**                     Respectfully submitted,

/s/ Edward R. Nelson III
Edward R. Nelson III
enelson@nbclaw.net

5

Texas State Bar No. 00797142
Brent N. Bumgardner
bbumgarnder@nbclaw.net
Texas State Bar No. 00795272
Barry J. Bumgardner
barry@nbclaw.net
Texas State Bar No. 00793424
S. Brannon Latimer
blatimer@nbclaw.net
Texas State Bar No. 24060137
Thomas C. Cecil
tcecil@nbclaw.net
Texas State Bar No. 24069489
Michael J. Fagan, Jr.
mfagan@nbclaw.net
Texas State Bar No. 24087490
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax: (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas 75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
ch@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 22nd day of November, 2013.  As of this date, all counsel of record that has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Edward R. Nelson, III*
Edward R. Nelson, III