UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC**<br><br>**v.**<br><br>**HTC CORPORATION, et al.** | **CIVIL ACTION NO. 6:13-cv-507**<br><br>**CONSOLIDATED LEAD CASE** |

# DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

**DO NOT KEY DEADLINES OFF THE FULL CLAIM CONSTRUCTION ORDER OR THE PROVISIONAL CLAIM CONSTRUCTION ORDER.**

| | |
|---|---|
| **3 DAYS after conclusion of Trial** | Parties to File **Motion to Seal Trial Exhibits**, if they wish to seal any highly confidential exhibits.<br><br>**EXHIBITS:** See order below regarding exhibits. |
| April 11, 2016<br><br>Court designated date – not flexible without good cause – Motion Required | **9:00 a.m. JURY TRIAL** as reached at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas. |
| April 4, 2016<br><br>Court designated date – not flexible without good cause – Motion Required | **9:00 a.m. JURY SELECTION** at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas. |
| March 24, 2016<br><br>Court designated date – not flexible without good cause – Motion Required | **9:00 a.m. PRETRIAL CONFERENCE** at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.<br><br>All pending motions will be heard. |
| March 22, 2016 | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| March 17, 2016 | Responses to Motions in Limine due. |

| | |
|---|---|
| March 14, 2016 | **Motions in Limine due**. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |
| March 9, 2016 | **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due**. Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. |
| March 4, 2016 | **Pretrial Objections due**. |
| February 28, 2016 | **Objections to Rebuttal Deposition Testimony due**. |
| February 18, 2016 | **Rebuttal Designations and Objections to Deposition Testimony due**. Cross examination line and page numbers to be included. In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| January 30, 2016 | **Pretrial Disclosures due**. Video and Stenographic Deposition Designation due. Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due. If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Shea Sloan, at shea_sloan@txed.uscourts.gov. |
| December 18, 2015 | **Response to Dispositive Motions (including *Daubert* motions) due.** Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| November 20, 2015<br><br>Court designated date – not flexible without good cause – Motion Required | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions) due.** Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| November 17, 2015 | **Parties to Identify Rebuttal Trial Witnesses**. |
| November 6, 2015 | **Parties to Identify Trial Witnesses; Amend Pleadings** (after *Markman* Hearing). It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, except as provided in Patent Rule 3-6, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to this deadline. |

| | |
|---|---|
| October 23, 2015 | **Discovery Deadline.** |
| September 23, 2015 | Parties designate rebuttal expert witnesses (non-construction issues), Rebuttal expert witness reports due.  Refer to Local Rules for required information. |
| September 21, 2015 | **Deadline to File Letter Briefs for Summary Judgment Motions and *Daubert* Motions.**  See the Court's website for further information. |
| September 14, 2015 | Parties with burden of proof designate expert witnesses (non-construction issues).  Expert witness reports due.  Refer to Local Rules for required information.<br><br>**Final Election of Asserted Prior Art pursuant to Paragraphs 3 and 5 of the Model Order Focusing Patent Claims and Prior Art to Reduce Costs.\*** |
| August 17, 2015 | **Final Election of Asserted Claims pursuant to Paragraphs 3 and 5 of the Model Order Focusing Patent Claims and Prior Art to Reduce Costs.\*** |
| March 19, 2015<br><br>Court designated date – not flexible without good cause – Motion Required | **Second *Markman* hearing at 9:00 a.m. at the United States District Court, 211 West Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| March 12, 2015 | P.R. 4-5(d) Chart due.  Parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct in accordance with P.R. 4-5(d).<br><br>**Reply to Motion for Summary Judgment of Indefiniteness due.**  The filing party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  Pages shall be counted against the party's total page limit.  *See* Local Rules CV-7(a)(3).  Motions to extend page limits will only be granted in exceptional circumstances. |

3

| | |
|---|---|
| March 9, 2015 | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing. The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence due re response to claim construction. The filing party is to provide the Court with two binders containing their reply brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Response to Motion for Summary Judgment of Indefiniteness due.** The filing party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV-7(a)(3). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| February 23, 2015 | **Comply with P.R. 4-5(b)** - Responsive brief and supporting evidence due to party claiming patent infringement. The filing party is to provide the Court with 2 binders containing their *Markman* brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Motion for Summary Judgment of Indefiniteness due.** The moving party is to provide the Court with two binders containing their brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV-7(a)(3). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |

