UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC<br>v.<br>HTC CORPORATION, et al. | CIVIL ACTION NO. 6:13-cv-507<br>(Consolidated Lead Case) |
| CELLULAR COMMUNICATIONS EQUIPMENT LLC<br>v.<br>DELL INC. | Civil Action No. 6:13-569<br>(Consolidated Patent Case) |

**DELL INC.'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

In its Response, Plaintiff Cellular Communications Equipment LLC ("CCE") once again makes no attempt to justify its specific claims of indirect infringement directed to Dell. Instead, CCE filed a common response that lumped all of the defendants together and provided arguments on the basis of recitations that *do not appear* in the Amended Complaint asserted against Dell. CCE misstates Dell's assertions[1], and CCE continues to rely on the boilerplate language of the Amended Complaint. Because CCE has not pled sufficient facts for a claim of indirect infringement, Dell's motion to dismiss should be granted.

---

[1] For example, contrary to CCE's statement in its Response, Dell did not make any allegations that CCE violated Fed. Rule Civ. P. 15(a)(2).

### I. CCE's Knowledge Allegations are not Sufficient[2]

#### A. CCE Does Not Allege That Dell Had Presuit Knowledge of the Asserted Patents

CCE has not alleged that Dell had presuit knowledge of any of the Asserted Patents. CCE's statement in the Amended Complaint concerning Dell's alleged knowledge of the Asserted Patents is: "Dell has had knowledge of the [Asserted Patents], at least as early as service of the Original Complaint." *See* Amended Complaint at ¶¶ 19, 29, 39. In its Response, however, CCE alleges that it has sufficiently pled knowledge because of factual allegations concerning 3GPP, which is a standard setting organization. A fundamental problem with this argument is that there are ***no 3GPP allegations*** in the Amended Complaint asserted against Dell. Thus, CCE's knowledge argument with respect to Dell is based on allegations that *do not appear* in the Amended Complaint.

#### B. If Presuit Knowledge is Not Required, All Complaints Would Meet the Knowledge Requirement

CCE must show that Dell had presuit knowledge to prove indirect infringement (both induced and contributory infringement). If post-filing knowledge of a patent is sufficient, the knowledge requirement would have no meaning in the analysis, as knowledge would always exist for any defendant after the filing of any lawsuit for patent infringement. Regardless of whether pre-suit knowledge is legally required to plead indirect infringement, it is undisputed that CCE does not plead pre-suit knowledge. As a result, any claim for indirect infringement predicated on presuit knowledge must be dismissed for lack of proper pleading.

---

[2] CCE has asserted indirect infringement against Dell for U.S. Patent Nos. 6,810,019 ("the '019 patent"), 6,819,923 ("the '923 patent"), 7,215,962 ("the '962 patent"), 7,941,174 ("the '174 patent"), and 8,055,820 ("the '820 patent") (collectively, "the Asserted Patents") against Dell.

## II.     CCE Has Not Met the Pleading Requirements for Allegations of Intent

CCE makes the bare allegation "that each Defendant specifically intends for its customers to use the identified products (among others) in an infringing manner and that each Defendant 'instructs customers and end users regarding use of the [accused] devices.'"  Pl. Resp. at p. 7.  CCE now states that "Defendants package instructional materials (e.g., user guides/owner manuals) with their products and also publish those materials online" but still does not point to any specific manual or any specific instruction.  *Id*.  CCE's argument, however, is contrary to the *U.S. Ethernet* holding that bare allegations that a defendant instructed a customer on use were not enough to meet the pleading requirements for indirect infringement.  *U.S. Ethernet Innovations, LLC v. Digi Int'l Inc.*, No. 6:12-cv-366-MHS-JDL, 2013 U.S. Dist. LEXIS 114309 at *14 (E.D. Tex. Feb. 7, 2013).   Pl. Resp. at p. 7.  Even assuming that this statement is true, CCE does not and cannot allege that any Dell manual includes instructions to infringe any of the Asserted Patents.

CCE's reliance on "common sense" and *Iqbal* to supplement its pleadings is misplaced.  Pl. Resp. at p. 7.  *Iqbal* explains that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the Amended Complaint has not "show[n] . . . that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing Fed. Rule Civ. Proc. 8(a)(2)) (internal citations omitted).

