# Exhibit "L"

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In the Inter Partes Review of:         Trial Number: To Be Assigned

    U.S. Patent No. 7,218,923

Filed: June 8, 2004

Issued: May 15, 2007         Attorney Docket No.: L5002US0115


Title:  Control of terminal applications         Panel: To Be Assigned
       in a network environment

_____

Mail Stop Patent Board
Patent Trial and Appeal Board
P.O. Box 1450
Alexandria, VA 22313-1450


## PETITION FOR *INTER PARTES* REVIEW OF U.S. PATENT NO. 7,218,923 PURSUANT TO 35 U.S.C. §§ 311-319 AND 37 C.F.R. § 42

Attorney Docket No. L5002US0115
Petition for *Inter Partes* Review of U.S. Patent No. 7,218,923

*Inter partes* review is respectfully requested for Claims 1-5, 8-9, 24-26, 31, 33, 39, and 40 of U.S. Patent No. 7,218,923 ("the '923 Patent") (Ex. 1001).

# I.  MANDATORY NOTICES UNDER 37 C.F.R. § 42.8(a)(1)

The following mandatory notices are provided as part of this Petition.

## A.  Real Parties-In-Interest Under 37 C.F.R. § 42.8(b)(1)

The real-parties-in-interest for this Petition are NEC Corporation of America; NEC CASIO Mobile Communications, Ltd.; HTC Corporation; HTC America; ZTE (USA); Pantech Co., Ltd.; Pantech Wireless, Inc.; LG Electronics, Inc.; LG Electronics U.S.A., Inc (collectively, "Petitioner")

## B.  Related Matters Under 37 C.F.R. § 42.8(b)(2)

The '923 Patent is presently the subject of the following patent infringement lawsuits brought by, Cellular Communications Equipment LLC in the Eastern District of Texas: *Cellular Communications Equipment LLC v. HTC Corporation, et al.,* Case No. 6:13-cv-507-LED; *Cellular Communications Equipment LLC v. LG Electronics, Inc., et al.,* Case No. 6:13-cv-508-LED; *Cellular Communications Equipment LLC v. Pantech Co., Ltd., et al.,* Case No. 6:13-cv-509-LED; *Cellular Communications Equipment LLC v. Blackberry Limited, et al.,* Case No. 6:13-cv-510-LED; *Cellular Communications Equipment LLC v. ZTE Corporation, et al.,* Case No. 6:13-cv-511-LED; *Cellular Communications Equipment LLC v. Amazon.com, et al.,* Case No. 6:13-cv-568-LED; *Cellular Communications Equipment LLC v. Dell Inc.,* Case No. 6:13-cv-569-LED; *Cellular Communications*

*Equipment LLC v. NEC CASIO Mobile Communications, Ltd. et al.*, Case No. 6:13-cv-584; *Cellular Communications Equipment LLC v. Microsoft Corporation,* Case No. 6:14-cv-738-LED; and *Cellular Communications Equipment LLC v. Apple, Inc., et al.,* Case No. 6:14-cv-251-LED.

### C.    Lead and Back-Up Counsel Under 37 C.F.R. § 42.8(b)(3)

Petitioner provides the following designation of counsel.

| Lead Counsel | Back-Up Counsel |
|---|---|
| Alan A. Wright (Reg. No. 40,438)<br>H.C. Park & Associates, PLC<br>1894 Preston White Drive<br>Reston, VA 20191<br>Telephone: 703.544.9256<br>Facsimile: 703.288.5139<br>Email: awright@park-law.com | Steven B. Kelber (Reg. No. 30,073)<br>H.C. Park & Associates, PLC<br>1894 Preston White Drive<br>Reston, VA 20191<br>Telephone: 703.544.9203<br>Facsimile: 703.288.5139<br>Email: skelber@park-law.com |
| Back-Up Counsel | Back-Up Counsel |
| Robert W. Busby (Reg. No. 40,390)<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Telephone: 202.739.5970<br>Facsimile: 202.739.3001<br>Email: rbusby@morganlewis.com | John D. Zele (Reg. No. 39,887)<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Telephone: 202.739.59418<br>Facsimile: 202.739.3001<br>Email: jzele@morganlewis.com |
| Back-Up Counsel | Back-Up Counsel |
| Baldine Paul (Reg. No. 54,369)<br>William J. Barrow (Reg. No. 62,813)<br>MAYER BROWN LLP<br>Postal and Hand Delivery Address<br>1999 K Street, NW<br>Washington, DC 20006<br>Telephone: 202-263-3000<br>Facsimile: 202-263-3300<br>Email: bpaul@mayerbrown.com<br>Email: wbarrow@mayerbrown.com | Robert G. Pluta (Reg. No. 50,970)<br>Amanda K. Streff (Reg. No. 65,224)<br>MAYER BROWN LLP<br>Postal and Hand Delivery Address<br>71 S. Wacker Drive<br>Chicago, Il. 60606-4637<br>Telephone: 312-782-0600<br>Facsimile:  312-701-7711<br>Email: rpluta@mayerbrown.com<br>Email: astreff@mayerbrown.com |
| Back-Up Counsel | Back-Up Counsel |

