# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § § | Civil Action No. 6:13-cv-507-JRG-KNM (lead consolidated case) JURY TRIAL DEMANDED |
| v. | § § | Judge Rodney Gilstrap |
| HTC CORPORATION, et al., | § § | |
| Defendants. | § | |

# DEFENDANTS' MOTION FOR RECONSIDERATION OF
# AND OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM
# <u>OPINION AND ORDER REGARDING CLAIM CONSTRUCTION</u>

Pursuant to Fed. R. Civ. P. 72(a) and Local Rule CV-72(b), Defendants AT&T Mobility LLC, Amazon.com, Inc., Dell Inc., Exedea, Inc., Cellco Partnership d/b/a Verizon Wireless, Sprint Solutions, Inc., Sprint Spectrum L.P., Boost Mobile, Pantech Co., Ltd., Pantech Wireless, Inc., HTC Corporation, HTC America, Inc., T-Mobile USA, T-Mobile US, Inc., LG Electronics, Inc., LG Electronics, USA., Inc., ZTE Corporation, ZTE USA, Inc., and ZTE Solutions, Inc. ("Defendants") respectfully submit their objections to Magistrate Judge Mitchell's June 1, 2015 Memorandum Opinion and Order ("Order") (Dkt. No. 413) regarding U.S. Patent Nos. 8,055,820 ("the '820 Patent"), and 7,218,923 ("the '8923 Patent").[1]

## I. THE '820 PATENT

Defendants respectfully object to the Order with respect to one claim term—"usage"—recited in Claims 1, 12, and 24 of the '820 Patent.

As set forth in Defendants' Responsive Claim Construction Brief (Dkt. No. 362), which is incorporated herein by reference, "usage" should be construed to mean "an act, way, or manner of using." The Order construes "usage" to have its "plain meaning." The parties dispute the breadth of the claim limitation that requires "monitoring *a usage* of a plurality of buffers." *See* Order at 5. Plaintiff contends that this limitation requires only "monitoring . . . a plurality of buffers." *Id.* at 4–5. Defendants, on the other hand, contend that "usage" is not superfluous and that this limitation requires monitoring the "usage" of the buffers as opposed to mere monitoring of the buffers. *Id.* at 5.

The Order's "plain meaning" construction does not resolve the parties' dispute as to the scope of this claim limitation. Where a "term has more than one 'ordinary' meaning or when reliance on a term's 'ordinary' meaning does not resolve the parties' dispute," determining that

---

[1] Each Defendant joins the brief only with respect to the claims asserted against that Defendant.

"a claim term 'needs no construction' or has the 'plain and ordinary meaning' may be inadequate." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008). Even if a term has a "well-understood definition," a court should construe the term if the parties dispute its scope. *Id.*

As the Order acknowledges, "usage" is a "broad, generic term." *See* Order at 6. In its Reply Brief, however, Plaintiff conceded that there are definitions of "usage" that "obviously have no applicability" to the claim limitation at issue. *See* Plaintiff's Reply Claim Construction Brief at 1 (Dkt. No. 369). Defendants agree. As the parties agree that the scope of "usage" (as recited in Claim 1, 12, and 24) is something less than its full potential scope, this term is ripe for construction, and should be construed so as to settle the parties' dispute as to its proper scope. Otherwise, the burden will be placed on the jury to resolve that dispute during trial.

Furthermore, Defendants respectfully submit that the Order improperly discounted the specification, which expressly distinguished the specific, claimed technique of "monitoring the usage of buffers" from the more general technique of "monitoring the buffers." *See* Order at 6 ("Irrespective of whether or how the patentee intended 'monitoring a usage of . . . buffers' to be a narrower concept than 'monitoring buffers,' the intrinsic evidence suggests that the 'fact of being used' meaning of 'usage' should not be excluded from the meaning of the term."). However, the '820 Patent makes clear that the claimed "monitoring a usage of [buffers]" is narrower in scope than merely "monitoring buffers." *See* '820 Patent at 7:58–60 ("In certain embodiments, monitoring 310 buffers ***may include*** monitoring a usage of one or more communication buffers.") (emphasis added). Any interpretation that may permit monitoring a usage of the buffers to include merely monitoring the buffers is inconsistent with the distinction the patentee chose to set forth in the specification.

