**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | |
| Plaintiff, | CIVIL ACTION NO. 6:13-cv-507 |
| v. | **CONSOLIDATED LEAD CASE** |
| HTC CORPORATION, ET AL. | |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants' Motion for Reconsideration (Doc. 426, "Motion") fails to establish "a manifest error or law or fact," or present "newly discovered evidence."   *Opti, Inc. v. Via Techs., Inc.*, C.A. 2:10-cv-00279, Doc. 374 at 11 (E.D. Tex. Aug. 29, 2014).   Because Defendants merely re-urge arguments and evidence[1] already presented to and considered by Magistrate Judge Mitchell, their Motion is unfounded and should be denied.

### A.      U.S. Patent No. 8,055,820 — "usage"

Rather than raising a genuine basis for reconsideration, Defendants insincerely claim that the Court's Order failed to resolve the parties' dispute concerning the meaning of "usage."  Doc. 426 at 1-2.  To the contrary, Judge Mitchell's Order squarely addressed and fully decided the questions presented.

Specifically, while CCE maintained that the term "usage" should receive the full scope of its ordinary meaning, Defendants sought to redefine it to exclude, among other things, "the fact of being used," despite ample intrinsic and extrinsic evidence controverting their position.  Doc. 413 (the "Order") at 4-6 ("The specification does not limit the definition of 'usage' to a particular meaning different from or narrower than the term's plain meaning.  Defendants do not dispute that certain meanings of 'usage' found in the dictionary excerpts attached to their briefing include or relate to the fact of use.").

As demonstrated in her Order, Judge Mitchell scrutinized multiple passages in the specification to correctly determine that, despite Defendants' arguments, "the intrinsic evidence suggests that the 'fact of being used' meaning of 'usage' should not be excluded from the

---

[1] Defendants' Motion purports to incorporate their entire Responsive Claim Construction Brief "by reference."  *See* Doc. 426 at 1, 3.  This effectively disregards the Court's page limit restrictions and obfuscates the arguments Defendants specifically intend to raise in their Motion. *See Saffran v. Boston Scientific Corp.*, C.A. 2-05-cv-547, n.2 (E.D. Tex. Jul. 9, 2008).  Their attempt to incorporate nineteen additional pages of briefing — without leave — should be stricken.

meaning of the term." *Id.*  She noted that "the specification links the monitoring of the usage of data to at least the determination of whether the buffers contain data or how much data is contained" within them, and that "Defendants point to nothing in the specification that supports limiting the method by which usage of a buffer…is monitored." *Id.*  Instead, "the specification suggests that the patentee has used the term 'usage' in accordance with its broad ordinary meaning in ordinary common parlance." *Id.*

Despite this clear refutation, Defendants baldly allege that some unresolved dispute lingers.  Doc. 426 at 2.  But instead of identifying it, Defendants merely point out that the parties agree there are definitions of "usage" that are inapplicable to the '820 patent. *Id.*  That is, there is no dispute that the term "usage" in the '820 patent (which relates to buffer status reporting in cellular devices) does not encompass irrelevant and inapplicable meanings of that phrase (e.g., "a particular expression in speech or writing").  *See* Doc. 369 at 1.  A construction codifying such agreement is entirely unnecessary.[2]

Finally, Defendants wrongly allege that Judge Mitchell's Order "improperly discounted the specification."  Motion at 2.  In reality, the Court addressed Defendants' argument head-on, citing multiple passages in the specification (including the only passage cited in Defendants' Motion[3]) to conclude that Defendants' dubious argument is unsupported by intrinsic evidence.  Order at 6.  Defendants' request for reconsideration is wholly without merit.

---

[2] Defendants' argument is akin to insisting that, with respect to a computer device claim, a court must construe "bus" to exclude "motorcoaches," even if all parties agree and acknowledge that the claimed "bus" refers to a computer component, not passenger vehicles.

[3] Defendants' position hinges on a single passage in which "monitoring 310 buffers" is used as a shorthand phrase (cropped to fit within a flow chart) to reference monitoring "usage" of the buffers.  *Compare* Doc. 361-1 ('820 Patent) at Fig. 7 (step 310 "monitoring buffers") *with* 7:58-60 ("monitoring 310 buffers may include monitoring a usage of one or more communication buffers").  Thus, rather than contrasting and disclaiming the latter, this passage evidences that "monitoring buffers" literally refers to monitoring "usage" of buffers.

**B.      U.S. Patent No. 7,218,923 — "tamper resistant"**

Again, Defendants' Motion simply recycles arguments already considered and rejected by the Court.  Doc. 426 at 3-4.  Judge Mitchell's Order aptly summarized the parties' positions, evaluated the intrinsic and extrinsic evidence presented, and applied settled law to resolve the parties' dispute.  Order at 11-14.

In protest, Defendants' Motion goes too far, falsely alleging that the Court "read[] the claim language in a vacuum without taking into account the specification."  Doc. 426 at 3.  Even a cursory review of the Court's Order proves the contrary.   Judge Mitchell analyzed the specification at length, expressly discussing Defendants' key passage in addition to six others.  *See* Order at 12-14.  In light of this analysis, the Court correctly concluded that none of the intrinsic statements "amount to clear lexicography or disclaimer that would require a departure from the plain meaning of the term,"[4] and the disputed term should receive its plain meaning.  *Id.* at 12-14.  The Court's rejection of Defendants' tenuous proposal rests on sound legal footing, and Defendants' claim that Judge Mitchell ignored the specification is groundless, at best.

Moreover, Defendants' meager claim that no intrinsic evidence "contradicts" their proposed construction is inapposite.  As the Court explained, their proposal fails because it is unsupported by the intrinsic record and flouts established law by "improperly restrict[ing] the claim scope to a specific feature of some preferred embodiments."  *Id.* at 13-14.  And, although immaterial in light of the other defects in their proposal, the Court correctly recognized that Defendants' arguments concerning the scope of "manufacturers' access to the tamper resistant area" were tenuous and unfounded.  Order at 14.

---

[4] Recognizing the dearth of evidence in their favor, Defendants did not squarely allege the patent or file history sets forth a lexicography or disclaimer.  *See* Doc. 426 at 3; Doc. 369 at 7; Transcript of Markman Hearing at 31:12-13 ("Now, we're not arguing that this is necessarily a definition…").

In sum, the Court already considered and rejected Defendants' arguments, and there is no basis for reconsideration.  Their Motion should be denied.

Dated:  **July 8, 2015**.                                        By:

*/s/ Edward R. Nelson III*
Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
S. Brannon Latimer
brannon@nelbum.com
Texas State Bar No. 24060137
Thomas C. Cecil
tom@nelbum.com
Texas State Bar No. 24069489
NELSON BUMGARDNER, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas  75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
claire@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of July, 2015, I electronically filed the foregoing document with the clerk of the Court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the Court's electronic case filing system.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

<u>/s/ Edward R. Nelson III</u>