IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> HTC CORP., et al., <br><br> Defendants. | CIVIL ACTION NO. 6:13-cv-507 <br><br> CONSOLIDATED LEAD CASE <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS AND MOTION TO STRIKE
DEFENDANTS' SUPPLEMENTAL INVALIDITY CONTENTIONS**

This motion serves two purposes. First, Plaintiff Cellular Communications Equipment LLC ("CCE") moves pursuant to P.R. 3-6(b) to amend infringement contentions served in this consolidated action. CCE's proposed amendments do not add new claims or patents, nor do they assert new or undefined infringement theories. *See Stambler v. Amazon.com, Inc.*, No. 2:09-cv-310, Dkt No. 485 at 7 (E.D. Tex. May 13, 2011). Rather, they make modest adjustments and clarifications in light of the developments in this case, including the Court's initial *Markman* order. Pursuant to the Court's July 9, 2015 orders (Dkt Nos. 433 and 436), CCE already sought (without opposition) and obtained leave to serve such amended contentions on Defendants AT&T and Dell. This motion concerns the remaining Defendants, who oppose it.

Second, CCE moves to strike the April 28, 2015 supplemental infringement contentions served by Sprint, T-Mobile, LG, Amazon, and Verizon, which add multiple invalidity references and theories that could have been previously asserted, but were not. Because supplementation requires leave of Court under Local Patent Rule 3-6 — and Defendants refuse to seek leave as that rule requires — their additions are improper and should be stricken.

## I. FACTUAL BACKGROUND

CCE filed original complaints in the constituent cases of this action between June 2013 and April 2014.[1] Judge Davis held a case management conference on February 26, 2014 and instituted a unique schedule intended to promote early resolution. Among other things, he ordered an early *Markman* hearing and delayed full fact discovery until after issuance of an initial *Markman* order. *See* Dkt 123. In advance of claim construction, CCE served its initial infringement contentions on March 21, 2014.

---

[1] C.A. 6:13-cv-507, 6:13-cv-508, 6:13-cv-509, and 6:13-cv-511 were filed June 25, 2013. C.A. 6:13-cv-568 and 6:13-cv-569 were filed August 2, 2013. C.A. 6:14-cv-251 was filed April 7, 2014.

In July and August 2014, numerous Defendants filed petitions for *inter partes* review against the asserted patents. CCE filed preliminary responses in October and November and, during that timeframe, the parties exchanged claim construction disclosures and submitted attendant briefing. CCE also filed an unopposed motion for leave to supplement its infringement contentions for the narrow purpose of adding newly-released products, and on November 21, 2014 Defendants served their invalidity contentions. The initial *Markman* hearing occurred on December 15, 2014.

In January 2015, as the parties awaited the initial *Markman* order, the Patent Trial and Appeals Board ("PTAB") instituted *inter partes* review of certain claims in U.S. Pat. Nos. 6,377,804, 6,810,019, 6,819,923, 7,941,174, and 7,218,923,[2] and declined review of U.S. Pat. No. 8,055,820. That same month, Defendant Apple also filed new petitions for *inter partes* review against the '9923, '174, and '820 patents.

On March 9, 2015, the Court issued the first *Markman* order addressing ten disputed terms and phrases. *See* Dkt 363. Thirty days later, CCE served amended infringement contentions pursuant to P.R. 3-6. Exh. 1. Representative amended contentions charts are included herewith as Exhibits 2 through 4. Most of CCE's amendments are directly responsive to the *Markman* order, and thus do not require leave. Nonetheless, in an effort to avoid debating the substance of its amendments, CCE informed Defendants it would seek leave of Court and asked for their agreement. *See* Exh. 1.

Defendants requested redlined versions of CCE's amended charts the next day, which were immediately provided. *See* Exhs. 2-4. Two weeks later, Defendants said they needed yet more information and requested a summary of CCE's amendments. *See* Exh. 5. CCE responded

---

[2] Review of the '8923 patent was limited to only a subset of asserted claims. The '804 and '9923 patents have since been dismissed from the litigation.

with a patent-by-patent explanation of its proposed amendments, highlighting the fact that none of the amendments added products, introduced new evidence, or fundamentally changed the infringement theories. Exh. 6.

