**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>       Plaintiff,<br><br>v.<br><br>HTC CORP., et al.,<br><br>       Defendants. | Civil Action No. 6:13-cv-507<br><br>CONSOLIDATED LEAD CASE<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS AND MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL INVALIDITY CONTENTIONS (ECF NO. 437)[1]**

---

[1] This Opposition only addresses CCE's Second Supplemental Disclosure of Asserted Claims and Infringement Contentions ("Second Supplemental Infringement Contentions"), as directed to defendants Apple Inc. ("Apple"); Cellco Partnership d/b/a Verizon Wireless ("Verizon"); Sprint Solutions, Inc., Sprint Spectrum L.P., and Boost Mobile, LLC (collectively, "Sprint"); and T-Mobile USA, Inc. and T-Mobile US, Inc. (collectively, "T-Mobile"), in Civil Action No. 6:14-cv-251.

CCE's proposed supplementation of infringement contentions against Apple are different from those against defendants LG Electronics, Inc. and LG Electronics USA, Inc. (collectively, "LG"); HTC Corporation and HTC America, Inc. (collectively, "HTC"); ZTE (USA) Inc. ("ZTE"); Amazon.com, Inc. ("Amazon"); and Pantech Co., Ltd. and Pantech Wireless, Inc. (collectively, "Pantech").  Moreover, CCE's motion to strike certain defendants' supplemental invalidity contentions is not directed to Apple.  Consequently, this Opposition does not address the proposed supplementations to infringement and invalidity contentions that are inapplicable to Apple.  Defendants LG, HTC, ZTE, Amazon, Pantech, Verizon, Sprint, and T-Mobile separately filed an opposition addressing issues specific to the infringement and invalidity contentions in their respective cases.

## I. INTRODUCTION

In its Second Supplemental Infringement Contentions, Plaintiff Cellular Communications Equipment LLC ("CCE") attempts to add element-level boilerplate language regarding the doctrine of equivalents in its claim charts for U.S. Patent Nos. 7,941,174 (the "'174 Patent") and 8,055,820 (the "'820 Patent"). CCE purports to amend its infringement contentions under Patent Local Rules 3-6(a)(1) and 3-6(b), but neither is appropriate as this placeholder language fails to adequately place Defendants Apple, Verizon, Sprint, and T-Mobile (collectively, the "Defendants") on notice of the substance of CCE's arguments. The Court should not allow CCE to skirt the Local Rules through the use of placeholders in its contentions.

## II. RELEVANT FACTUAL BACKGROUND

CCE filed its original complaint on April 7, 2014. On July 29, 2014, CCE served its Disclosure of Asserted Claims and Infringement Contentions ("Original Infringement Contentions") to Defendants, which included a placeholder—boilerplate language indicating that CCE *may* at some point rely on doctrine of equivalents for each and every element of each and every alleged claim of each and every asserted patent:

> Based on its current understanding of the claim language and publicly-available information pertaining to the Accused Products, and without notice of any non-infringement position from Defendants, Plaintiff asserts that Defendants literally infringe each element or step of the asserted claims. ***However, any claim element or step not literally present in or performed by the Accused Products is satisfied under the doctrine of equivalents because any difference between such claim element or step and the accused element or step are insubstantial. In other words, the accused element or step performs substantially the same function, in substantially the same way, to achieve substantially the same result.***
>
> As discovery has not yet begun, the parties have not exchanged potentially disputed claim elements, and the Court has not construed certain claim terms, ***it is not yet clear whether Plaintiff will rely on the doctrine of equivalents***. Accordingly, Plaintiff reserves the right, in response to discovery, Defendants' P.R. 3-4 production, or as permitted under the Patent Rules, to amend its infringement contentions as necessary.

1

(*See, e.g.*, Ex. A at 2–3 (emphasis added).) However, CCE included no specific contentions of infringement under the doctrine of equivalents. In fact, in each of its claim charts, CCE simply indicated that it *may* have a doctrine of equivalents theory in the future:

> Plaintiff expects that these contentions may be subject to supplementation and/or amendment after further discovery and disclosure of Defendant's non-infringement positions in order to focus the issues in this case. For example, ***Plaintiff may supplement these contentions*** in response to information learned during discovery to rebut allegations of non-infringement under the doctrine of equivalents.

(*See, e.g.*, Exs. B at 1, C at 1 (emphasis added).) On October 20, 2014, CCE served its First Supplemental Disclosure of Asserted Claims and Infringement Contentions. Again, CCE included the same language regarding the doctrine of equivalents and no element-specific contentions.

