Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:14-cv-251 **JURY TRIAL DEMANDED** |
| v. | § § | |
| APPLE INC., ET AL., | § § | |
| Defendants. | § § § | |

**PLAINTIFF'S SECOND SUPPLEMENTAL DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

Pursuant to P.R. 3-1 and the Order issued by this Court in the lead case 6:13-cv-507 on October 16, 2014 (Dkt. No. 269), Plaintiff Cellular Communications Equipment LLC submits this disclosure of asserted claims and infringement contentions to Defendants Apple Inc., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Sprint Solutions, Inc., Sprint Spectrum L.P., Boost Mobile, LLC, T-Mobile USA, Inc., and T-Mobile US, Inc. (hereinafter "Apple" or "Defendants").

**I.     P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions**

(a)     Defendants infringe the following claims:

1.      Claims 11 and 13 of U.S. Pat. 6,819,923;

2.      Claims 1, 6, 9, 14, 18, and 19 of U.S. Pat. 7,941,174; and

3.      Claims 1, 4, 6, 9, 10, 12, 17, 20, 21, and 24 of U.S. Pat. 8,055,820;

Defendants' infringements are both direct and indirect, as established in the claim charts attached as Exhibits A through E. Plaintiff reserves the right to augment or supplement its contentions to

identify additional claims infringed by Defendants after discovery, in response to Defendants' P.R. 3-4 production, or as permitted under the Patent Rules.

(b) Defendants' direct and indirect infringements pertain to the Accused Products identified in Exhibits A through E. Plaintiff expects that this disclosure may be subject to amendment or supplementation to identify and accuse additional products released, developed, or made available by Defendants after the date on which these contentions are served, or of which Plaintiff was not aware at the time of these contentions.

(c) Charts identifying where each element or step of the asserted claims is found within, or performed by, each Accused Product are attached as Exhibits A through E. The charts are based on publicly-available information currently accessible to Plaintiff.

(d) Based on its current understanding of the claim language and publicly-available information pertaining to the Accused Products, and without notice of any non-infringement position from Defendants, Plaintiff asserts that Defendants literally infringe each element or step of the asserted claims. However, any claim element or step not literally present in or performed by the Accused Products is satisfied under the doctrine of equivalents because any difference between such claim element or step and the accused element or step are insubstantial. In other words, the accused element or step performs substantially the same function, in substantially the same way, to achieve substantially the same result.

As discovery has not yet begun and the Court has not construed certain claim terms, it is not yet clear whether Plaintiff will rely on the doctrine of equivalents. Accordingly, Plaintiff reserves the right, in response to discovery, Defendants' P.R. 3-4 production, or as permitted under the Patent Rules, to amend its infringement contentions as necessary.

(e) The asserted claim of U.S. Pat. 6,819,923 claims priority to an earlier application filed December 16, 1998. The asserted claims of U.S. Pat. 7941,174 claim priority to an earlier

2

application filed November 11, 2004.  The asserted claims of U.S. Pat. 8,055,820 claim priority to an earlier application filed November 5, 2007.  Each patent listed in this section (e) is entitled to a priority date no later than the filing date of the earliest application to which it claims priority.

  (f) Plaintiff is not aware of any apparatus, product, device, process, method, act, or other instrumentality of its own that practices the claimed inventions.

**II. P.R. 3-2 Document Production Accompanying Disclosure**

  (a) Plaintiff does not possess any documents responsive to P.R. 3-2(a).

  (b) Other than information included in the previously produced file histories, Plaintiff does not possess any documents responsive to P.R. 3-2(b).

  (c) Documents responsive to P.R. 3-2(c) have been produced as follows:

    1. File History of U.S. Pat. No. 6,819,923 – CCE000361-CCE000568

    2. File History of U.S. Pat. No. 7,941,174 - CCE001023-CCE001233

    3. File History of U.S. Pat. No. 8,055,820 - CCE001234-CCE001462

**Dated:  April 8, 2015**                                Respectfully submitted,

/s/ Edward R. Nelson, III
Edward R. Nelson, III
ed@nelbum.com
Texas State Bar No. 00797142
S. Brannon Latimer
brannon@nelbum.com
Texas State Bar No. 24060137
Thomas C. Cecil
tom@nelbum.com
Texas State Bar No. 24069489
NELSON BUMGARDNER, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas  75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
claire@wsfirm.com

**ATTORNEYS FOR PLAINTIFF CELLULAR COMMUNICATIONS EQUIPMENT LLC**

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon counsel of record via electronic mail, pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas, on the 8th day of April, 2015.

/s/ Edward R. Nelson, III