**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> HTC CORPORATION, et al., <br><br> Defendants. | Civil Action No. 6:13-cv-00507-KNM <br><br><br> CONSOLIDATED LEAD CASE |
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., et al., <br><br> Defendants. | Civil Action No. 6:14-cv-00251-KNM <br><br><br> JURY TRIAL DEMANDED |

**DEFENDANT APPLE INC.'S AMENDED ANSWER TO PLAINTIFF'S THIRD
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Apple Inc. ("Apple") answers Plaintiff Cellular Communications Equipment

LLC's ("CCE") Third Amended Complaint ("Complaint") against Apple, AT&T Mobility LLC

("AT&T"); Cellco Partnership d/b/a Verizon Wireless ("Verizon"); Sprint Solutions, Inc., Sprint

Spectrum L.P., and Boost Mobile, LLC (collectively, "Sprint"); and T-Mobile USA, Inc. and T-

Mobile US, Inc. (collectively "T-Mobile," and together with Apple, AT&T, Verizon, and Sprint,

the "Defendants") as follows.  CCE's opening paragraph does not itself appear to contain any

allegations requiring a response.  Apple admits that CCE's pleading purports to be a complaint for

patent infringement, but denies Apple has infringed any valid and enforceable patent claim or that

1

CCE is entitled to any relief.  Apple's specific responses to the numbered allegations are set forth below.

**PARTIES**

1.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2.      Apple admits that it is a California corporation with its principal place of business in Cupertino, California.  Apple admits that it has conducted business in the State of Texas and in the Eastern District of Texas.  Apple admits that it has been served with process and has appeared in this case.

3.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

7.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

## JURISDICTION AND VENUE

10.    The allegations of paragraph 10 set forth legal conclusions to which no response is required.  Apple admits that CCE's Complaint alleges infringement under the United States patent laws.  Apple denies any remaining allegations of paragraph 10.

11.    Apple admits that this Court has subject matter jurisdiction over patent law claims. Consistent with denial of the allegations of paragraphs 16, 26, and 41 below, on information and belief, Apple is without knowledge or information sufficient to form a belief as to whether this Court has subject matter jurisdiction over CCE's patent claims in this particular case and denies any remaining allegations in this paragraph.

12.    Apple admits, for the purposes of this action only, the allegation that venue is proper in the Eastern District of Texas.  Apple denies that venue is convenient for the parties, witnesses and discovery in the Eastern District of Texas for purposes of this action.  Apple admits that it has conducted business in the Eastern District of Texas.  Apple denies any remaining allegations of paragraph 12.

13.    Apple admits that this Court has personal jurisdiction over it in this particular action, and that it has conducted business in the State of Texas and in the Eastern District of Texas. To the extent the remaining allegations of paragraph 13 are directed at Apple, Apple denies them. To the extent the allegations of paragraph 13 are directed to other entities, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

14.    Apple admits that its mobile products and related services have been marketed, sold, distributed, and used in the State of Texas and in the Eastern District of Texas.  Apple admits that it owns or operates stores in the State of Texas that sell and service its products.  Apple admits that it provides technical and customer support for its products and related services in the State of

Texas.  To the extent the remaining allegations of paragraph 14 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 14 are directed to other entities, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

**COUNT I**
(INFRINGEMENT OF U.S. PATENT NO. 6,819,923)

15.     Apple repeats and incorporates each and every response to the allegations in paragraphs 1 through 14 as if fully set forth herein.

16.     Apple admits that U.S. Patent No. 6,819,923 (the "'9923 patent") is titled "Method for Communication of Neighbor Cell Information."  Apple denies that the '9923 patent was duly and legally issued after a full and fair examination.  Apple is without knowledge or information sufficient to form a belief as to whether CCE is the sole owner of the '9923 patent and therefore denies these allegations.  Apple denies any remaining allegations of paragraph 16.

17.     Denied.

18.     Denied.  Apple further states that CCE has dismissed its claim for infringement of the '9923 patent with prejudice.  CCE is also precluded from asserting the '9923 patent because CCE has covenanted not to sue Apple with respect to the '9923 patent.

