IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>   Plaintiff,<br><br>v.<br><br>HTC CORP., et al.,<br><br>   Defendants. | CIVIL ACTION NO. 6:13-cv-507<br><br>CONSOLIDATED LEAD CASE<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S EMERGENCY MOTION
TO ENFORCE LIMITS ON INVALIDITY REFERENCES
AND TO STRIKE PORTIONS OF THE ACAMPORA INVALIDITY REPORT**

The parties to this litigation agreed to be bound by the Model Order Focusing Patent Claims and Prior Art to Reduce Costs (the "Model Order"). *See*, *e.g*., Dkt No. 527 (Amended Docket Control Order). Apple served its Final Election of Asserted Prior Art pursuant to the Model Order on April 27, 2016 (the "Final Election"), the same date that it served its expert report asserting the invalidity of the '820 patent (the "Acampora Report").[1]

Apple's Final Election lists nine references, yet the Acampora Report addresses at least twenty-seven references, the last of which is an impermissible "catch-all" obviousness position that purports to allow Apple's expert to combine any reference with any other reference or with the knowledge of one of skill in the art.

Apple's tactics transparently defy the intent of the Model Order and significantly prejudice CCE. Thus, CCE moves the Court to enforce the Model Order and, accordingly, strike

---

[1] Verizon, Sprint, and T-Mobile joined in and adopted the final elections of Apple. AT&T did not join in the Acampora Report.

all portions of the Acampora Report addressing references beyond those specifically identified in Apple's Final Election.[2]

Because Apple has made clear that it will not withdraw or modify its improper allegations without Court intervention, CCE respectfully requests that the Court order such relief. Moreover, as this bears on CCE's rebuttal expert report due on May 27, 2016, CCE has filed concurrently its motion for expedited briefing and disposition.

## I. ARGUMENT

Pursuant to the Model Order, each entry in the Final Election is either an anticipation assertion or obviousness assertion. In other words, one listed reference is not useful for both an anticipation assertion and an obviousness assertion. That would be, in effect, two references. Thus, to the extent that the Acampora Report asserts §102 prior art or §103 prior art combinations not specifically enumerated in the Final Election, the assertion is improperly included.

The Acampora Report asserts twenty-six identifiable references. Only five of those are fairly taken from the Final Election (anticipation by Chun, anticipation by Wu, anticipation by Lee, anticipation by Ye, and anticipation by the "Alcatel Proposal"). Then there is a twenty-seventh "catch-all" obviousness contention that purports to allow Apple to combine any reference with any other reference <u>or</u> with the knowledge of one of skill in the art ("POSA"). This is improper. To the extent that Apple would seek, for example, to assert a reference + POSA, such combination is, itself, a reference.

In essence, Apple had ample time to discern what bases of invalidity it would list in its Final Election and assert in the Acampora Report. It is not permissible to list nine references in the Final Election then combine those references in any number of permutations. Intentional or

---

[2] None of the parties have ever requested modification of the limits established in the Model Order.

not, Apple misapprehends the function of the Final Election, clearly deeming it as a pool from which to draw. But that is incorrect. The Final Election is the unambiguous identification of invalidity bases to be addressed in an attendant expert report.

### A. The Model Order Limits the Acampora Report to Nine Distinct Assertions of Invalidity.

The Model Order explains that an expert report shall be limited to no more than nine prior art references[3] identified in the Final Election, where each included obviousness combination "counts as a separate prior art reference." Exh. A (Model Order), at ¶3. The Advisory Committee Notes to the Model Order, as well as this Court's prior interpretation of the Model Order, makes it clear that each "reference" refers to a particular contention, or basis, of invalidity. Indeed, "*each <u>basis</u> for invalidity should be specifically identified*" in the Final Election, and each obviousness allegation is counted separately in order for the limit on "references" to be "meaningful." Exh. B (Advisory Committee Notes) at pp. 5-6 (emphasis added). In this way, the Advisory Committee recognized the need to limit the parties to a reasonable number of invalidity bases, because "[a] small number of prior art references can be combined to form an exponentially greater number of bases for invalidity." *Id*.

