# Exhibit "F"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | Case No.: 6:14-cv-251 |
| Plaintiff, | |
| vs. | **EXPERT REPORT OF ANTHONY S. ACAMPORA, Ph.D.** |
| APPLE INC., *et al,* | **CONCERNING INVALIDITY OF U.S. PATENT NO. 8,055,820** |
| Defendants. | |

## TABLE OF CONTENTS

I. Introduction ................................................................................................................... 1

II. Expert Background ........................................................................................................ 1

III. Scope of This Expert Report and Materials Considered ................................................ 6

IV. Summary of Opinions .................................................................................................... 7

V. Legal Section ................................................................................................................. 8

VI. Level of Ordinary Skill in the Art ................................................................................ 15

VII. Overview of the Technology and the '820 Patent ........................................................ 16

    1. Background ............................................................................................................ 16

    2. Prosecution History ............................................................................................... 19

    3. Inter Partes Review ............................................................................................... 23

VIII. Claim Construction ...................................................................................................... 25

IX. Prior Art Elements ....................................................................................................... 27

    A. Monitoring a usage of a plurality of buffers ......................................................... 28

    B. Detecting one of a plurality of pre-selected conditions corresponding to the plurality of buffers ................................................................................................................... 30

    C. Designating one of a plurality of buffer status reporting formats comprising a long buffer status reporting format and a short buffer status reporting format depending on the pre-selected condition detected ........................................................................... 32

    D. Communicating the buffer status report with the buffer status reporting format designated 34

    E. Wherein the designating designates the long buffer status reporting format when there is sufficient uplink bandwidth to communicate using the long buffer status reporting format .... 36

X. Invalidity Of The Asserted Claims Of The '820 Patent In Light Of The Prior Art ............. 38

    A. The Prior Art References ...................................................................................... 38

        1. U.S. Patent No. 8,687,565, to Chun et al. ("Chun"). ....................................... 38

            a) Chun Claim 1(preamble): A method for communicating data in a wireless communication system, the method comprising: ........................................... 39

            b) Chun Claim 1(a): selecting a buffer status report (BSR) format from a plurality of BSR formats for a transmission of a BSR ....................................................... 39

            c) Chun Claim 1(b): generating a BSR according to the selected BSR format ............ 39

            d) Chun Claim 1(c): transmitting the generated BSR via a terminal .......................... 40

            e) Chun Claim 1(d): wherein a first BSR format is selected when only one logical channel group (LCG) has buffered data in the transmission time interval (TTI) in which the BSR is transmitted ................................................................................. 40

    f)    Chun Claim 1(e): wherein a second BSR format is selected when more than one LCG has buffered data in the TTI in which the BSR is transmitted .................................. 40

    g)    Chun Claim 1(f): wherein an LCG identifier (LCG ID) field identifies one or more groups of logical channels for which buffer status is being reported ............................... 41

    h)    Chun Claim 1(g): wherein the first BSR format is a shortened BSR and the second BSR format is a normal BSR ........................................................................................... 41

    i)    Chun Claim 1(h): wherein the shortened BSR includes one LCG ID field and one corresponding buffer size (BS) field .............................................................................. 41

    j)    Chun Claim 1(i): wherein a length of the LCG ID field in the shortened BSR is two bits  42

    k)    Chun Claim 1(j): wherein the BS field in the shortened BSR identifies a total amount of data available across all logical channels of the one LCG in the shortened BSR, and ............................................................................................................................ 42

    l)    Chun Claim 1(k): wherein the terminal obtains a sum of buffered data stored in each logical channel belonging to the one LCG and transmits the corresponding sum to a base station .................................................................................................................................. 42