| | |
|---|---|
| February 9, 2015 | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction. The filing party is to provide the Court with two binders containing their *Markman* brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| February 6, 2015 | **Tutorials due.**  Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patents.  If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |
| January 30, 2015 | **Discovery Deadline - Claim Construction Issues.** |
| January 19, 2015 | **Deadline to File Letter Brief for Motion for Summary Judgment of Indefiniteness.**  See the Court's website for further information. |
| January 15, 2015 | **Comply with P.R. 4-3 -** Filing of Joint Claim Construction and Prehearing Statement. |
| December 18, 2014 | **Comply with P.R. 4-2 -** Exchange of Preliminary Claim Constructions and Extrinsic Evidence. |
| November 28, 2014 | **Comply with P.R. 4-1 -** Exchange proposed terms and claim elements for construction. |
| 45 days after Full Fact Discovery Opens | **Deadline for Full Document Production Pursuant to Paragraph 2 of the Discovery Order.** |
| 45 days after first *Markman* Order Issues (per Court) | **Full Fact Discovery Opens.** |
| 45 days after first *Markman* Order Issues (per Court) | **Mediation Deadline.** |
| 28 days after first *Markman* Order Issues | **Preliminary Election of Asserted Prior Art pursuant to Paragraphs 2 and 5 of the Model Order Focusing Patent Claims and Prior Art to Reduce Costs (as modified by this DCO).\*** |
| 14 days after first *Markman* Order Issues | **Preliminary Election of Asserted Claims pursuant to Paragraphs 2 and 5 of the Model Order Focusing Patent Claims and Prior Art to Reduce Costs (as modified by this DCO).\*** |

| | |
|---|---|
| November 18, 2014<br><br>Court designated date – not flexible without good cause – Motion Required | **First *Markman* hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:00 a.m. at the United States District Court, 211 West Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| November 11, 2014 | P.R. 4-5(d) Chart due.  Parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct in accordance with P.R. 4-5(d).<br><br>**Reply to Motion for Summary Judgment of Indefiniteness due.**  The filing party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  Pages shall be counted against the party's total page limit.  *See* Local Rules CV-7(a)(3).  Motions to extend page limits will only be granted in exceptional circumstances. |
| November 6, 2014 | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing.  The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence due re response to claim construction.  The filing party is to provide the Court with two binders containing their reply brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Response to Motion for Summary Judgment of Indefiniteness due.**  The filing party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  Pages shall be counted against the party's total page limit.  *See* Local Rules CV-7(a)(3).  Motions to extend page limits will only be granted in exceptional circumstances. |

| October 24, 2014 | **Comply with P.R. 4-5(b)** - Responsive brief and supporting evidence due to party claiming patent infringement. The filing party is to provide the Court with 2 binders containing their *Markman* brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. **Motion for Summary Judgment of Indefiniteness due.** The moving party is to provide the Court with two binders containing their brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV-7(a)(3). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
|---|---|
| October 9, 2014 | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction. The filing party is to provide the Court with two binders containing their *Markman* brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| October 7, 2014 | **Tutorials due.** Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patents. If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |
| September 30, 2014 | **Discovery Deadline - Claim Construction Issues.** |
| September 24, 2014 | **Deadline to File Letter Brief for Motion for Summary Judgment of Indefiniteness.** See the Court's website for further information. |
| September 9, 2014 | **Proposed Technical Advisors due.** Parties to provide name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor. If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court. |
| September 1, 2014 | **Comply with P.R. 4-3 -** Filing of Joint Claim Construction and Prehearing Statement. |

| | |
|---|---|
| August 15, 2014 | **Plaintiff to Provide Non-Binding Preliminary Damages Calculations.** |
| July 25, 2014 | **Comply with P.R. 4-2 -** Exchange of Preliminary Claim Constructions and Extrinsic Evidence. |
| June 27, 2014 | **Comply with P.R. 4-1 -** Exchange proposed terms and claim elements for construction, limited to no more than two terms/phrases per patent (or twelve in the aggregate). The terms/phrases shall be limited to those that the parties believe are potentially dispositive or otherwise substantially impactful. Limits shall not be exceeded except by agreement of the parties or good cause shown. |
| June 20, 2014 | **Comply with P.R. 3-3 and 3-4 -** Invalidity Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6(b).<br><br>Defendant shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Defendant shall assert any counterclaims. After this deadline, leave of Court must be obtained to assert any counterclaims.<br><br>Add any inequitable conduct allegations to pleadings. It is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings prior to this date. Thereafter, it is necessary to obtain leave of Court to add inequitable conduct allegations to pleadings. |
| May 16, 2014 | **Early Production of Agreements and Summary Sales Data.** Defendants shall disclose relevant licenses, patent purchase agreements, settlement agreements, and summary sales data for the accused devices in accordance with Paragraph 2 of the Discovery Order.<br><br>Plaintiff shall disclose Plaintiff's position regarding which of the asserted patents it considers "standards essential"; all information related to Plaintiff's compliance with and/or agreements pertaining to its commitment to license the asserted patents on fair, reasonable, and non-discriminatory (FRAND) terms; Plaintiff's licenses; Plaintiff's settlement agreements concerning the patents-in-suit or any related patent; and all agreements and documents pertaining to the chain of title of the asserted patents.<br><br>The parties also reserve the right to seek jurisdictional and venue discovery prior to the First *Markman* hearing. |
| April 21, 2014 | **Deadline to File Motion to Modify Docket Control Order Regarding Limits Established for First *Markman*.** |
| April 18, 2014 | **Comply with Paragraph 1 of the Discovery Order.** Initial Disclosures due containing the information and materials required of sub-paragraphs A-G of Paragraph 1 of the Discovery Order. |

| March 21, 2014 | **Deadline to File Motion to Transfer Venue.** |
|---|---|
| March 21, 2014 | **Comply with P.R. 3-1 and P.R. 3-2 -** Disclosure of Asserted Claims and Infringement Contentions due.  Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6(b). Plaintiff shall join additional parties.  It is not necessary to file a motion to join additional parties prior to this date.  Thereafter, it is necessary to obtain leave of Court to join additional parties. Plaintiff shall add new patents and/or claims for patents-in-suit.  It is not necessary to file a motion to add additional patents or claims prior to this date.  Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| **Approx. 5-7 trial days** | **EXPECTED LENGTH OF TRIAL** |