Further, CCE inaccurately applies *Achates* when it argues that a "plausible inference that Defendants had knowledge of the *patents*" satisfies the knowledge requirement.  Opp. at 7 (emphasis added).  Not so — it is actually that "the knowledge requirement for inducement refers to the inducer's knowledge of the induced third party's infringing acts, not knowledge of an inducer's own inducing conduct."  *Compound Photonics, LTD v. Sony Corp.*, No. 6:11-cv-552-LED-JDL, slip op. at *8 (E.D. Tex. June 5, 2013).  *Achates* did not hold that

3

knowledge of the *patents* suffices, as opposed to the *third party's acts*; it determined that the required knowledge of the third party's acts could be inferred where the defendants' customers were sold a product containing a component that would be ineffective in achieving its purpose if a specific, infringing customer step was not mandatory.[3] *Achates Reference Publ., Inc. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, 2013 U.S. Dist. LEXIS 27143, at *10 (E.D. Tex. Jan. 10, 2013). CCE has not alleged that the accused products contain a critical component. Indeed, CCE's Amended Complaint offers no description of the alleged invention, much less a description of any particular action allegedly "instructed" by Dell and performed by Dell's customers. Here, considering the non-specific and boilerplate nature of CCE's allegations, all that the Court can possibly infer is the mere possibility that Dell has instructed its customers to infringe the Asserted Patents.

### III. CCE Has Not Met the Requirements for Pleading Contributory Infringement

Under similar facts, courts have held that "the relevant inquiry for contributory infringement is not whether the products can be used only for infringement when the defendants' instructions are followed. Instead, the Federal Circuit has stated clearly that '[f]or the purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes other than infringement.'" *U.S. Ethernet Innovations, LLC v. Netgear, Inc.*, 2013 WL 4112601 at *3 (N.D.Cal. Aug 12, 2013) (NO. 13-2262 CW) (citing *In re Bill of Lading*, 681 F.3d at 1337.). A claim for contributory infringement that "does not identify the components used in the infringing method" and does not "allege any facts adequate for the Court to find an inference that such components have no substantial non-infringing uses" must be dismissed.

---

[3] In *Achates*, the plaintiff asserted patents allegedly covering "activation" of a software product. The Court reasoned that "[i]n order to be an effective anti-piracy countermeasure, [defendant's] software products must require that the activation step be mandatory. Therefore, it is reasonable to infer that [defendant] encourages its customers to use its software products and complete the activation step." 2013 U.S. Dist. LEXIS 27143, at *10.

*InMotion Imagery Techs. v. Brain Damage Films*, 2:11-CV-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012).

CCE alleges no facts to support its contributory infringement claims. CCE states that "[t]he identified infringing products are wireless devices comprising proprietary hardware components and software instructions that work in concert to perform specific, intended functions." Pl. Resp. at p. 9. Yet, CCE does not identify any "specific, intended functions." Rather, CCE continues to make boilerplate allegations that do not support any allegation that the accused products do not have substantial non-infringing uses or that any component is material to practicing the invention and attempts to punt the requirements of contributory infringement until after discovery. *Id*. Rather, CCE again relies on *Achates* for its apparent argument that contributory infringement can be inferred from "adequate facts" stated in a complaint. *Id*. However, the facts in *Achates* differ greatly from the instant facts. The court in *Achates* could discern the "activation component" at issue in contrast to this case where CC lacks factual allegations describing any component. CCE has no basis to support its allegations of contributory infringement of the Asserted Patents by Dell and thus the Court should dismiss CCE's allegations of infringement.

IV.    **CONCLUSION**

CCE has provided no basis beyond boilerplate language for its allegations of indirect infringement. Dell respectfully requests that the Court dismiss CCE's claims of indirect infringement for failure to state a claim upon which relief may be granted.

| | |
|---|---|
| Date: May 5, 2014 | Respectfully submitted: |

          */s/ Roger Fulghum*
          Roger Fulghum
          Lead Attorney
          State Bar No. 00790724
          Tammy Pennington Rhodes
          State Bar No. 24051182
          Baker Botts LLP - Houston
          910 Louisiana Street
          One Shell Plaza
          Houston, TX 77002-4995
          (713) 229-1707
          Fax: (713) 229-2707
          Email: roger.fulghum@bakerbotts.com
          Email: tammy.pennington@bakerbotts.com

          Deron R Dacus
          State Bar No. 00790553
          The Dacus Firm, PC
          821 ESE Loop 323, Suite 430
          Tyler, TX 75701
          (903) 705-1117
          Fax: (903) 705-1117
          Email: ddacus@dacusfirm.com

          ATTORNEYS FOR DEFENDANT
          DELL INC.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 5th day of May, 2014.

                                          */s/ Tammy Pennington Rhodes*
                                          Tammy Pennington Rhodes