Attorney Docket No. L5002US0115
Petition for *Inter Partes* Review of U.S. Patent No. 7,218,923

| Steven A. Moore (Reg. No. 55,462) | Richard W. Thill (Reg. No. 53,686) |
|---|---|
| PILLSBURY WINTHROP SHAW PITTMAN LLP | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| 501 W. Broadway Suite 1100 | 501 W. Broadway Suite 1100 |
| San Diego, CA 92101 | San Diego, CA 92101 |
| Telephone: 619.544.3112 | Telephone: 619.544.3124 |
| Facsimile: 619.236.1995 | Facsimile: 619.236.1995 |
| Email: steve.moore@pillsburylaw.com | Email: richard.thill@pillsburylaw.com |
|  | Email: LOEU@everttupshaw.com |

### D.     Service Information Under 37 C.F.R. § 42.8(b)(4)

Service of any documents via hand-delivery may be made at the postal mailing address of the respective lead or back-up counsel designated above with courtesy email copies to the email addresses jlee@park-law.com and park-lit@park-law.com.

## II.     PAYMENT OF FEES UNDER 37 C.F.R. § 42.103

The undersigned authorizes the Office to charge Deposit Account No. 503698 for any unpaid balance of the fee set forth in 37 C.F.R. § 42.15(a) for this Petition for *Inter Partes* Review. The undersigned further authorizes payment for any additional fees that might be due in connection with this Petition to be charged to the above-referenced Deposit Account.

## III.     SUMMARY OF THE '923 Patent

### A.     Technical Background

The technical background of the '923 Patent is directed to the **control of applications** that reside on a terminal within a network environment.

### B.     Description of the '923 Patent

3

Attorney Docket No. L5002US0115
Petition for *Inter Partes* Review of U.S. Patent No. 7,218,923

communications or data from the application. *See* ABSTRACT; 4:29

("communicates"); 4:61 ("INVITE request").

    2.    "diver[ting] a message of the messages"

This term appears in all challenged claims. The broadest reasonable interpretation of this term includes transferring at least some of the messages to a different destination than their intended destination. This construction is supported by the '923 Patent's specification, which diverts application messages to a trusted entity instead of the communication network. *See* ABSTRACT ("At least some of the messages…destined for a communication network…are diverted); 1:60-63 ("At least some of the outbound messages… are diverted**…**on their way from the application to the network."); 2:16-17 ("diverting at least one message destined…"); 2:20-22; 2:41-43.

    3.    "based on the message, control[ing]…whether the application program behaves in a predetermined manner"

This term appears in all challenged claims. The broadest reasonable interpretation of this term includes exerting control of the behavior of the application program based on a message diverted to the controlling entity. Control of whether the application program behaves includes determining an appropriate disposition of at least some of messages sent from the application program [e.g. transmitting/prohibiting transmission/modifying] in the controlling entity. In the '923 Patent's specification, messages are evaluated to determine whether they originate from approved applications and are consistent with a predetermined policy. *See* 1:63-

function, and equivalents.  *See* FIG. 4 and FIG. 9. 4:67-5:4 ("If the trusted agent allows the sending of the request, it returns the request, either as such or in a modified form, to the SIP protocol stack (step 9). The protocol stack then transmits the INVITE request to the network (step 10)."); 6:12-16 ("The authentication server then returns an authentication response to the call processing server (step 12). If the response indicates that the authentication was successful, the call processing server may then invite the other party/parties to the session (step 914).")

### D.    Table of Construed Claim Terms

The table below summarizes the proposed claim construction.

| CLAIM TERM | BROADEST REASONABLE CONSTRUCTIONS |
|---|---|
| "messages from…application program" | communications or data from application program |
| "divert[ing] a message of the messages" in claims | diverting at lease some of the messages on their way to their destination |
| "based on the message, control[ling]…whether the application program behaves in a predetermined manner" | exerting control of the behavior of the application program based on a message diverted to the controlling entity. Control of whether the application program behaves includes determining an appropriate disposition of at least some of messages sent from the application program [e.g. transmitting/prohibiting transmission/modifying] in the controlling entity. |
| "diverting means" in claims 33 and 40 | software executing the claimed diverting function, and equivalents.

Petitioners reserve the right to allege that there is inadequate structure for performing the claimed function in a forum where such a position can be asserted. |