## II. THE '8923 PATENT

Defendants respectfully object to the Order with respect to one claim term—"tamper resistant"—recited in Claim 26 of the '8923 Patent. As set forth in Defendants' Responsive Claim Construction Brief (Dkt. No. 362), which is incorporated herein by reference, "tamper resistant" should be construed in light of the specification to mean "resistant to being affected by a user or other parties that are beyond the control of the network operator." The Order construes "tamper resistant" to have its "plain meaning."

In construing "tamper resistant," the Order's "plain meaning" construction reads the claim language in a vacuum without taking into account the specification. As the Order acknowledged, Defendants' proposed construction is based on the specification of the '8923 Patent and that the specification of the '8923 Patent indicates that one purpose of the tamper resistant area is to prevent user or other parties that are beyond the control of the network operator from affecting the operation of the terminal. Order at 12-13. Yet, the Order found that the specification contains little guidance on the meaning of "tamper resistant." *Id*. Defendants cited multiples portions of the specification of the '8923 Patent that explain the meaning of "tamper resistant" in the context of the claims. Docket No. 362 at 14-15; *see* '8923 Patent at 1:43-47; 2:3-6; 2:58-62; 2:65-67; 5:11-12; 7:1-3. Thus, contrary to the Order's finding, the specification provides ample guidance on the meaning of "tamper resistant."

Moreover, no evidence on the record contradicts Defendants' proposed construction. To the contrary, all the embodiments described in the specification of the '8923 Patent, including those that Plaintiff cited in support of its arguments, are consistent with Defendants' proposed construction of "tamper resistant." Docket No. 362 at 15-16. The intrinsic evidence on the record leads to the conclusion that the '8923 Patent uses the phrase "tamper resistant" to mean

3

"resistant to being affected by a user or other parties that are beyond the control of the network operator."

The Order also found unclear how passages at 6:45-48 and 7:65-8:5 in the specification of the '8923 Patent—which explain that policy rules, certificates, and keys may be stored in the tamper resistant area in the manufacturing phase of the terminal—are relevant to the identities of those entities that have access to the tamper resistant area. Order at 13-14. Both passages clarify that, according to the specification of the '8923 Patent, manufacturers' access to the tamper resistant area is limited to the manufacturing phase of the terminal. Docket No. 362 at 15. Moreover, the surrounding context in the specification of the '8923 Patent explains that only network operators have access to the tamper resistant area after the terminal is manufactured. Docket No. 362 at 16; *see* '8923 Patent at 6:27-31. Both passages, when viewed in their proper larger context, confirm that the "tamper resistant" area is "resistant to being affected by a user or other parties that are beyond the control of the network operator."

## III. CONCLUSION

For these reasons, Defendants respectfully request that the Court overrule the Magistrate Judge with respect to the terms "usage" and "tamper resistant" and adopt Defendants' proposed constructions.

Dated: June 18, 2015                    Respectfully submitted,

/s/ Christopher W. Kennerly
Christopher W. Kennerly
TX Bar No. 00795077
Jeffrey G. Randall
CA Bar No. 130811
Jonas P. Herrell
CA Bar No. 279075
PAUL HASTINGS LLP
1117 S. California Ave.

Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900
chriskennerly@paulhastings.com
jeffrandall@paulhastings.com
jonasherrell@paulhastings.com

Jeffrey D. Comeau
CA Bar No. 259679
jeffreycomeau@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive
Twelfth Floor
San Diego, CA 92121-3114
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Trey Yarbrough
TX Bar No. 22133500
trey@yw-lawfirm.com
YARBROUGH WILCOX, PLLC
100 E. Ferguson St., Suite 1015
Tyler, Texas 75702
Telephone (903) 595-3111
Facsimile (903) 595-019

/s/ Melissa R. Smith
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

John C. Hueston (*Pro Hac Vice*)
Douglas J. Dixon (*Pro Hac Vice*)
HUESTON HENNIGAN LLP
620 Newport Center Dr., Suite 1300
Newport Beach, CA 92660
Telephone: (949) 226-6741
DDixon@hueston.com
JHueston@hueston.com

Alexander C.D. Giza

/s/ Jamie B. Beaber
Jamie B. Beaber (D.C. Bar No. 484186)
Kfir B. Levy (D.C. Bar No. 989212)
Michael W. Maas (D.C. Bar No. 493685)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
jbeaber@mayerbrown.com
klevy@mayerbrown.com
mmaas@mayerbrown.com

Robert G. Pluta (IL Bar No. 6278255)
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
rpluta@mayerbrown.com

CA Bar No. 212327 (Admitted E.D. Tex.)
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
agiza@hueston.com
**ATTORNEYS FOR DEFENDANTS T-MOBILE USA, INC. AND T-MOBILE US, INC.**