Nearly a week passed without a response from Defendants. Then, on April 28, Defendants AT&T, Sprint, Dell, T-Mobile, LG, Amazon, and Verizon unilaterally served supplemental invalidity contentions <u>adding</u> four new invalidity charts (their new charts are included herewith as Exhibits 7-10). *See* Exh. 23 at 2, 7-9. Defendants made clear that these supplemental charts were "in addition to, not in lieu of" their previously-served contentions. Exh. 11.

On May 1, CCE objected, explaining that, while P.R. 3-6(a) provides for <u>amendments</u> without leave in certain circumstances, P.R. 3-6(b) governs <u>supplementation</u>, which requires leave of Court. Exh. 12. Defendants responded that the distinction between "amending" and "supplementing" is not "meaningful" — disregarding the plain language of P.R. 3-6 and insisting that leave of Court was unnecessary. *See* Exh. 13.

On May 5, Defendants informed CCE that "a number of defendants are still discussing the [CCE amended contentions] issue internally" and expressed some reservation about language addressing the doctrine of equivalents. *See* Exh. 14. In turn, CCE proposed that, if Defendants would not oppose CCE's motion for leave to amend its infringement contentions, CCE would not oppose a motion for leave by Defendants to supplement their invalidity contentions and/or amend their preliminary elections of asserted prior art. *See* Exh. 15.

A week later, after prodding from CCE, Defendants stated that they were still considering CCE's proposal and would provide a response the following week. Exh. 16. Another two weeks passed without a response, and CCE inquired yet again. Exh. 17. Finally, on June 3, Defendants

stated that "a number" of them "continue to be uncomfortable with the boilerplate DoE arguments and other additions to CCE's amended infringement contentions," and that Amazon, Apple, HTC, T-Mobile, Verizon, ZTE, and Sprint would therefore oppose CCE's proposed motion for leave, while "other defendants may still be considering the issue." Exhs. 18-19. But other than "discomfort" with CCE's equivalents language, Defendants' communication identified no substantive objection to CCE's proposed amendments, despite having evaluated them for nearly two months.

CCE subsequently negotiated separate, identical agreements with Defendants AT&T and Dell to make mutual, unopposed modifications to contentions. Exhs. 20-21. Specifically, the parties agreed that CCE would file unopposed motions to amend infringement contentions (as previously served), and AT&T and Dell would file unopposed motions for leave to supplement invalidity contentions and amend elections of prior art (as previously served). *Id*. The motions were filed between June 12 and June 19. *See* Dkt Nos. 418, 419, 423, and 424. As part of the agreements, AT&T and Dell had insisted that CCE wait to file the instant, opposed motion until after the Court's entry of orders granting leave. *See* Exhs. 20-21. Such orders were entered late last week. Dkt Nos. 433-436.

## II. LEGAL STANDARDS

### A. Infringement Contentions

A plaintiff may amend infringement contentions without leave of Court within thirty days after a claim construction ruing, if it believes in good faith that the ruling so requires. P.R. 3-6(a)(1). Additionally, it may amend or supplement infringement contentions with leave of Court upon a showing of good cause. P.R. 3-6(b). The Court has broad discretion to grant motions to amend and considers the following factors in ruling on such motions: (1) diligence on the part of

5

the movant; (2) the importance of the thing that would be excluded if leave to amend was not granted; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Arbitron, Inc. v. Int'l Demographics Inc.*, No. 2:06-CV-434, 2009 U.S. Dist. LEXIS 3191, at *3-4 (E.D. Tex. Jan. 16, 2009).

### B. Invalidity Contentions

Amendment or supplementation of invalidity contentions is governed by P.R. 3-6. In limited circumstances, <u>amendment</u> of invalidity contentions is permitted as of right. P.R. 3-6(a) (emphasis added); *Innovative Display Techs LLC v. Acer Inc., et al.*, No. 2:13-cv-522, Dkt 71 at 1 (E.D. Tex. Jun. 19, 2014). Otherwise, "amendment or <u>supplementation</u> … may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b) (emphasis added).