On March 9, 2015, the Court issued its first *Markman* order, construing terms of five asserted patents, including the '174 and '820 Patents. (ECF No. 363.) For all but one of the disputed terms of the '174 and '820 Patents, the Court adopted CCE's proposed constructions.

A month later, on April 8, 2015, CCE served its Second Supplemental Infringement Contentions. In those contentions, CCE introduced for the first time placeholder language seeking to reserve the right to introduce a doctrine of equivalents theory specific to ten separate claim elements for the '174 and '820 Patents. In particular, CCE added the following boilerplate language within its analysis of limitations of claims 1, 9, and 18 of the '174 Patent, and in claims 1, 6, 10, 12, 17, 21, and 24 of the '820 Patent:

> Alternatively, CCE contends that this claim element is met under the doctrine of equivalents because above-described features of the Accused Products perform substantially the same function recited in this element, in substantially the same way to achieve substantially the same result. Any alleged differences between the above-described features and the recited element are insubstantial and immaterial to infringement.

(*See, e.g.*, Exs. E at 5–6, 10–11, 15–16, F at 10, 13, 16–17, 25, 27, 30, 41.)

On July 13, 2015, CCE filed the present Motion seeking leave to amend its infringement contentions it served on defendants Apple, HTC, ZTE, LG, Amazon, Pantech, Sprint, T-Mobile, and Verizon and seeking to strike amended invalidity contentions served by defendants LG, Amazon, Sprint, T-Mobile, and Verizon. Defendants oppose CCE's proposed supplementation to its infringement contentions because CCE's boilerplate language merely recites the doctrine of equivalents and does not provide sufficient notice to Defendants of the arguments CCE intends to put forward regarding the doctrine of equivalents.

### III. CCE HAS NO BASIS TO AMEND UNDER P.R. 3-6(a)(1)

Patent Local Rule 3-6(a)(1) allows a plaintiff to amend its infringement contentions within thirty days after a claim construction ruling if it believes in good faith that the ruling so requires. By its own admission, CCE concedes that not all of its modifications are responsive to the Court's *Markman* ruling. (Mot. at 3 ("*Most* of CCE's amendments are directly responsive to the *Markman* order, and thus do not require leave.") (emphasis added).) CCE's insertion of placeholders for its future doctrine of equivalents contentions is in no way prompted by the Court's *Markman* ruling.

CCE cannot claim that it did not anticipate the Court's constructions, when it was CCE itself that sought those rulings. In its Second Supplemental Infringement Contentions, CCE now inserts placeholder doctrine of equivalents language for claim elements in claims 1, 9, and 18 of the '174 Patent and claims 1, 12, and 24 of the '820 Patent. But the Court adopted CCE's position as to all but one of the disputed terms in those claims.[2] In such a circumstance, CCE

---

[2] With respect to the "the designating unit" means-plus-function element in claim 12 of the '820 Patent, the parties agreed as to the function of "designating unit" and disputed the corresponding structure. (ECF No. 363 at 28.) The Court rejected the defendants' argument that element was indefinite for failing to disclose any corresponding structure and declined to adopt verbatim CCE's proposed structure. (ECF No. 363 at 30–31.) Instead, the Court construed the structure of "the designating unit" element more broadly than CCE's proposed construction while pointing to

cannot claim that it was surprised by the Court's constructions. *See Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007) ("[P.R. 3-6(a)(1)] is intended to allow a party to respond to an unexpected claim construction by the court. This does not mean that after every claim construction order, new infringement contentions may be filed. That would destroy the effectiveness of the local rules in balancing the discovery rights and responsibilities of the parties."). Moreover, CCE seeks to insert placeholder doctrine of equivalents language for claim elements in claims 6, 10, 17, and 21 of the '820 Patent. No terms in these claims were ever at issue during claim construction. Accordingly, CCE cannot have a good faith belief that the Court's *Markman* ruling requires new disclosures for these claims under Patent Local Rule 3-6(a)(1). *See, e.g.*, *Saffran v. Boston Sci. Corp.*, No. 2:05-cv-547 (TJW), at 5 (E.D. Tex. Jan 28, 2008) ("The court emphasizes that the amending party must believe *in good faith* that the court's claim construction requires the amendment.").