19.     Denied.  Apple further states that CCE has dismissed its claim for infringement of the '9923 patent with prejudice.  CCE is also precluded from asserting the '9923 patent because CCE has covenanted not to sue Apple with respect to the '9923 patent.

20.     Apple admits that it is, or is affiliated with, a member organization of the 3rd Generation Partnership Project.  Apple denies that it had actual notice of the '9923 patent as of April 2010.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20, and therefore denies them.  Apple further states that

4

CCE has dismissed its claim for infringement of the '9923 patent with prejudice. CCE is also precluded from asserting the '9923 patent because CCE has covenanted not to sue Apple with respect to the '9923 patent.

21. To the extent the allegations of paragraph 21 are directed at Apple, Apple denies them. Apple further states that CCE has dismissed its claim for infringement of the '9923 patent with prejudice. CCE is also precluded from asserting the '9923 patent because CCE has covenanted not to sue Apple with respect to the '9923 patent.

22. Apple admits that it tests, makes, uses, offers for sale, sells, and/or imports mobile devices for use on AT&T networks. Apple denies that it is liable for infringement of the '9923 patent. To the extent the allegations of paragraph 22 are directed to AT&T, Apple denies that its actions in connection with Apple devices infringe the '9923 patent. Apple further states that CCE has dismissed its claim for infringement of the '9923 patent with prejudice. CCE is also precluded from asserting the '9923 patent because CCE has covenanted not to sue Apple with respect to the '9923 patent.

23. Apple admits that it tests, makes, uses, offers for sale, sells, and/or imports mobile devices for use on T-Mobile networks. Apple denies that it is liable for infringement of the '9923 patent. To the extent the allegations of paragraph 23 are directed to T-Mobile, Apple denies that its actions in connection with Apple devices infringe the '9923 patent. Apple further states that CCE has dismissed its claim for infringement of the '9923 patent with prejudice. CCE is also precluded from asserting the '9923 patent because CCE has covenanted not to sue Apple with respect to the '9923 patent.

24. Denied.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 7,941,174)

25. Apple repeats and incorporates each and every response to the allegations in paragraphs 1 through 14 as if fully set forth herein.

26. Apple admits that U.S. Patent No. 7,941,174 (the "'174 patent") is titled "Packing Source Data Packets into Transporting Packets with Fragmentation." Apple denies that the '174 patent was duly and legally issued after a full and fair examination. Apple is without knowledge or information sufficient to form a belief as to whether CCE is the sole owner of the '174 patent and therefore denies these allegations. Apple denies any remaining allegations of paragraph 26.

27. Denied.

28. Apple denies that it infringes the '174 patent. To the extent the remaining allegations of paragraph 28 are directed at Apple, Apple denies them. To the extent the allegations of paragraph 28 are directed to other entities, Apple denies that their actions in connection with Apple mobile devices infringe the '174 patent.

29. Apple denies that it directly infringes the '174 patent. To the extent the remaining allegations of paragraph 29 are directed at Apple, Apple denies them. To the extent the allegations of paragraph 29 are directed to other entities, Apple denies that their actions in connection with Apple mobile devices infringe the '174 patent.

30. Apple denies that it is liable for indirect infringement of the '174 patent. To the extent the remaining allegations of paragraph 30 are directed at Apple, Apple denies them. To the extent the allegations of paragraph 30 are directed to other entities, Apple denies that their actions in connection with Apple mobile devices infringe the '174 patent.

31. Apple admits that it is, or is affiliated with, a member organization of the 3rd Generation Partnership Project. Apple is without knowledge or information sufficient to form a

belief as to whether it had actual notice of the '174 patent as of August 2010. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31, and therefore denies them.

32. To the extent the allegations of paragraph 32 are directed at Apple, Apple denies them. To the extent the allegations of paragraph 32 are directed to other entities, Apple denies that their actions in connection with Apple mobile devices infringe the '174 patent.

33. To the extent the allegations of paragraph 33 are directed at Apple, Apple denies them. To the extent the allegations of paragraph 33 are directed to other entities, Apple denies that their actions in connection with Apple mobile devices infringe the '174 patent.

34. Apple admits that its accused products include proprietary hardware components and software instructions that perform specific functions. To the extent the allegations of paragraph 34 are directed to other entities, Apple denies that their actions in connection with Apple mobile devices infringe the '174 patent. Apple denies any remaining allegations of paragraph 34.