Magistrate Judge Love reinforced the Model Order's purpose in *Smartphone Tech. LLC v. Huawei Devices USA, Inc.*, C.A. No. 6:12-cv-245 (E.D. Tex. 2014) when addressing nearly identical issues. He explained, for instance, that an assertion of anticipation based on "reference A" is one reference and an assertion of obviousness based on "reference A" plus the knowledge of POSA counts as an additional reference. *See* Exh. C (Hearing Transcript, Apr. 24, 2014), at pp. 22-24. Then he ruled from the bench as follows:

---

[3] The Acampora Report may address up to nine prior art references because, when a "patent claimant asserts infringement of only one patent, all per patent limits in [the Model Order] are increased by 50%, rounding up." Exh. A (Model Order), at ¶4.

3

> So, when I get -- when I go to the trouble to say, and this Model Order says, you get a certain number of references, you know, **that's got to mean something**. Okay? And it's -- it's -- you have a limited amount of time, you've got to explain it to a jury. And just to beat them up -- to death about – they're not going to know what you're talking about at some point. You've got to base it in particular tangible things that the expert can talk about and explain and undergird that with his knowledge of skill in the art. **So, I don't know else to say it, but you've got nine references and that's it. So, the motion to enforce the order is granted. You got your nine references and that's it.**

*Id*. at p.25. Judge Love's subsequent written Order struck all obviousness assertions from the subject expert report for exceeding prior art reference limits. *See* Exh. D (Order Apr. 28, 2014).

### B. All Bases of Invalidity in the Acampora Report Not Identified in Apple's Final Election Must Be Struck.

Apple served its Final Election pursuant to the Model Order contemporaneously with the Acampora Report on April 27, 2016. *See* Exh. E (Final Election). Simplified for ease of discussion, the Final Election lists nine references to be asserted against the '820 patent as follows:

| No. | Apple's Final Election |
|---|---|
| 1 | Chun |
| 2 | Wu |
| 3 | Ye |
| 4 | Lee |
| 5 | Combination of Ye and Ericsson Proposal and Torsner |
| 6 | Combination of Lee and Alcatel Proposal and Ericsson Proposal and Torsner |
| 7 | Combination of UMTS and Ericsson Proposal and Torsner |
| 8 | Combination of Lee and Malkamaki and Ericsson Proposal and Torsner |
| 9 | Alcatel Proposal |

By comparison, the Acampora Report includes the following:

| No. | Contentions Based On Prior Art in the Acampora Report | Disclosed In Final Election |
|---|---|---|
| 1 | Anticipation by U.S. Patent No. 8,687,565 ("Chun") | Yes |
| 2 | Obvious by Chun | No |
| 3 | Anticipation by U.S. Patent No. 7,769,926 ("Wu") | Yes |
| 4 | Obvious by Wu | No |

4

| 5 | Obviousness by U.S. Patent App. Pub. No. 2006/0143444 ("Malkamaki") | No |
|---|---|---|
| 6 | Anticipation by WIPO WO 2006/052086 ("Lee") | Yes |
| 7 | Obvious by Lee | No |
| 8 | Anticipation by U.S. Patent No. 8,031,655 ("Ye") | Yes |
| 9 | Obvious by Ye | No |
| 10 | Anticipation by U.S. Patent No. 8,243,666 ("Torsner") | No |
| 11 | Obvious by Torsner | No |
| 12 | Anticipation by 3GPP Proposal R2-074682 ("Ericsson Proposal") | No |
| 13 | Obvious by Ericsson Proposal | No |
| 14 | Anticipation by the combination of 3GPP TS 25.309 v.6.3.0 Release 6 and TS 25.321 v.6.7.0 Release 6 ("UMTS") | No |
| 15 | Obvious by UMTS | No |
| 16 | Anticipation by 3GPP Proposal R2-063414 ("Alcatel Proposal") | Yes |
| 17 | Obvious by Alcatel Proposal | No |
| 18 | Ye and Torsner | No |
| 19 | Ye and Ericsson Proposal | No |
| 20 | Lee and Alcatel Proposal | No |
| 21 | Lee and Alcatel Proposal and Ericsson Proposal | No |
| 22 | Lee and Alcatel Proposal and Torsner | No |
| 23 | Lee and Malkamaki | No |
| 24 | Lee and Malkamaki and Ericsson Proposal | No |
| 25 | Lee and Malkamaki and Torsner | No |
| 26 | UMTS and Ericsson Proposal | No |
| 27 - ???? | Catch-all obviousness contentions, for example:<br><br>"As discussed above with respect to the individual limitations, to the extent that CCE asserts that any given reference does not disclose a particular limitation, one of ordinary skill in the art would have been motivated to combine that reference with the disclosures of the limitation from any of the other references discussed in my report that contain that limitation or with the knowledge of one of skill in the art;"<br><br>"It would have been obvious to one of ordinary skill in the art to combine with [any reference] the teachings of other references I discuss in this report that disclose this limitation;" and<br><br>"'A' means the reference anticipates or makes the claim obvious." | No |