2.    U.S. Patent No. 7,769,926 to Wu et al. ("Wu") ............................................................ 43

    a)    Wu Claim 1(preamble): A method for providing a buffer status report in a mobile communication network, which is implemented between a base station and one or more user equipments for providing the user equipments to report buffer status of the user equipments to the base station, wherein each user equipment has multiple logical channels divided into a plurality of logical channel groups (LCGs), each logical channel group corresponds to a buffer and a buffer status of the buffer, and each logical channel has a priority, the method comprising the steps of: ........................................................ 44

    b)    Wu Claim 1(A): having an arrival data to a buffer of the user equipment and the priority of a logical channel for the arrival data higher than those of other logical channels for existing data in the buffers; ...................................................................... 44

    c)    Wu Claim 1(B): triggering a buffer status report (BSR) associated with the buffers of the LCGs that contain data in the buffers; ................................................................. 45

    d)    Wu Claim 1(C): using the user equipment to calculate available space of a Protocol Data Unit (PDU) to be transmitted based on resources allocated by the base station to thereby determine whether the available space of the PDU to be transmitted is enough for filling all data of the buffers of the LCGs and a short buffer status report, wherein the short buffer status report provides the buffer status corresponding to a single logical channel group (LCG), and the short buffer status report comprises a LCG identification (ID) field and a variable granularity buffer size field, the LCG ID field indicates the single LCG corresponding to the buffer status, and the variable granularity buffer size field indicates all available data amount of all LCs of the single LCG by means of different granularities; ................................................................................................. 46

    e)    Wu Claim 1(D): using the user equipment to transmit the short BSR corresponding to the buffer of an LCG when only the buffer of the LCG has remaining data; ............... 47

      f)     Wu Claim 1(E): using the user equipment to transmit a long BSR when the buffers of multiple LCGs have remaining data. ........................................................................... 47

    3.     U.S. Patent Application Publication No. 2006/0143444 to Malkamaki et al. ("Malkamaki") ................................................................................................................ 48

    4.     WIPO Int'l Pub. No. WO 2006/052086 A2 ("Lee"). ................................................. 49

    5.     U.S. Patent No. 8,031,655 ("Ye"). ............................................................................... 50

    6.     U.S. Patent No. 8,243,666 ("Torsner"). ........................................................................ 51

    7.     3GPP Proposal R2-074682 (Ericsson Proposal). ........................................................ 52

    8.     3GPP TS 25.309 v.6.3.0 Release 6 and TS 25.321 v.6.7.0 Release 6 (collectively "UMTS" ). ................................................................................................................... 53

    9.     3GPP Proposal R2-063414 (Alcatel Proposal). ........................................................... 54

B.    Analysis of the Prior Art with Respect to Claim 4 ............................................................ 54

    1.     Claim 1(preamble and (a)): A method, comprising: monitoring a usage of a plurality of buffers. ........................................................................................................................... 54

    2.     Claim 1(b): detecting one of a plurality of pre-selected conditions corresponding to the plurality of buffers. ....................................................................................................... 62

    3.     Claim 1(c): designating one of a plurality of buffer status reporting formats comprising a long buffer status reporting format and a short buffer status reporting format depending on the pre-selected condition detected. ........................................................................... 71

    4.     Claim 1(d): communicating a buffer status report to a network device in accordance with the buffer status reporting format designated. ............................................................. 81

    5.     Claim 1(e): wherein the designating designates the long buffer status reporting format when there is sufficient uplink bandwidth to communicate using the long buffer status reporting format. ......................................................................................................... 85

    6.     Claim 4: The method of claim 1, wherein the short buffer status reporting format corresponds to reporting a buffer status of a single radio bearer group and the long buffer status reporting format corresponds to reporting a buffer status of multiple radio bearer groups. ........................................................................................................................... 95

C.    Analysis of the Prior Art with Respect to Claim 6 ......................................................... 104

    1.     Claim 6: The method of claim 1, wherein the designating designates the short buffer status reporting format when there is insufficient uplink bandwidth. ................................. 104

D.    Analysis of the Prior Art with Respect to Claim 10 ....................................................... 113

    1.     Claim 10: The method of claim 1, further comprising: selecting a buffer status of a radio bearer group of a highest priority. ............................................................................... 113