\* Pursuant to fn 1 and paragraph 5 of the Model Order, the parties agree to discuss the limits of the Model Order and submit any proposed modifications prior to the deadline for service of initial disclosures.  As contemplated in the Model Order, the parties reserve the right to request modification(s) of the limits established therein.  In particular, Defendants anticipate that it will be necessary to increase the limits on prior art references in this case.

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition."  Local Rule CV-7(e) provides that a party opposing a motion has 15 days in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

## OTHER LIMITATIONS

(a) All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.
(b) The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (i) The fact that there are motions for summary judgment or motions to dismiss pending;
    (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;
    (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:**

A.  ON FIRST DAY OF TRIAL, each party is required to have on hand the following:

   (1)  One (1) copy of their respective original exhibits.  Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number.  In addition, exhibits shall be placed in properly marked manila folders and contained in a box with handles.  (Do not tender to the Court until instructed).

   (2)  Three (3) hard copies of their exhibit list and witness list.  These lists shall be tendered to the Courtroom Administrator at the beginning of trial.

   (3)  One (1) copy of all exhibits on disk(s), USB Flash Drive(s), or portable hard drive(s).  This shall be tendered to the Courtroom Administrator at the beginning of trial.

B.  EXHIBIT LISTS DURING TRIAL:

   (1)  On the first day of trial, each party should be prepared to offer en masse, exhibits NOT objected to by opposing party and tender to the Court a list of said exhibits.  Parties are directed to entitle the list, "Plaintiff's / Defendant's Exhibits Admitted on (DATE)."  This list will be marked as Plaintiff's / Defendant's Exhibit List 1.

   (2)  On the second day of trial and daily thereafter, parties shall offer any additional exhibits not objected to by opposing party and tender to the Court a list of said exhibits.  This list should be entitled "Plaintiff's / Defendant's Exhibits Admitted on (DATE)," and will be marked as Plaintiff's / Defendant's Exhibit List 2, and so on until the conclusion of trial.

   (3)  On the last day of trial, the parties shall tender to the Court three (3) copies of a cumulative list entitled, "Plaintiff's / Defendant's Final List of All Admitted Exhibits."

   (4)  ALL ADMITTED EXHIBITS WILL BECOME PART OF THE RECORD AND WILL GO TO THE JURY.

   (5)  The Court urges the parties to meet and confer on a daily basis during trial regarding admission of exhibits, so as not to delay the trial proceedings.

C.  At the conclusion of the evidentiary phase of trial, each party is to gather only those exhibits admitted during trial and tender those to the Courtroom Administrator, along with a copy of their final list of exhibits including the description of exhibits for the Jury's use.  The Courtroom Administrator shall verify the exhibits and final lists and tender them to the jury for their deliberations.

D.  At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E.  SEALED EXHIBITS:  Within three (3) days of the conclusion of trial, parties to file a Motion to Seal Trial Exhibits, if they have highly confidential exhibits.

F. SUBMISSION OF FINAL LISTS AND EXHIBITS: Within seven (7) business days of the conclusion of trial or after entry of Order regarding Motion to Seal Trial Exhibits (if any), each party shall submit to the Court (to Chambers):

(1) A hard copy of Final Exhibit List of Exhibits Admitted During Trial, listing only the exhibits admitted at trial and making a notation of any sealed exhibit. In addition parties shall provide the Court a disk containing this document in WordPerfect or Word format. For Example: Plaintiff will tender a list entitled, "Plaintiff's Final Exhibit List of Exhibits Admitted During Trial."

(2) Two (2) separate copies of all sealed trial exhibits in PDF format on disk(s) or thumb drive(s); and, two separate copies of all other trial exhibits in PDF format on disk(s) or thumb drive(s). If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph to be converted to a PDF file and shall be included in the Court's disk(s) of admitted exhibits.

(3) Two (2) separate copies of transcripts of Video Depositions played during trial, along with a copy of the actual video deposition on disk(s) or thumb drive(s).

G. FILING AND STORAGE OF EXHIBITS: After receipt of final exhibit lists and exhibits, the Courtroom Administrator shall file and docket the parties' respective lists, and the trial exhibits shall be stored in the Clerk's Office, Tyler Division. Sealed Exhibits will be stored in the Clerk's Office Vault.

H. QUESTIONS REGARDING EXHIBITS: All questions regarding exhibits, lists, and procedures shall be directed to Rosa Ferguson, Court Administrator, via email: rosa_ferguson@txed.uscourts.gov.

**So ORDERED and SIGNED this 15th day of April, 2014.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

11