Michael E. Jones
State Bar No. 10929400
Allen F. Gardner
State Bar No. 24043679
POTTER MINTON P.C.
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
mikejones@potterminton.com
allengardner@potterminton.com

**ATTORNEYS FOR DEFENDANTS LG ELECTRONICS, INC. AND LG ELECTRONICS U.S.A., INC.**

/s/ Wilson Lin
Wilson Lin
H.C. PARK & ASSOCIATES, PLC
1894 Preston White Drive
Reston, VA 20191
Telephone: (703) 544-9230
Facsimile: (703) 288-5139
WLin@park-law.com

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

**ATTORNEYS FOR DEFENDANTS PANTECH CO. LTD. AND PANTECH WIRELESS, INC.**

/s/ Jennifer H. Doan
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
jdoan@haltomdoan.com
jthane@haltomdoan.com

J. David Hadden
CA Bar No. 176148 (Admitted E.D. Tex)
dhadden@fenwick.com
Saina Shamilov
CA Bar No. 215636 (Admitted E.D. Tex)
sshamilov@fenwick.com
Ravi R. Ranganath
CA Bar No. 272981 (Admitted E.D. Tex)
rranganath@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, California 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

/s/ Robert W. Weber
Robert W. Weber
Texas State Bar No. 21044800
SMITH WEBER, L.L.P.
5505 Plaza Drive -- P.O. Box 6167
Texarkana, TX 75505-6167
Telephone: 903-223-5656
Facsimile: 903-223-5652
bweber@smithweber.com

Mark McGrory (*Pro Hac Vice*)
ROUSE HENDRICKS GERMAN MAY PC
1201 Walnut, 20th Floor
Kansas City, MO 64106
Telephone: 816-471-7700
Facsimile: 816-471-2221
MarkM@rhgm.com

**ATTORNEYS FOR DEFENDANTS SPRINT SOLUTIONS, INC.; SPRINT SPECTRUM L.P.; and BOOST MOBILE, LLC**

/s/ Roger Joseph Fulghum
Roger Joseph Fulghum
(TX Bar No. 00790724)
Tammy M Pennington Rhodes
(TX Bar No. 24051182)
BAKER BOTTS LLP
910 Louisiana Street
One Shell Plaza
Houston, TX 77002-4995
Telephone: 713/229-1707
Facsimile: 713/229-2707
roger.fulghum@bakerbotts.com
tammy.pennington@bakerbotts.com


Deron R Dacus
(TX Bar No. 00790553)
T Shannon Marie Dacus
(TX Bar No. 00791004)

**ATTORNEYS FOR DEFENDANT AMAZON.COM, INC.**

/s/ Inge Larish
Inge Larish
TX State Bar No. 00796924
Steven A. Moore
California State Bar No. 232114
Nicole S. Cunningham
California State Bar No. 234390
PILLSBURY WINTHROP SHAW PITTMAN LLP
501 West Broadway, Suite 1100
San Diego, CA 92101
Telephone: 619-544-3119
Facsimile: 619-236-1995
inge.larish@pillsburylaw.com
steve.moore@pillsburylaw.com
nicole.cunningham@pillsburylaw.com

**ATTORNEYS FOR DEFENDANTS HTC CORPORATION, HTC AMERICA, INC., ZTE CORPORATION AND ZTE (USA) INC.**

/s/ Michael E. Jones
Michael E. Jones
State Bar No. 10929400
Patrick C. Clutter, IV
State Bar No. 24036374
mikejones@potterminton.com
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Charles B. Molster, III
Virginia State Bar No. 23613
Thomas M. Dunham
D.C. Bar No. 448407
Corrine M. Saylor
D.C. Bar No. 997638 (Pro Hac Vice)
cmolster@winston.com

7

THE DACUS FIRM, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Telephone: 903/705-1117
Facsimile: 9037051117
ddacus@dacusfirm.com
sdacus@dacusfirm.com

**ATTORNEYS FOR DEFENDANT DELL INC.**

tdunham@winston.com
csaylor@winston.com

WINSTON &STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Sarah J. Kalemeris
IL Bar No. 6303644
skalemeris@winston.com

WINSTON & STRAWN LLP
35 W Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

**ATTORNEYS FOR DEFENDANT
CELLCO PARTNERSHIP D/B/A/ VERIZON
WIRELESS**

8

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 18th day of June, 2015.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                */s/* Christopher W. Kennerly
                Christopher W. Kennerly