## III. ARGUMENT

### A. Good cause exists for permitting CCE's requested amendments.

**Diligence.** The Court entered its initial claim construction order on March 9, 2015, and CCE timely served amended contentions on April 8, 2015. *See* Dkt No. 363; Exh. 1. Representative charts are included herewith as Exhibits 2 through 4, with CCE's proposed changes shown in redline. The nature of the amendments was specifically summarized in CCE's April 23 email to Defendants as follows:[3]

> '174 Patent: CCE's edits highlight a few additional portions of previously-identified Technical Specifications related to the "maintaining" element and indefiniteness arguments addressed in the Court's order. CCE also noted particular claim elements to which the doctrine of equivalents may be applicable.
>
> '820 Patent: CCE's edits applicable to the "wherein" clause of the asserted claims are clarifying in nature and specifically call out language in the Technical Specification already identified in CCE's contentions. Edits applicable to claim 6

---

[3] The '019 and '9923 patents are no longer at issue in this case and are, thus, not discussed here.

> (and analogous claims) are likewise clarifying and call attention to a specific portion of the Technical Specification already quoted in the contentions. Edits applicable to claim 12 add language in light of the Court's ruling that "the designating unit" is a means-plus-function element. CCE also noted particular claim elements to which the doctrine of equivalents may be applicable.
>
> '8923 Patent: CCE noted particular claim elements disputed during claim construction to which the doctrine of equivalents may be applicable.

*See* Exh. 6.

CCE maintains — and Defendants have not disputed — that its substantive amendments applicable to the '174 and '8923 patents, and the majority of its amendments regarding the '820 patent, are proper without leave pursuant to P.R. 3-6(a)(1). *See id*. Accordingly, the lion's share of CCE's amendments are proper and do not depend on this motion.

Regardless, all of CCE's amendments were diligently disclosed. Over the course of multiple claim construction and *inter partes* review proceedings, the issues in this case have continued to evolve and crystalize. Upon receiving the Court's claim construction order this past March, CCE comprehensively reviewed its contentions and identified a handful of instances in which clarifying amendments were appropriate. In good faith, CCE promptly disclosed its proposed amendments and its intention to seek leave.[4] Defendants have not challenged the timeliness of any of these amendments, or CCE's diligence in disclosing them. *See* Exh. 18. Such evidences good cause.

**Importance.** Although CCE's amendments are modest (introducing no new theories or products), they are significant because they clarify CCE's infringement allegations in advance of discovery, which has not yet begun in earnest (as discussed further below). Now that CCE has disclosed these amendments, it is important that they be entered so as to preempt assertions of

---

[4] In contrast, Defendants served multiple new invalidity charts under the guise of "amending" under P.R. 3-6(a)(2), and have refused to acknowledge that leave is required for such supplementation.

waiver, or exaggerated claims of prejudice, by Defendants. Further, CCE's amendments have already been served and accepted by AT&T (a Defendant in five of the seven constituent cases to this consolidated matter[5]) and Dell (one of the two cases in which AT&T is not a Defendant). Thus, in six of the seven cases at issue, CCE's amended contentions are properly asserted. The present Motion is important to ensure that CCE is permitted to present a single, unified infringement theory at trial, and foreclose procedural gamesmanship seeking to exploit any alleged differences among CCE's infringement contentions charts.

**Prejudice.** Defendants will not be prejudiced by CCE's proposed amendments. Despite its 2013 filing date, this cases remains its early stages. Indeed, no discovery (other than limited document production) has occurred; Defendants have not produced any witnesses for deposition, no written discovery has been served or answered, and no source code has been produced or reviewed. Indeed, the parties are still negotiating terms of an amended discovery order, and they have agreed to stay significant discovery pending a decision from the Patent Trial and Appeal Board on Apple's petition for *inter partes* review of U.S. Pat. No. 8,055,820 (expected in July 2015). In light of the stage of this case, Defendants cannot credibly claim prejudice by CCE's modest amendments.

Moreover, as noted above, CCE's amendments do not add products or new infringement theories, but merely clarify what it has alleged from the beginning. There is no element of surprise. For instance, CCE's addition to the "wherein" element of claim 1 of the '820 patent states simply:

> Additionally, **as explained above** for "Regular BSRs" and "Periodic BSRs," if more than one LGC has data available for transmission and bandwidth is

---

[5] Specifically, AT&T is a Defendant in Case Nos. 6:13-cv-507, 6:13-cv-508, 6:13-cv-509, 6:13-cv-511, and 6:14-cv-251.