**IV. CCE FAILS TO SHOW GOOD CAUSE FOR ITS SUPPLEMENTAL DOCTRINE OF EQUIVALENTS CONTENTIONS**

CCE also argues that its doctrine of equivalents amendments are permissible under Patent Local Rule 3-6(b), which allows a party to supplement its infringement contentions "only by order of the Court, which shall be entered only upon a showing of good cause." Patent L.R. 3-6(b). This Court considers four factors to determine whether good cause exists as to each proposed amendment: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) the potential prejudice if the Court allows the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Arbitron, Inc. v. Int'l Demographics, Inc.*, No. 2:06-cv-434 (TJW), 2009 WL 166555, at *1 (E.D.

---

the same algorithms set forth in the '820 Patent that CCE identified. (*Id.*) However, nothing in the Court's construction of the corresponding structure gives CCE basis for the proposed amendment.

Tex. 2009) (citing *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir.2003)). Courts in this district also require the movant to show diligence to satisfy the good cause standard for amending infringement contentions. *See, e.g.*, *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 WL 2590101, at *4 (E.D. Tex. 2009); *see also O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Because CCE's new doctrine of equivalents placeholders are not contentions at all, CCE fails to show good cause to amend under Rule 3-6(b).

    1.  <u>CCE's Lack of Explanation and Diligence</u>

  CCE provides no explanation for its addition of element-specific placeholders, nor has it shown any diligence in putting Defendants on notice as to the nature of its unidentified infringement theories under the doctrine of equivalents. In fact, in its only discussion of its newly added doctrine of equivalents language, CCE states that it means to tie its "open-ended" doctrine of equivalent allegations "to particular claim elements" to be "more specific and helpful." (*See* Mot. at 9.) But both CCE's old and new contentions wholly lack the specificity required to put Defendants sufficiently on notice of a doctrine of equivalents theory. *See, e.g.*, *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) (noting that infringement contentions must provide "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves.") (citing *Connectel, LLC v. Cisco Systems, Inc.*, 391 F.Supp.2d 526, 527–28 (E.D. Tex. 2005); *see also CSR Tech. Inc. v. Freescale Semiconductor*, No. 12-cv-02619 RS JSC, 2013 WL 503077, at *9 (N.D. Cal. Feb. 8, 2013) (rejecting boilerplate doctrine of equivalents language under a substantially identical local rule); *Implicit Networks Inc. v. Hewlett–Packard Co.*, No. 10-cv-3746 SI, 2011 WL 3954809 *3 (N.D. Cal. Sept. 7, 2011) ("The Court agrees that Implicit cannot simply recite the doctrine of

equivalents in its cover pleading to its claim charts without providing specific analysis, on an element-by-element basis, as to its theory of why there is infringement under the doctrine of equivalents.")

Moreover, CCE's Second Supplemental Infringement Contentions contain the same placeholder language in its Original Infringement Contentions indicating that CCE *may* at some point rely on doctrine of equivalents for every claim element. (*See, e.g.*, Exs. D at 2–3, E at 1, F at 1.) CCE's attempt to "tie these allegations to particular claim elements" while simultaneously claiming infringement under the doctrine of equivalents for every claim element would effectively make CCE's infringement contentions a moving target. Accordingly, CCE fails to demonstrate any good cause, or any substantive basis at all, for including these additional contentions.

### 2. Importance of CCE's Doctrine of Equivalents Placeholders

CCE's argument regarding its ability to "present a single, unified infringement theory" is unavailing. That CCE was able to negotiate an agreement with Dell Inc. and AT&T Mobility LLC does not minimize the importance of potential claims of infringement under the doctrine of equivalents, nor does it overcome the deficiencies in such boilerplate language. In any event, the alleged importance of having consistency across all cases does not outweigh the potential prejudice to the remaining defendants.

### 3. Potential Prejudice If the Court Allows CCE's Placeholders

As currently written, CCE's placeholder language provides insufficient notice to Defendants and serves no functional purpose. To the extent CCE is permitted to raise a doctrine of equivalents theory with no specificity or factual underpinnings, Defendants may be left to respond to doctrine equivalents theories that are substantiated for the first time in expert reports, after discovery has closed. Holding that CCE's placeholders are sufficient to assert doctrine of

equivalents theories would leave Defendants completely vulnerable to the type of unfair surprise that the Local Rules intend to prevent.

        4.        <u>Availability of a Continuance</u>

It is unclear at this stage whether a continuance is necessary. This factor is neutral at best.

Because CCE's new element-specific placeholders fail to sufficiently put Defendants on notice as to the substance of CCE's infringement theory, the factors overwhelmingly weigh against proper supplementation. Accordingly, CCE has failed to show good cause to supplement with respect to its doctrine of equivalents language.