35. Apple admits that its accused products contain a baseband processor. Apple denies all other allegations of paragraph 35.

36. To the extent the allegations of paragraph 36 are directed at Apple, Apple denies them. To the extent the allegations of paragraph 36 are directed to other entities, Apple denies that their actions in connection with Apple mobile devices infringe the '174 patent.

37. Apple admits that it tests, makes, uses, offers for sale, sells, and/or imports mobile devices that are operable on AT&T networks. Apple denies that it is liable for infringement of the '174 patent. To the extent the allegations of paragraph 37 are directed to AT&T, Apple denies that AT&T is liable for infringement of the '174 patent for offering for sale, selling, importing and/or use of Apple mobile devices.

38.     Apple admits that it tests, makes, uses, offers for sale, sells, and/or imports mobile devices that are operable on T-Mobile networks.  Apple denies that it is liable for infringement of the '174 patent.  To the extent the allegations of paragraph 38 are directed to T-Mobile, Apple denies that T-Mobile is liable for infringement of the '174 patent for offering for sale, selling, importing and/or use of Apple mobile devices.

39.     Denied.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 8,055,820)

40.     Apple repeats and incorporates each and every response to the allegations in paragraphs 1 through 14 as if fully set forth herein.

41.     Apple admits that U.S. Patent No. 8,055,820 (the "'820 patent") is titled "Apparatus, System, and Method for Designating a Buffer Status Reporting Format Based on Detected Pre-Selected Buffer Conditions."  Apple denies that the '820 patent was duly and legally issued after a full and fair examination.  Apple is without knowledge or information sufficient to form a belief as to whether CCE is the sole owner of the '820 patent and therefore denies these allegations.  Apple denies any remaining allegations of paragraph 41.

42.     Denied.

43.     Apple denies that it infringes the '820 patent.  To the extent the remaining allegations of paragraph 43 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 43 are directed to other entities, Apple denies that their actions in connection with Apple mobile devices infringe the '820 patent.

44.     Apple denies that it directly infringes the '820 patent.  To the extent the remaining allegations of paragraph 44 are directed at Apple, Apple denies them.  To the extent the allegations

of paragraph 44 are directed to other entities, Apple denies that their actions in connection with Apple mobile devices infringe the '820 patent.

45.    Apple denies that it is liable for indirect infringement of the '820 patent.  To the extent the remaining allegations of paragraph 45 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 45 are directed to other entities, denies that their actions in connection with Apple mobile devices infringe the '820 patent.

46.    Apple admits that it is, or is affiliated with, a member organization of the 3rd Generation Partnership Project.  Apple is without knowledge or information sufficient to form a belief as to whether it had actual notice of the '820 patent as of June 2009.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46, and therefore denies them.

47.    To the extent the allegations of paragraph 47 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 47 are directed to other entities, Apple denies that their actions in connection with Apple mobile devices infringe the '820 patent.

48.    To the extent the allegations of paragraph 48 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 48 are directed to other entities, Apple denies that their actions in connection with Apple mobile devices infringe the '820 patent.

49.    Apple admits that its accused products include proprietary hardware components and software instructions that perform specific functions.  To the extent the allegations of paragraph 49 are directed to other entities, Apple denies that their actions in connection with Apple mobile devices infringe the '820 patent. Apple denies any remaining allegations of paragraph 49.

50.    Apple admits that its accused products contain a baseband processor.  Apple denies all other allegations of paragraph 50.

9

51.     To the extent the allegations of paragraph 51 are directed at Apple, Apple denies them. To the extent the allegations of paragraph 51 are directed to other entities, Apple denies that their actions in connection with Apple mobile devices infringe the '820 patent.

52.     Apple admits that it tests, makes, uses, offers for sale, sells, and/or imports mobile devices that are operable on AT&T networks. Apple denies that it is liable for infringement of the '820 patent. To the extent the allegations of paragraph 52 are directed to AT&T, Apple denies that AT&T is liable for infringement of the '820 patent for offering for sale, selling, importing and/or use of Apple mobile devices. Apple denies any remaining allegations of paragraph 52.