5

*See*, *e.g.*, Exh. F (Excerpts from Acampora Report), at ¶21.[4]

The Acampora Report is 187 pages, and it asserts at least twenty-six specific bases of anticipation and obviousness, plus myriad catch-all obviousness contentions, including those based on POSA, that render responding to the Acampora Report wholly unwieldy and prejudicial. The only portions of the Acampora Report directed to the references as identified in the Final Election are anticipation contentions based on Chun, Wu, Ye, Lee, and the Alcatel Proposal. The remainder of the Acampora Report fails to comport with the Final Election, fails to comply with the Model Order, and should be stricken. Apple simply cannot be allowed to indiscriminately combine any anticipation reference with elements from other references and/or POSA, without recognizing each combination as an additional "reference" and listing it among those in its Final Election.

The Acampora Report flouts the policy objectives of this District in streamlining both the infringement contentions and the invalidity contentions asserted at trial. Limiting contentions through adoption of the Model Order narrows issues for trial and reduces the tax on party and Court resources. The approach taken in the Acampora Report unfairly tasks CCE with rebutting a virtually uncountable number of contentions within a mere thirty days.

Exacerbating the issue is the fact that Apple cross-relies on the invalidity report of Dr. Thomas Fuja (the "Fuja Report") prepared on behalf of HTC, ZTE, and the network operators in related actions. *See* Exh. G (Disclosure of Reliance). The Fuja Report suffers the same defect as the Acampora Report in terms of far exceeding limits on references. When confronted with the defect, however, the sponsors of the Fuja Report[5] agreed to terms on a limiting stipulation.

---

[4] If the Court would prefer (or needs) to see the entire Acampora Report, CCE will provide it.
[5] The sponsors of the Fuja Report are all Defendants in this consolidated litigation, except Apple.

## II. CONCLUSION

The Acampora Report improperly seeks license to present a staggering number of invalidity contentions at trial, regardless of the Model Order's nine reference limit. Accordingly, CCE asks that all prior art-based invalidity bases in the Acampora Report not expressly identified in Apple's Final Election be struck such that they need not be addressed in CCE's rebuttal report. The Acampora Report would, thus, be limited to anticipation grounds based on Chun, Wu, Ye, Lee, and the Alcatel Proposal.

Because of the confusion and delay occasioned by the Acampora Report, CCE also requests relief from the Court in the form of an appropriate extension of time to serve its rebuttal report and the recovery of its attorneys' fees and costs for the unnecessary work precipitated by Apple's transparent violation of the Model Order. Apple had months, if not years, to make decisions as to its nine bases of invalidity. Instead, Apple leaves CCE to find needles in in a haystack (and otherwise forces CCE to address voluminous superfluous invalidity arguments). Such is a waste of time and resources that the Model Order was promulgated to control.