E.    Analysis of the Prior Art with Respect to Claim 12 ....................................................... 119

    1.     Claim 12 (preamble and (a)): An apparatus, comprising: a processor. ....................... 119

    2.    Claim 12(b): a memory including computer program code, the memory and the computer program code configured to, with the processor, cause the apparatus at least to monitor a usage of a plurality of buffers. ........................................................................... 122

    3.    Claim 12(c): detect one of a plurality of pre-selected conditions corresponding to the plurality of buffers. ..................................................................................................... 127

    4.    Claim 12(d): designate one of a plurality of buffer status reporting formats comprising a long buffer status reporting format and a short buffer status reporting format depending on the pre-selected condition detected. ..................................................................................... 127

    1.    Claim 12(e): communicate a buffer status report to a network device in accordance with the buffer status reporting format designated. .......................................................... 128

    2.    Claim 12(f): wherein the designating unit is configured to designate the long buffer status reporting format when there is sufficient uplink bandwidth to communicate using the long buffer status reporting format. ......................................................................... 128

  F.    Analysis of the Prior Art with Respect to Claim 17 ....................................................... 139

    1.    Claim 17: The apparatus of claim 12, wherein the memory and the computer program code are further configured to, with the processor, cause the apparatus at least to designate the short buffer status reporting format when there is insufficient uplink bandwidth. ........ 140

  G.    Analysis of the Prior Art with Respect to Claim 20 ....................................................... 145

    1.    Claim 20: The apparatus of claim 12, wherein the long buffer status reporting format comprises four segments of 6-bits of information, each segment thereof corresponding to a distinct radio bearer group. ................................................................................................. 145

  H.    Analysis of the Prior Art with Respect to Claim 21 ....................................................... 153

    1.    Claim 21: The apparatus of claim 12, wherein the memory and the computer program code are further configured to, with the processor, cause the apparatus at least to select a buffer status of a radio bearer group of a highest priority. ................................................. 153

  I.    Analysis of the Prior Art with Respect to Claim 24 ....................................................... 158

    1.    Claim 24(preamble): A non-transitory computer-readable medium encoded with a computer program configured to control a processor to perform operations comprising. . 158

    2.    Claim 24(a): monitoring a usage of a plurality of buffers. ......................................... 163

    3.    Claim 24(b): detecting one of a plurality of pre-selected conditions corresponding to the plurality of buffers. ..................................................................................................... 164

    4.    Claim 24(c): designating one of a plurality of buffer status reporting formats comprising a long buffer status reporting format and a short buffer status reporting format depending on the pre-selected condition detected. ............................................................. 164

    5.    Claim 24(d): communicating a buffer status report to a network device in accordance with the buffer status reporting format designated. .......................................................... 164

    6.    Claim 24(e): wherein the designating designates the long buffer status reporting format when there is sufficient uplink bandwidth to communicate using the long buffer status reporting format. ............................................................................................................. 164

    J.    Obviousness ................................................................................................................ 164

        1.    Ye and Torsner. ................................................................................................ 166

        2.    Ye and the Ericsson Proposal. ........................................................................ 167

        3.    Lee and the Alcatel Proposal. ......................................................................... 169

        4.    Lee and the Alcatel Proposal and the Ericsson Proposal. ............................... 170

        5.    Lee and the Alcatel Proposal and Torsner. .................................................... 172

        6.    Lee and Malkamaki. ....................................................................................... 174

        7.    Lee and Malkamaki and the Ericsson Proposal. ............................................ 175

        8.    Lee and Malkamaki and Torsner. .................................................................. 177

        9.    UMTS and the Ericsson Proposal. .................................................................. 179

        10.   Secondary Considerations of Obviousness/Non-obviousness. ...................... 181

    K.   Prior Invalidity Contentions ................................................................................... 183

XI.    Written Description, Enablement, Indefiniteness, and Non-Patentable Subject-Matter Of The Asserted Claims .................................................................................................................. 183

    A.   Written Description, Enablement, and Indefiniteness ........................................... 183

    B.   Non-Patentable Subject Matter ............................................................................. 184

XII.   Conclusion ................................................................................................................... 186

report, and/or the materials presented before the Court at any hearing or other proceeding that may take place. I may use demonstrative exhibits or physical presentations as part of my testimony at trial to illustrate the points and opinions contained within this report, the evidence upon which they are based, the background of the '820 patent, the concepts underlying the '820 patent and the prior art, any other subject matter addressed in this report, and to respond to points or opinions put forth by other witnesses in this case, including at trial.