> available, the long BSR format is used. In such instances, the Long BSR has priority over other data, including user data.

*See*, *e.g*., Exh. 3 at 9 (emphasis added). This amendment draws attention to a portion of § 5.4.5 of 3GPP TS 36.321 (an LTE technical specification) that was, from the beginning, cited and discussed with respect to earlier elements of the subject claim (namely, the "detecting" and "designating" claim elements). It adds nothing new.

Similarly, CCE's amendments to the '174 patent highlight particular aspects of the evidence cited and discussed in its original charts. For instance, CCE's original contentions identified and discussed § 5.1.2.6 of 3GPP TS 25.214 (a UMTS technical specification), specifically referencing pages 33-34 of that document. *See* Exh. 2 at 4, n.9. CCE's amendments highlight language found in that same section of the identified technical specification, but located on a preceding page. *Id*. at 6. Again, it asserts no new evidence.

Nor are CCE's allegations under the doctrine of equivalents new or prejudicial. CCE's original infringement contentions expressly alleged that any claim element or step not literally present in the accused products is satisfied under the doctrine of equivalents "because any difference between such claim element or step and the accused element or step are insubstantial. In other words, the accused element or step performs substantially the same function, in substantially the same way, to achieve substantially the same result." Exh. 22 at 2. Defendants never objected to these allegations.

CCE's amendments simply tie these allegations to particular claim elements. Defendants now complain this language is "boilerplate," apparently ignoring the fact that CCE has yet to take any depositions, obtain written discovery, or conduct source code review. CCE's equivalents allegations are necessarily open-ended at this juncture, and the fact that CCE now

ties DoE positions to particular claim elements only makes the charting more specific and helpful.

**Availability of Continuance**. In light of the agreed stay of discovery and current case status, a continuance is not necessary at this time.

Accordingly, CCE submits that good cause exists for its proposed amendments and respectfully requests that the Court grant it leave.

### B. Defendants' supplemental infringement contentions require leave of Court.

On April 28, under the guise of "amending" contentions pursuant to P.R. 3-6(a)(2), Defendants AT&T, Dell, Sprint, T-Mobile, LG, Amazon, and Verizon served supplemental infringement contentions asserting four entirely new infringement theories and claim charts. *See* Exh. 23 at 2, 7-9; Exhs. 7-10. Indeed, Defendants specifically explained that these theories and charts "were a supplement to [their] invalidity contentions, not a replacement." Exh. 11.

P.R. 3-6 expressly distinguishes between amendments and supplements. While P.R. 3-6(a) provides for amendments without leave in certain circumstances, supplementation always requires leave of Court, as specified in P.R. 3-6(b).

Although AT&T and Dell ultimately agreed to seek leave for their amendments (*see* Dkt 419 and 423), Sprint, T-Mobile, LG, Amazon, and Verizon simply ignore that distinction. Their disregard for the plain language of the rules is unfounded and improper.[6] Supplementation is not permitted without leave of Court, and the new theories and charts submitted by Sprint, T-Mobile, LG, Amazon, and Verizon (set forth in Exhibits 7-10 and 23) should be stricken.

---

[6] Their supplementation also contravenes the Preliminary Election of Prior Art served by each Defendant on April 6, 2015.

Dated: July 13, 2015
Respectfully submitted,

*/s/ Edward R. Nelson III*
Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
S. Brannon Latimer
brannon@nelbum.com
Texas State Bar No. 24060137
Thomas C. Cecil
tom@nelbum.com
Texas State Bar No. 24069489
NELSON BUMGARDNER, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax: (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas 75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
claire@wsfirm.com

**ATTORNEYS FOR PLAINTIFF CELLULAR COMMUNICATIONS EQUIPMENT LLC**

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule CV-7(h), the undersigned certifies that between April 8 and July 10, 2015, counsel for CCE conferred with counsel for Defendants, and Defendants (not including AT&T and Dell) oppose the relief requested herein.

*/s/ Edward R. Nelson III*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on all parties of record on July 13, 2015 via the Court's CM/ECF system.

*/s/ Edward R. Nelson III*