**V.**        **CONCLUSION**

CCE has not and cannot show that either this Court's *Markman* order or good cause entitles it to add placeholder language relating to the doctrine of equivalents to its infringement contentions. Accordingly, Defendants respectfully requests that this Court deny CCE's request to amend its infringement contentions to Defendants.

DATED: July 30, 2015

Respectfully submitted,

/s/ Mark C. Scarsi
Mark C. Scarsi (*admitted Pro Hac Vice*)
Miguel Ruiz (*admitted Pro Hac Vice*)
Ashlee N. Lin (*admitted Pro Hac Vice*)
Michael Sheen (*admitted Pro Hac Vice*)
MILBANK, TWEED, HADLEY & MCCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017-5735
Telephone: (213) 892-4000
Facsimile: (213) 629-5063
mscarsi@mibank.com
mruiz@milbank.com
ashlee.lin@milbank.com
msheen@milbank.com

Thomas C. Mavrakakis (Bar No. 00791209)
Brian C. Kwok (*admitted Pro Hac Vice*)
Christopher R. Lubeck (*admitted Pro Hac Vice*)
MAVRAKAKIS LAW GROUP LLP
One Palo Alto Square, 2nd Floor
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 804-7800
Facsimile: (650) 852-9224
mav@mavllp.com
bkwok@mavllp.com
clubeck@mavllp.com

Howard E. Levin (*admitted Pro Hac Vice*)
MAVRAKAKIS LAW GROUP LLP
180 N. LaSalle Street, Suite 2215
Chicago, IL 60601
Telephone: (312) 216-1620
Facsimile: (312) 216-1621
hlevin@mavllp.com

Eric H. Findlay (Bar No. 00789886)
efindlay@findlaycraft.com
FINDLAY CRAFT PC
102 N. College Avenue, Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

**ATTORNEYS FOR DEFENDANT APPLE INC.**

/s/ Michael E. Jones
Michael E. Jones
State Bar No. 10929400
Patrick C. Clutter, IV
State Bar No. 24036374
mikejones@potterminton.com
patrickclutter@potterminton.com
Potter Minton, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Charles B. Molster, III
Virginia State Bar No. 23613
Thomas M. Dunham
D.C. Bar No. 448407
Corrine M. Saylor
D.C. Bar No. 997638 (Application for Admission
Pro Hac Vice Pending)
cmolster@winston.com
tdunham@winston.com
csaylor@winston.com
WINSTON &STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5000
Fax: (202) 282-5100

Sarah J. Kalemeris
IL Bar No. 6303644
skalemeris@winston.com
WINSTON & STRAWN LLP
35 W Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 55 8-5700

**ATTORNEYS FOR VERIZON COMMUNICATIONS INC. AND CELLCO PARTNERSHIP D/B/A/ VERIZON WIRELESS**

/s/ Robert W. Weber
Robert W. Weber
SMITH WEBER, L.L.P.
Texas State Bar No. 21044800
5505 Plaza Drive
P.O. Box 6167
Texarkana, TX 75505-6167
Tele: (903) 223-5656
Fax: (903) 223-5652
Email: bweber@smithweber.com

Mark W. McGrory (*pro hac vice*)
Megan J. Redmond
Carrie A. Bader
Erise IP, P.A.
6201 College Blvd, Ste 300
Overland Park, KS 66211
(913) 777-5600
(913) 777-5601 - fax
mark.mcgrory@eriseip.com
megan.redmond@erisip.com
carrie.bader@eriseip.com

**ATTORNEYS FOR DEFENDANTS SPRINT SOLUTIONS, INC., SPRINT SPECTRUM L.P., AND BOOST MOBILE, LLC**

9

/s/ Melissa R. Smith
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

John C. Hueston (*Pro Hac Vice*)
Douglas J. Dixon (*Pro Hac Vice*)
HUESTON HENNIGAN LLP
620 Newport Center Dr., Suite 1300
Newport Beach, CA 92660
Telephone: (949) 226-6741
DDixon@hueston.com
JHueston@hueston.com

Alexander C.D. Giza
CA Bar No. 212327 (Admitted E.D. Tex.)
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
agiza@hueston.com

**ATTORNEYS FOR DEFENDANTS T-MOBILE USA, INC. AND T-MOBILE US, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 30th day of July, 2015 per Local Rule CV-5(a)(3).

                                                        */s/* Mike Sheen
                                                            Mike Sheen