53.     Apple admits that it tests, makes, uses, offers for sale, sells, and/or imports mobile devices that are operable on Verizon networks. Apple denies that it is liable for infringement of the '820 patent. To the extent the allegations of paragraph 53 are directed to Verizon, Apple denies that Verizon is liable for infringement of the '820 patent for offering for sale, selling, importing and/or use of Apple mobile devices. Apple denies any remaining allegations of paragraph 53.

54.     Apple admits that it tests, makes, uses, offers for sale, sells, and/or imports mobile devices that are operable on Sprint networks. Apple denies that it is liable for infringement of the '820 patent. To the extent the allegations of paragraph 54 are directed to Sprint, Apple denies that Sprint is liable for infringement of the '820 patent for offering for sale, selling, importing and/or use of Apple mobile devices. Apple denies any remaining allegations of paragraph 54.

55.     Apple admits that it tests, makes, uses, offers for sale, sells, and/or imports mobile devices that are operable on T-Mobile networks. Apple denies that it is liable for infringement of the '820 patent. To the extent the allegations of paragraph 55 are directed to T-Mobile, Apple denies that T-Mobile is liable for infringement of the '820 patent for offering for sale, selling,

importing and/or use of Apple mobile devices.  Apple denies any remaining allegations of paragraph 55.

56.    To the extent the allegations of paragraph 56 are directed at Apple, Apple denies them.  To the extent the allegations of paragraph 56 are directed to other entities, Apple denies that their actions in connection with Apple mobile devices infringe the '174 patent.

## JOINDER OF PARTIES

57.    Apple repeats and incorporates each and every response to the allegations in paragraphs 1 through 56 as if fully set forth herein.

58.    Apple admits that AT&T, Verizon, Sprint, and T-Mobile have each purchased or otherwise acquired from Apple certain mobile devices for sale, resale, and/or distribution to their customers (and other end users).  Apple denies any remaining allegations of paragraph 58.

59.    Denied.

60.    Denied.

61.    Denied.

## DEMAND FOR JURY TRIAL

This paragraph sets forth CCE's request for a jury trial to which no response is required.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by CCE to which no response is required.  Apple denies that CCE is entitled to any relief and specifically denies all the allegations and prayers for relief contained in paragraphs (a) through (f) of CCE's prayer for relief.

## DENIAL OF ANY REMAINING ALLEGATION

Except as specifically admitted herein, Apple denies any remaining allegation in CCE's Complaint.

## DEFENSES

Subject to the responses above, Apple alleges and asserts the following defenses in response to the allegations, without admitting or acknowledging that Apple bears the burden of proof as to any of them or that any must be pleaded as defenses. Apple specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE
## (No Infringement)

62.    Apple does not infringe, any valid and enforceable claim of the '174 and '820 patents, in any manner under 35 U.S.C. § 271(a), (b), (c), and/or (f), willfully or otherwise. Apple has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to CCE.

63.    Certain asserted claims of the '174 and '820 patents recite methods and require, for direct infringement, Apple to perform every recited step of every asserted claim according to the limitations described in each asserted claim. Neither Apple itself, nor any Apple employee, performs all of the required steps of the asserted method claims while using any accused product.

64.    Apple does not indirectly infringe any asserted claim and, in particular, does not induce any third party to perform all of the required steps of the asserted method claims while using any of the accused products.

65.    Apple does not supply any component that contributes to infringement of any valid claim.

**SECOND DEFENSE**
**(Invalidity)**

66.     The asserted claims of the '174 and '820 patents are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.,* including, but not limited to, one or more of the following:  35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, and 251.

67.     As a first example, the asserted claims are directed to abstract ideas, rendering them invalid under 35 U.S.C. § 101.

68.     As a second example, one or more individual prior art references discloses all limitations of the asserted claims of each of the '174 and '820 patents, rendering them invalid as anticipated under 35 U.S.C. § 102.

69.     As a third example, combinations of prior art references disclose the limitations of each of the '174 and '820 patents' asserted claims, and a person of ordinary skill in the art at the time each of the '174 and '820 patents was filed, respectively, would have been motivated to combine those prior art references to achieve the subject matter recited in each asserted claim, rendering the '174 and '820 patents' asserted claims invalid as obvious in view of the prior art under 35 U.S.C. § 103.