**NOTE REGARDING TIMING OF THIS EMERGENCY MOTION:**

CCE counsel conducted a lengthy meet-and-confer with counsel for all Defendants on Monday May 2, 2016 in which the subject matter of this Emergency Motion was discussed relative to both the Acampora and Fuja Reports. Following the call, and in lieu of CCE filing emergency motions later in the day, Defendants appeared to capitulate[6] and agreed to limit the Reports consistent with their respective Final Elections. *See*, *e.g.*, Exh H (emails regarding Apple's Acampora Report).

---

[6] Indeed, they specifically asked that CCE not file emergency motions at the close of business as CCE indicated that it would.

By May 5, 2016, it appeared that the parties had achieved a level of understanding sufficient to memorialize remedial stipulations to be signed by each party's respective counsel. *Id.* Indeed, a stipulation regarding the Fuja Report has been finalized and is presently out for signatures. On the other hand, Apple counsel made excuse after excuse about the delay in providing any edits to the stipulation regarding the Acampora Report. CCE exercised patience because CCE counsel was led to believe that any edits would be non-controversial.

Apple finally provided its revised version of the stipulation after-hours on May 12, 2016. Its version stripped the original stipulation of its intended, corrective effect.

In a last ditch effort to reach an accord, CCE revised Apple's version of the stipulation and provided it to Apple early on Friday, May 13, 2016 with the condition that the parties either reach agreement or CCE would file its Emergency Motion by 5pm CDT. Not until 4:55pm CDT did Apple respond in an effort to avoid CCE's filing. *See* Exh. I. Based upon correspondence that followed, CCE expected a substantive Apple response over the weekend. When CCE counsel inquired as to status on Sunday, May 15, Apple counsel was noncommittal.

Apple provided a further revised stipulation at today, May 16, at 4pm CDT that only reinforces CCE and Apple's fundamental disagreement. Thus, CCE must now seek relief from the Court via this Emergency Motion, more than two weeks after it first contacted Apple about the problem — a problem that should have been avoided altogether by Apple's compliance with the adopted Model Order. *See* Exh. H. Instead, CCE counsel has been forced to waste numerous hours on the issue when there is substantial, other work to be done. For this reason, CCE redoubles its request that the Court sanction Apple, requiring it to reimburse CCE for all related fees and costs.

Dated: **May 16, 2016**.  By:

*/s/ Edward R. Nelson III*
Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Ryan P. Griffin
ryan@nelbum.com
Texas State Bar No. 24053687
Thomas C. Cecil
tom@nelbum.com
Texas State Bar No. 24069489
NELSON BUMGARDNER PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax: (817) 377-3485

Jeffrey R. Bragalone
Texas Bar No. 02855775
Terry A. Saad
Texas Bar No. 24066015
Jonathan H. Rastegar
Texas Bar No. 24064043
BRAGALONE CONROY PC
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
tsaad@bcpc-law.com
jrastegar@bcpc-law.com

Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas Bar No. 24059636
Email: acurry@caldwellcc.com
CALDWELL CASSADY & CURRY
2101 Cedar Springs Road, Suite 1000
Dallas, TX 75201

        Telephone: (214) 888-4848
        Facsimile: (214) 888-4849

        T. John Ward, Jr.
        Texas State Bar No. 00794818
        J. Wesley Hill
        Texas State Bar No. 24032294
        Claire Abernathy Henry
        Texas State Bar No. 24053063
        WARD, SMITH, & HILL PLLC
        P.O. Box 1231
        1127 Judson Rd. Ste. 220
        Longview, Texas 75606-1231
        (903) 757-6400
        (903) 757-2323 (fax)
        jw@jwfirm.com
        wh@wsfirm.com
        claire@wsfirm.com

**ATTORNEYS FOR
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**

## CERTIFICATE OF CONFERENCE

I, the undersigned counsel, certify that on May 2 and 3, 2016 (and various other occasions since) counsel for CCE (including me) conferred with counsel of record for Apple, and Apple opposes the relief requested. Indeed, discussions concerning this Emergency Motion have concluded with an impasse, and the Court's attention is required.

        */s/ Edward R. Nelson III*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 16, 2016, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who consented to electronic service. Local Rule CV-5(a)(3)(A).

*/s/ Edward R. Nelson III*