## IV.     Summary of Opinions

19.     I have considered and applied the Court's claim constructions and applied the plain and ordinary meaning as understood by one of ordinary skill in the art for any terms not construed by the Court. I have also considered Plaintiff's application of the scope of the claims based on Plaintiff's infringement contentions. I have also applied the legal standards for determining validity of a patent, as set forth in this report.

20.     Based on my analysis, it is my opinion that the asserted claims 4, 6, 10, 12, 17, 20, 21, and 24 of the '820 patent are invalid as anticipated by or rendered obvious in light of the prior art under both a proper reading of the claims as well as under CCE's application of the claims as expressed in their infringement contentions.[1]  It is also my opinion that at least some of the asserted claims are invalid because they are indefinite, and all of the asserted claims are directed to patent ineligible subject matter. The bases for my conclusions are set forth in this report.

21.     More specifically, the following table summarizes my opinions regarding the prior art:

---

[1] By undertaking this analysis or by otherwise discussing CCE's application of the claims to the accused products, I do not want to suggest that I agree with CCE's application of the claims to the accused products. Once CCE provides an expert opinion regarding infringement, I will respond accordingly.

7

| Prior Art Reference | Claim 4 | Claim 6 | Claim 10 | Claim 12 | Claim 17 | Claim 20 | Claim 21 | Claim 24 |
|---|---|---|---|---|---|---|---|---|
| Chun | A* | A* | A* | A* | A* | A* | A* | A* |
| Wu | A* | A* | A* | A* | A* | A* | A* | A* |
| Malkamaki | O | O | O | O | O | O | O | O |
| Lee | A* | O | A* | A* | O | O | A* | A* |
| Ye | A | A | A | A | A | O | A | A |
| Torsner | A* | A* | A* | A* | A* | O | A* | A* |
| Ericsson proposal | A* | O | A* | A* | O | A* | A* | A* |
| UMTS | O | A* | A* | A* | A* | O | A* | A* |
| Alcatel proposal | A* | A* | A* | A* | A* | O | A* | A* |

Notes: "A" means the reference anticipates or makes the claim obvious; "A*" means that the reference anticipates or makes the claim obvious under at least CCE's theory of infringement; and "O" means that the reference, by itself or in combination with other references (including anticipatory references), makes the claim obvious.

22. It is also my opinion that based on the prior art, the named inventor did not invent the subject matter for the asserted claims. In addition, claims 10 and 21 are also invalid because the limitation "selecting a buffer status of a radio bearer group of a highest priority" is indefinite. Finally, all of the asserted claims claim unpatentable subject matter.

## V. Legal Section

23. I understand that under U.S. patent law, each claim of the '820 patent is presumed valid, and that clear and convincing evidence that the claim is invalid is required in order to invalidate that claim.

24. I understand that under U.S. patent law, a patent is invalid as anticipated if the claimed invention was known or used by others in this county, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for the patent; if the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the

8

439.  I may revise or amplify my opinions based on additional opinions that CCE's and/or the other defendants' experts may present and information I may receive in the future or additional work I may perform.  With this in mind, based on the analysis I have conducted and for at least the reasons set forth in my report, I have reached the conclusions and opinions in this report.

440.  If asked, I may modify or supplement my opinions, as well as the bases for my opinions, based on the nature and content of the documentation, data, proof, and other evidence for testimony that CCE or the other defendants' or their experts may present or based on any additional discovery or other information provided to me or found by me in this matter.

Dated April 27, 2016

By: _____
Dr. Anthony S. Acampora