70.     As a fourth example, the '820 patent is invalid under 35 U.S.C. § 102 (f) because the named inventor Sebire did not himself invent the subject matter sought to be patented.  On information and belief, Sebire attended 3GPP TSG-RAN Working Group 2 meetings or teleconferences during which the standard specifications CCE alleges the claims cover were discussed and developed by representatives of different competitor companies, and he received proposals from representatives of competitor companies relating to those standard specifications. On information and belief, one or more claims of the '820 patent are invalid under 35 U.S.C. § 102 (f) because Sebire did not himself invent the subject matter of at least one claim of the '820

13

patent.  Rather, the subject matter was derived from representatives of competitor companies who provided Sebire with information that CCE alleges are covered by the claims.

71.    As a fifth example, the '820 patent is invalid under 35 U.S.C. § 102 (f) and 35 U.S.C. § 116 for failure to identify the correct inventive entity.  On information and belief, Sebire is, at best, a joint inventor of the '820 patent. On information and belief, representatives from competitor companies contributed to the conception and reduction to practice of the alleged invention of the '820 patent claims.  However, no one other than Sebire is listed as an inventor, rendering the claims of the '820 patent invalid under 35 U.S.C. § 102 (f) and 35 U.S.C. § 116 due to nonjoinder of joint inventors.

### THIRD DEFENSE
### (Unenforceability Due to Untimely Disclosure)

72.    The '174 and '820 patents are unenforceable under the doctrines of waiver, equitable estoppel, patent misuse, unclean hands, and/or other applicable equitable doctrines based on the failure by Nokia, Nokia Siemens Networks, Nokia Networks, Siemens and their predecessors-in-interest in the patents (collectively "Nokia") to timely disclose them during the standard-setting process at the European Telecommunications Standards Institute ("ETSI") and the Third Generation Partnership Project ("3GPP").  Nokia is the original assignee listed on the face of the '174 and '820 patents.  As an ETSI member participating at ETSI and 3GPP proceedings, Nokia was bound by ETSI's Intellectual Property Rights Policy.  (*See* Ex. A.)

73.    Nokia failed to timely disclose the '174 and '820 patents to ETSI in accordance with Clause 4.1 of the Policy.  Clause 4.1 requires that "each MEMBER shall use its reasonable endeavours, in particular during the development of a STANDARD or TECHNICAL SPECIFICATION where it participates, to inform ETSI of ESSENTIAL IPRs in a timely fashion. In particular, a MEMBER submitting a technical proposal for a STANDARD or TECHNICAL

14

SPECIFICATION shall, on a bona fide basis, draw the attention of ETSI to any of that MEMBER's IPR which might be ESSENTIAL if that proposal is adopted." (Ex. A. ¶ 4.1.) CCE has alleged in this case that each of the '174 and '820 patents are essential to various ETSI and 3GPP standards.

74.    Nokia failed to disclose its patent applications that resulted in the '174 and '820 patents to ETSI in accordance with Clause 4.1. Nokia did not disclose these applications and patents to ETSI until much later, after the standard was adopted, as described below:

### Failure to Timely Disclose the '174 Patent

75.    Siemens originally filed the German patent application to which the '174 patent claims priority on November 11, 2004. In May 2005, Siemens and Nokia Siemens Networks submitted technical proposals to 3GPP RAN Working Group 1 which worked on the development of 3GPP TS 25.214. However, neither Siemens nor Nokia Siemens Networks disclosed the '174 patent or any related patent to ETSI or 3GPP until August 12, 2010—nearly two years after the freeze date for release 8 of 3GPP TS 25.214, the standard CCE now alleges to infringe the '174 patent.

76.    The '174 patent is unenforceable due to Nokia's failure to disclose the '174 patent and related patent application to ETSI in accordance with its ETSI obligations.

### Failure to Timely Disclose the '820 Patent

77.    By October 2007, Nokia submitted technical proposals to 3GPP TSG-RAN Working Group 2, which worked on the development of 3GPP TS 25.321. Nokia filed the provisional patent to which the '820 patent claims priority on November 5, 2007. At least one of Nokia's proposals was discussed shortly thereafter during a TSG RAN Working Group 2 meeting on November 9, 2007. However, Nokia did not disclose the '820 patent or any related patent

application to ETSI or 3GPP until June 11, 2009 – six months after the freeze date of the 3GPP TS 36.321 and 3GPP TS 23.107 standards CCE now alleges to infringe the '820 patent.

78.    The '820 patent is unenforceable due to Nokia's failure to disclose the '820 patent and related patent applications to ETSI in accordance with its ETSI obligations.

### FOURTH DEFENSE
### (Laches, Estoppel, Unclean Hands)

79.    The claims of the '174 and '820 patents are unenforceable as asserted, in whole or in part, by laches, estoppel, and/or unclean hands.

80.    The '174 patent issued on or around May 10, 2011.  The '820 patent issued on or around November 8, 2011.  CCE did not file this lawsuit asserting infringement of the '174 and '820 patents until April 2014 even though it was aware of the accused products since the issuance of the patents.

### FIFTH DEFENSE
### (Notice, Damages, and Costs)

81.    CCE's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287.

82.    CCE is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

83.    CCE's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and CCE is not entitled to a double recovery.

### SIXTH DEFENSE
### (License, Patent Exhaustion)

84.    CCE's claims for relief are barred in whole or in part by express or implied license or patent exhaustion.

85.    CCE's claims for patent infringement are precluded in whole or in part to the extent that any allegedly infringing products, components thereof, or steps are supplied, directly or

16

indirectly, to Apple or are imported, sold by, offered for sale by, made by, or made for, or performed by any entity or entities having an express or implied license to the '174 and '820 patents.

86.    Moreover, at least CCE's claims against Apple regarding the '9923 patent are barred by a covenant not to sue.

### SEVENTH DEFENSE
### (Contractual Limitation on Damages)

87.    Both the original patent holder, Nokia, and the current patent holder, CCE, have declared the '174 and '820 patents to be essential to 3GPP and/or LTE standards and committed to license the '174 and '820 patent on fair, reasonable, and non-discriminatory ("FRAND") terms. For example, Nokia submitted a FRAND undertaking on or about June 2009 and August 2010 for the '820 and '174 patents, respectively. *See* Third Am. Compl. at ¶¶ 31, 46.  Apple denies that the '174 and '820 patents are essential to complying with 3GPP and/or LTE standards.  *See* Answer, *supra*, at ¶¶ 31, 46.  But to the extent that liability is found, CCE's claims for relief are limited by its obligations to license the '174 and '820 patents on FRAND terms.

### RESERVATION OF DEFENSES

Apple hereby reserves the right to supplement defenses as discovery proceeds in this case.

### COUNTERCLAIMS

Without waiver of any rights, Apple, for its Counterclaims against CCE and upon information and belief, states as follows:

### THE PARTIES

1.    Apple Inc. ("Apple") is a California corporation organized and existing under the laws of the State of California with its principle place of business at 1 Infinite Loop, Cupertino, California 95014.

17

2.       On information and belief, Plaintiff Cellular Communications Equipment LLC ("CCE") is a Texas limited liability company with its principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

3.       Subject to Apple's defenses and denials, including those concerning CCE's lack of standing, Apple alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

4.       CCE has consented to personal jurisdiction by commencing this action for patent infringement in this judicial jurisdiction, as set forth in CCE's Complaint.

5.       Venue is proper in the Eastern District of Texas for the purposes of this particular action, pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

6.       Apple restates and incorporates by reference the allegations in paragraphs 62 through 86 above (Defenses) as if set forth fully herein.

7.       In its Complaint, CCE asserts that Apple has infringed U.S. Patent Nos. 6,819,923 (the "'9923 patent"), 7,941,174 (the "'174 patent"), and 8,055,820 (the "'820 patent"). Apple further states that CCE has dismissed its claim for infringement of the '9923 Patent with prejudice. CCE is also precluded from asserting the '9923 Patent because CCE has covenanted not to sue Apple with respect to the '9923 Patent.

8.       The '174 and '820 patents are invalid, unenforceable, and/or are not infringed by Apple, directly or indirectly.

9.       Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '174, and '820 patents.

18

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,941,174)

10.    Apple restates and incorporates by reference its allegations in paragraphs 1 through 9 above, as if set forth fully herein.

11.    An actual case or controversy exists between Apple and CCE as to whether the '174 patent is not infringed by Apple.

12.    Apple has not infringed and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '174 patent.

13.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '174 patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,941,174)

14.    Apple restates and incorporates by reference its allegations in paragraphs 1 through 13 of its Counterclaims.

15.    An actual case or controversy exists between Apple and CCE as to whether the '174 patent is invalid.

16.    The claims of the '174 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 101, 102, 103, 112, and 132.

17.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '174 patent is invalid.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,055,820)

18.    Apple restates and incorporates by reference its allegations in paragraphs 1 through 17 above, as if set forth fully herein.

19.    An actual case or controversy exists between Apple and CCE as to whether the '820 patent is not infringed by Apple.

20.    Apple has not infringed and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '820 patent.

21.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '820 patent.

**FOURTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,055,820)**

22.    Apple restates and incorporates by reference its allegations in paragraphs 1 through 21 of its Counterclaims.

23.    An actual case or controversy exists between Apple and CCE as to whether the '820 patent is invalid.

24.    The claims of the '820 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 101, 102, 103, 112, and 132.

25.    A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '820 patent is invalid.

**FIFTH COUNTERCLAIM**
**(Declaratory Judgment of Unenforceability of U.S. Patent No. 7,941,174))**

26.    Apple restates and incorporates by reference its allegations in paragraphs 1 through 25 above, as if set forth fully herein.

27.    An actual case or controversy exists between Apple and CCE as to whether the '174 patent is unenforceable.

28.    The '174 patent is unenforceable under the doctrines of waiver, equitable estoppel, unclean hands, and/or other applicable equitable doctrines based on, among other things, the

20

failure by Nokia to comply with its disclosure obligations under ETSI's Intellectual Property Rights Policy.

29.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the unenforceability of the '174 patent.

## SIXTH COUNTERCLAIM
## (Declaratory Judgment of Unenforceability of U.S. Patent No. 8,055,820)

30.     Apple restates and incorporates by reference its allegations in paragraphs 1 through 29 above, as if set forth fully herein.

31.     An actual case or controversy exists between Apple and CCE as to whether the '820 patent is unenforceable.

32.     The '820 patent is unenforceable under the doctrines of waiver, equitable estoppel, unclean hands, and/or other applicable equitable doctrines based on, among other things, the failure by Nokia to comply with its disclosure obligations under ETSI's Intellectual Property Rights Policy.

33.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the unenforceability of the '820 patent.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for judgment as follows:

a.     A judgment dismissing CCE's Complaint against Apple with prejudice;

b.     A judgment in favor of Apple on all of its Counterclaims;

c.     A declaration that Apple has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '174 and '820 patents;

21

d.      A declaration that the '174 and '820 patents are invalid;

e.      A declaration that the '174 and '820 patents are unenforceable;

f.      An award to Apple of its fees and expenses of litigation;

g.      A judgment limiting or barring CCE's ability to enforce the '174, and '820 patents

in equity;

h       Such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38,

Apple respectfully demands a jury trial of all issues triable to a jury in this action.


DATED:  March 25, 2016                    Respectfully submitted,


By: /s/*Eric H. Findlay*
Eric H. Findlay (Bar No. 00789886)
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
102 N. College Avenue, Suite 900
Tyler, TX 75702
Telephone:  (903) 534-1100
Facsimile: (903) 534-1137

Douglas E. Lumish
Jeffrey G. Homrig
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025-1008
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
doug.lumish@lw.com
jeff.homrig@lw.com


Joseph H. Lee
LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA  92626-1925
Telephone: (714) 540-1235

22

Facsimile: (714) 755-8290
joseph.lee@lw.com

Cassius K. Sims
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY  10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
cassius.sims@lw.com


**ATTORNEYS FOR DEFENDANT APPLE INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document *via* the Court's CM/ECF system on the 25th day of March, 2016 per Local Rule CV-5(a)(3).

<u>/s/ Eric H. Findlay</u>
Eric H. Findlay