# Exhibit "H"

# Ed Nelson

| | |
|---|---|
| **From:** | Ed Nelson |
| **Sent:** | Monday, May 09, 2016 8:36 PM |
| **To:** | Jeff.Homrig@lw.com; Joseph.Lee@lw.com; CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com |
| **Cc:** | applecce.lwteam@lw.com; efindlay@findlaycraft.com |
| **Subject:** | Re: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer) |

Jeff, I would appreciate a response to my email.  I know you understand the time sensitivity and believe I have been more than patient.  This needs to be consummated or I need to file CCE's motion.  Please send your edits for consideration.  Ed

Sent from my iPhone

On May 9, 2016, at 9:42 AM, Ed Nelson <ed@nelbum.com> wrote:

> Jeff, please update me on the status of the return edits when you have a moment.  Thanks.  Ed
>
> Sent from my iPad
>
> On May 6, 2016, at 1:03 PM, Ed Nelson <ed@nelbum.com> wrote:
>
>> Jeff, please let me know the status of any return edits.  Thanks.  Ed
>>
>> ---
>>
>> **From:** Ed Nelson
>> **Sent:** Thursday, May 05, 2016 5:21 PM
>> **To:** 'Jeff.Homrig@lw.com'; Joseph.Lee@lw.com; CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com
>> **Cc:** applecce.lwteam@lw.com; efindlay@findlaycraft.com
>> **Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)
>>
>> OK, with the understanding that we have agreement in principle on all of the points included in the draft I sent this morning.  If this is not the case, then I need to be notified immediately.  We are not going to accept material differences at this juncture.  Reasonable clarifications are a different matter.  Ed
>>
>> ---
>>
>> **From:** Jeff.Homrig@lw.com [mailto:Jeff.Homrig@lw.com]
>> **Sent:** Thursday, May 05, 2016 4:44 PM
>> **To:** Ed Nelson; Joseph.Lee@lw.com; CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com
>> **Cc:** applecce.lwteam@lw.com; efindlay@findlaycraft.com
>> **Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)
>>
>> Ed,

1

Thanks for sending this over, and we have been working on a response on our end.  Just wanted to let you know that the client has been tied up all day and apparently will be into the evening, so we'll respond when we can.  In the meantime, please call me if you'd like to discuss.  Thank you.

Jeff

---

**From:** Ed Nelson [mailto:ed@nelbum.com]
**Sent:** Thursday, May 05, 2016 8:28 AM
**To:** Homrig, Jeff (SV); Lee, Joseph (OC); CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com
**Cc:** #C-M APPLE CCE - LW TEAM; efindlay@findlaycraft.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)
**Importance:** High

Thanks Jeff.

I think we are close.  Attached is a stipulation for review and approval that will memorialize the agreements and understandings.  This stipulation requires wet signature of counsel for Apple, as well as other sponsors of the Acampora report in the -251 action (namely, TM, VZ, Sprint).

Note that I have largely used your wording.

Please confirm approval or call me to discuss.  We will need to finalize this today.  Ed

---

**From:** Jeff.Homrig@lw.com [mailto:Jeff.Homrig@lw.com]
**Sent:** Thursday, May 05, 2016 12:33 AM
**To:** Ed Nelson; Joseph.Lee@lw.com; CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com
**Cc:** applecce.lwteam@lw.com; efindlay@findlaycraft.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Ed,

Your email raises additional issues that are not required by the order regarding final election of asserted prior art.  Nevertheless, we hope to resolve these issues without court intervention and make the following compromise proposal below.

As an initial matter, we want to make clear that the model order regarding final election of asserted prior art does not limit Apple to the conditions in its proposal either, but Apple is nevertheless willing to make this proposal in these particular circumstances in an effort to avoid burdening the court with a dispute.  If motion practice becomes necessary, however, Apple reserves all its rights.  Our proposal is as follows:

2

1. Apple would not present testimony from Professor Acampora that the asserted claims are anticipated or obvious based on prior art combinations other than those listed in the table below.

| 1 | Anticipated by U.S. Patent No. 8,687,565 ("Chun Patent") |
|---|---|
| 2 | Anticipated by U.S. Patent No. 7,769,926 ("Wu Patent") |
| 3 | Obvious by WIPO WO 2006/052086 ("Lee") |
| 4 | Obvious by U.S. Patent No. 8,031,655 ("Ye") |
| 5 | Obvious by combination of Ye and U.S. Patent No. 8,243,666 ("Torsner") |
| 6 | Obvious by combination of Ye and 3GPP Proposal R2-074682 ("Ericsson Proposal") |
| 7 | Obvious by combination of Lee and 3GPP Proposal R2-063414 ("Alcatel Proposal") and Ericsson Proposal |
| 8 | Obvious by combination of Lee and Alcatel Proposal and Torsner |
| 9 | Obvious by combination of 3GPP TS 25.309 v.6.3.0 Release 6 and TS 25.321 v.6.7.0 Release 6 and Ericsson Proposal |

2. Item 9 would be based on publication of the UMTS standard, not public use of the standard.

3. For obviousness based on a single reference, Professor Acampora's opinion would be based on the disclosures in that reference and knowledge of a person of ordinary skill in the art, not based on disclosures in that reference combined with disclosures from another reference. Likewise, for obviousness based on a combination of references, Apple would not present testimony from Professor Acampora that combines those references with other references not listed in the combination. None of the foregoing would limit Professor Acampora from discussing references not listed in the table above ("unlisted references") to demonstrate knowledge of a person of ordinary skill in the art, the state of the art, or background of the alleged invention.

4. None of the foregoing would limit Professor Acampora from discussing unlisted references as evidence of contemporaneous invention.

5. If Dr. Fuja testifies in the same trial as Apple, Apple reserves the right to rely or use any testimony that is in the record, including his testimony. If CCE would agree to a separate trial against Apple only, however, Apple is willing to withdraw its Rule 26(a)(2) disclosure regarding Dr. Fuja.

Let us know if CCE agrees to the proposal above.

Best regards,

Jeff

**From:** Ed Nelson [mailto:ed@nelbum.com]
**Sent:** Wednesday, May 04, 2016 12:32 PM
**To:** Homrig, Jeff (SV); Lee, Joseph (OC); CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com
**Cc:** #C-M APPLE CCE - LW TEAM; efindlay@findlaycraft.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Jeff,

3

Please let me know where this stands.  As I'm sure you understand, we need to resolve this today.

Thanks.  Ed

---

**From:** Jeff.Homrig@lw.com [mailto:Jeff.Homrig@lw.com]
**Sent:** Wednesday, May 04, 2016 2:22 AM
**To:** Ed Nelson; Joseph.Lee@lw.com; CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com
**Cc:** applecce.lwteam@lw.com; efindlay@findlaycraft.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Ed,

Thanks for your email. Your summary incorporates some ambiguities that we are addressing in a revised draft. We had hoped to send that tonight, as you requested, but are still working through it with our client. We will send it your way as soon as we can. In the meantime, please give me a call if you'd like to discuss.  Thank you.

Jeff

---

**From:** Ed Nelson [mailto:ed@nelbum.com]
**Sent:** Tuesday, May 03, 2016 4:09 PM
**To:** Lee, Joseph (OC); CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com; Homrig, Jeff (SV)
**Cc:** #C-M APPLE CCE - LW TEAM; efindlay@findlaycraft.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Jeff,

Further to Joe's email from earlier today, please let me know tonight if Apple agrees to the following (which shall be memorialized in a stipulation signed by counsel for CCE, Apple, and parties other than Apple purporting to adopt the Acampora report).  Note that for purposes of the following, any reference to Apple includes those other parties purporting to adopt the Acampora report:

Apple and Dr. Acampora agree for purposes of this litigation (including trial) that they are limited to the nine prior art-based invalidity references identified in the table below:

| No. | Apple Limited To These Contentions Based On Prior Art |
|---|---|
| 1 | Anticipated by U.S. Patent No. 8,687,565 ("Chun Patent") |
| 2 | Anticipated by U.S. Patent No. 7,769,926 ("Wu Patent") |
| 3 | Obvious by WIPO WO 2006/052086 ("Lee") |

| | |
|---|---|
| 4 | Obvious by U.S. Patent No. 8,031,655 ("Ye") |
| 5 | Obvious by combination of Ye and U.S. Patent No. 8,243,666 ("Torsner") |
| 6 | Obvious by combination of Ye and 3GPP Proposal R2-074682 ("Ericsson Proposal") |
| 7 | Obvious by combination of Lee and 3GPP Proposal R2-063414 ("Alcatel Proposal") and Ericsson Proposal |
| 8 | Obvious by combination of Lee and Alcatel Proposal and Torsner |
| 9 | Obvious by combination of 3GPP TS 25.309 v.6.3.0 Release 6 and TS 25.321 v.6.7.0 Release 6 Ericsson Proposal |

Relative to item 9 in the table, Apple shall, concurrently with its confirmation of this agreement, identify to CCE whether it is pursuing the subject obviousness reference by virtue of public use of the two UMTS standards OR the published, printed iterations of the two UMTS standards.

For obviousness based on a single reference (items 3-4), Apple stipulates that it can only combine the subject reference's disclosure with the knowledge of a person of ordinary skill the art ("POSITA"), such that the knowledge of a POSITA cannot be based on the disclosure of any other reference.  [NOTE that this is the same understanding and agreement achieved with sponsors of the Fuja report.]  In other words, if a POSITA otherwise intended to rely on any specific reference to support his or her "knowledge," then the reference should have been specifically identified in the table (e.g., Ye in view of reference "x").

Similarly, for combination obviousness references (items 5-9), Apple shall only seek to draw from the disclosures of the identified art and no other, unidentified art.  In other words, Apple and Dr. Acampora cannot advance any obviousness theory (see, e.g., Section IX of the Acampora report), to wit, a concept or feature was well known to a POSITA based on the teachings of other art apart from the art expressly made a part of the particular, listed combination.

The nine specific references are the universe of invalidity theories/contentions based on prior art to which Apple and the Acampora report are limited.   Apple cannot make any obviousness or anticipation arguments of "related references" or "associated references" or any other reference not specifically identified in each row of the table for that particular theory/contention.  For example, if the Chun Patent (or the Wu Patent) is found not to be prior art, Apple cannot proceed with a separate or substitute invalidity

5

theory/contention based on the provisional applications purportedly related to the Chun Patent (or the provisional application purportedly related to the Wu Patent).  Such would be an attempt to use an unlisted reference.  [NOTE that this is the same understanding and agreement achieved with sponsors of the Fuja report.]

Lastly, Apple agrees that it cannot rely on the opinion of Dr. Fuja or the Fuja report and agrees to cancel or withdraw its 26(a)(2) disclosure of Dr. Fuja and the attendant incorporation of his report.

Please let me know if this works.  Ed

**From:** Joseph.Lee@lw.com [mailto:Joseph.Lee@lw.com]
**Sent:** Tuesday, May 03, 2016 12:42 PM
**To:** Ed Nelson; CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com
**Cc:** applecce.lwteam@lw.com; efindlay@findlaycraft.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Ed,

Apple would agree that it will not contend nor present any trial testimony from Professor Acampora as to the following invalidity theories identified in your list below: 2, 4-6, 8, 10-17, 20, 23-25, and 27. While we disagree with how CCE is counting the references in Apple's final election of prior art, all of the remaining theories are within the final election and within the nine-reference limit, even as CCE calculates it.

**From:** Ed Nelson [mailto:ed@nelbum.com]
**Sent:** Monday, May 02, 2016 12:26 PM
**To:** Homrig, Jeff (SV)
**Cc:** wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; CCE; wh@wsfirm.com; claire@wsfirm.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Jeff, as discussed.

| No. | Contentions Based On Prior Art in the Acampora Report | Disclosed In Final Election |
|---|---|---|
| 1 | Anticipation by U.S. Patent No. 8,687,565 ("Chun") | Yes |
| 2 | Obvious by Chun | No |
| 3 | Anticipation by U.S. Patent No. 7,769,926 ("Wu") | Yes |
| 4 | Obvious by Wu | No |
| 5 | Obviousness by U.S. Patent App. Pub. No. 2006/0143444 ("Malkamaki") | No |
| 6 | Anticipation by WIPO WO 2006/052086 ("Lee") | Yes |

6

| 7 | Obvious by Lee | No |
|---|---|---|
| 8 | Anticipation by U.S. Patent No. 8,031,655 ("Ye") | Yes |
| 9 | Obvious by Ye | No |
| 10 | Anticipation by U.S. Patent No. 8,243,666 ("Torsner") | No |
| 11 | Obvious by Torsner | No |
| 12 | Anticipation by 3GPP Proposal R2-074682 ("Ericsson Proposal") | No |
| 13 | Obvious by Ericsson Proposal | No |
| 14 | Anticipation by the combination of 3GPP TS 25.309 v.6.3.0 Release 6 and TS 25.321 v.6.7.0 Release 6 ("UMTS") | No |
| 15 | Obvious by UMTS | No |
| 16 | Anticipation by 3GPP Proposal R2-063414 ("Alcatel Proposal") | Yes |
| 17 | Obvious by Alcatel Proposal | No |
| 18 | Ye and Torsner | No |
| 19 | Ye and Ericsson Proposal | No |
| 20 | Lee and Alcatel Proposal | No |
| 21 | Lee and Alcatel Proposal and Ericsson Proposal | No |
| 22 | Lee and Alcatel Proposal and Torsner | No |
| 23 | Lee and Malkamaki | No |
| 24 | Lee and Malkamaki and Ericsson Proposal | No |
| 25 | Lee and Malkamaki and Torsner | No |
| 26 | UMTS and Ericsson Proposal | No |
| 27 - ???? | Catch-all obviousness contentions, for example:<br><br>"As discussed above with respect to the individual limitations, to the extent that CCE asserts that any given reference does not disclose a particular limitation, one of ordinary skill in the art would have been motivated to combine that reference with the disclosures of the limitation from any of the other references discussed in my report that contain that limitation or with the knowledge of one of skill in the art;"<br><br>"It would have been obvious to one of ordinary skill in the art to combine with [any reference] the teachings of other references I discuss in this report that disclose this limitation;" and<br><br>"'A' means the reference anticipates or makes the claim obvious." | No |

**From:** Jeff.Homrig@lw.com [mailto:Jeff.Homrig@lw.com]
**Sent:** Sunday, May 01, 2016 5:29 PM
**To:** Ed Nelson; callie.bjurstrom@pillsburylaw.com; corey.russ@pillsburylaw.com; inge.larish@pillsburylaw.com; nicole.cunningham@pillsburylaw.com;

7

steve.moore@pillsburylaw.com; William.atkins@pillsburylaw.com;
CCEPillburyTeam@Pillsburylaw.com; Cassius.Sims@lw.com; Doug.Lumish@lw.com;
Joseph.Lee@lw.com; Michael.Gerardi@lw.com; applecce.lwteam@lw.com;
bcraft@findlaycraft.com; efindlay@findlaycraft.com; brian.kwok@haynesboone.com;
chris.lubeck@haynesboone.com; howard.levin@haynesboone.com;
mav@haynesboone.com; CCE-EDTX@haynesboone.com; ashlee.lin@milbank.com;
mruiz@milbank.com; mscarsi@milbank.com; chriskennerly@paulhastings.com;
jeffreycomeau@paulhastings.com; jonasherrell@paulhastings.com;
katherineringel@paulhastings.com; dallas@yw-lawfirm.com; trey@yw-lawfirm.com;
bweber@smithweber.com; carrie.bader@eriseip.com; mark.mcgrory@eriseip.com;
megan.redmond@eriseip.com; sprint-cce@eriseip.com; agiza@hueston.com;
ddixon@hueston.com; JHueston@hueston.com; zelsea@hueston.com;
christa@gillamsmithlaw.com; melissa@gillamsmithlaw.com; cmolster@winston.com;
CSaylor@winston.com; skalemeris@winston.com; tdunham@winston.com;
dannynoteware@potterminton.com; mikejones@potterminton.com;
patrickclutter@potterminton.com; jainsworth@wilsonlawfirm.com;
gil@gillamsmithlaw.com; TeamATTCCE@paulhastings.com;
yarchaikovsky@paulhastings.com
**Cc:** wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; CCE;
wh@wsfirm.com; claire@wsfirm.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Ed,

Thank you for clarifying your position as to Dr. Acampora's report. We understand from your email that your position as to Dr. Fuja's report is the same, but if there are any additional issues that you would like to discuss, please let us know.

As to Apple's objection, Dr. Caloyannides's report deviates from CCE's operative contentions in a host of ways. As you know, the Court has not granted CCE's request for leave to supplement its infringement contentions. Nonetheless, Dr. Caloyannides's report advances the new infringement theory to which Apple objected in opposing that motion, as well as the other positions and material that CCE disclosed for the first time in those proposed contentions. The Jones report has the same issue. As things currently stand, CCE cannot advance these positions at trial, nor can its experts testify about them at trial.

Thanks again for getting back to us today.  We look forward to conferring tomorrow.

Best regards,

Jeff

---

**From:** Ed Nelson [mailto:ed@nelbum.com]
**Sent:** Sunday, May 01, 2016 9:33 AM
**To:** Homrig, Jeff (SV); callie.bjurstrom@pillsburylaw.com; corey.russ@pillsburylaw.com;
inge.larish@pillsburylaw.com; nicole.cunningham@pillsburylaw.com;
steve.moore@pillsburylaw.com; William.atkins@pillsburylaw.com;
CCEPillburyTeam@Pillsburylaw.com; Sims, Cassius (NY); Lumish, Doug (SV); Lee, Joseph (OC); Gerardi, Michael (DC); #C-M APPLE CCE - LW TEAM; bcraft@findlaycraft.com;
efindlay@findlaycraft.com; brian.kwok@haynesboone.com;
chris.lubeck@haynesboone.com; howard.levin@haynesboone.com;

8

mav@haynesboone.com; CCE-EDTX@haynesboone.com; ashlee.lin@milbank.com; mruiz@milbank.com; mscarsi@milbank.com; chriskennerly@paulhastings.com; jeffreycomeau@paulhastings.com; jonasherrell@paulhastings.com; katheringel@paulhastings.com; dallas@yw-lawfirm.com; trey@yw-lawfirm.com; bweber@smithweber.com; carrie.bader@eriseip.com; mark.mcgrory@eriseip.com; megan.redmond@eriseip.com; sprint-cce@eriseip.com; agiza@hueston.com; ddixon@hueston.com; JHueston@hueston.com; zelsea@hueston.com; christa@gillamsmithlaw.com; melissa@gillamsmithlaw.com; cmolster@winston.com; CSaylor@winston.com; skalemeris@winston.com; tdunham@winston.com; dannynoteware@potterminton.com; mikejones@potterminton.com; patrickclutter@potterminton.com; jainsworth@wilsonlawfirm.com; gil@gillamsmithlaw.com; TeamATTCCE@paulhastings.com; yarchaikovsky@paulhastings.com
**Cc:** wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; CCE; wh@wsfirm.com; claire@wsfirm.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Jeff,

Further to your inquiry yesterday, the Acampora report (for instance) must be limited to nine references. Those references come from the final election of prior art. This is the protocol the parties agreed to follow when adopting the Model Order.

Each entry in the final election is either an anticipation assertion or obviousness assertion. In other words, one listed reference is not useful for both an anticipation assertion and an obviousness assertion. That would be, in effect, two references. Thus, to the extent the Acampora report includes the assertion of 102 prior art or 103 prior art combinations not specifically itemized in the final election, it's improperly in the report. CCE didn't, for example, elect its final eight claims then accuse Apple and its co-Defendants of infringing different (or more) claims.

The Acampora report asserts twenty-six identifiable references. Only five of those are fairly taken from the final election (anticipation by Chun, anticipation by Wu, anticipation by Lee, anticipation by Ye, and anticipation by the "Alcatel Proposal"). Then there is a twenty-seventh "catch-all" obviousness contention that purports to allow Apple to combine any reference with the knowledge of one of skill in the art. This is improper. To the extent that Apple would seek to assert a reference + POSA, such combination is, itself, a reference.

In essence, Apple had ample time to discern what bases of invalidity it would enumerate in its final election and assert in its report. It is

not permissible to list nine references and then further combine them in any number of permutations.  Apple seems to misapprehend the function of the final election, clearly deeming it as a pool from which to draw.  But that is incorrect.  The final election is the unambiguous identification of your invalidity bases to be addressed in the attendant report.

Talk to you tomorrow.  Ed

**From:** Jeff.Homrig@lw.com [mailto:Jeff.Homrig@lw.com]
**Sent:** Saturday, April 30, 2016 4:09 PM
**To:** Ed Nelson; callie.bjurstrom@pillsburylaw.com; corey.russ@pillsburylaw.com; inge.larish@pillsburylaw.com; nicole.cunningham@pillsburylaw.com; steve.moore@pillsburylaw.com; William.atkins@pillsburylaw.com; CCEPillburyTeam@Pillsburylaw.com; Cassius.Sims@lw.com; Doug.Lumish@lw.com; Joseph.Lee@lw.com; Michael.Gerardi@lw.com; applecce.lwteam@lw.com; bcraft@findlaycraft.com; efindlay@findlaycraft.com; brian.kwok@haynesboone.com; chris.lubeck@haynesboone.com; howard.levin@haynesboone.com; mav@haynesboone.com; CCE-EDTX@haynesboone.com; ashlee.lin@milbank.com; mruiz@milbank.com; mscarsi@milbank.com; chriskennerly@paulhastings.com; jeffreycomeau@paulhastings.com; jonasherrell@paulhastings.com; katheringel@paulhastings.com; dallas@yw-lawfirm.com; trey@yw-lawfirm.com; bweber@smithweber.com; carrie.bader@eriseip.com; mark.mcgrory@eriseip.com; megan.redmond@eriseip.com; sprint-cce@eriseip.com; agiza@hueston.com; ddixon@hueston.com; JHueston@hueston.com; zelsea@hueston.com; christa@gillamsmithlaw.com; melissa@gillamsmithlaw.com; cmolster@winston.com; CSaylor@winston.com; skalemeris@winston.com; tdunham@winston.com; dannynoteware@potterminton.com; mikejones@potterminton.com; patrickclutter@potterminton.com; jainsworth@wilsonlawfirm.com; gil@gillamsmithlaw.com; TeamATTCCE@paulhastings.com; yarchaikovsky@paulhastings.com
**Cc:** wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; CCE; wh@wsfirm.com; claire@wsfirm.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Ed,

Thanks for your message.  Your email does not identify the specific opinions that you assert are "inconsistent with the concurrently-served Final Elections," nor the number of references you believe Dr. Fuja and Dr. Acampora address, nor your basis for making these assertions.  We disagree with your allegations, but are available to discuss on Monday.  Please provide us with this information so that we have the opportunity to consider your position before the meet-and-confer.

During the meet-and-confer, we should also discuss the opinions rendered by Dr. Caloyannides.  Specifically, his report advances infringement theories that are not disclosed in CCE's operative infringement contentions.  Apple objects.  We would be happy to identify the specific opinions and grounds for objection, as we have asked of you.  We propose exchanging this information by 6 pm central Sunday.  Please let us know if you're amenable.  Thank you.

10

Best regards,

Jeff

---

**From:** Ed Nelson [mailto:ed@nelbum.com]
**Sent:** Friday, April 29, 2016 3:41 PM
**To:** callie.bjurstrom@pillsburylaw.com; corey.russ@pillsburylaw.com; inge.larish@pillsburylaw.com; nicole.cunningham@pillsburylaw.com; steve.moore@pillsburylaw.com; William.atkins@pillsburylaw.com; CCEPillburyTeam@Pillsburylaw.com; Sims, Cassius (NY); Lumish, Doug (SV); Homrig, Jeff (SV); Lee, Joseph (OC); Gerardi, Michael (DC); #C-M APPLE CCE - LW TEAM; bcraft@findlaycraft.com; efindlay@findlaycraft.com; brian.kwok@haynesboone.com; chris.lubeck@haynesboone.com; howard.levin@haynesboone.com; mav@haynesboone.com; CCE-EDTX@haynesboone.com; ashlee.lin@milbank.com; mruiz@milbank.com; mscarsi@milbank.com; chriskennerly@paulhastings.com; jeffreycomeau@paulhastings.com; jonasherrell@paulhastings.com; katherineringel@paulhastings.com; dallas@yw-lawfirm.com; trey@yw-lawfirm.com; bweber@smithweber.com; carrie.bader@eriseip.com; mark.mcgrory@eriseip.com; megan.redmond@eriseip.com; sprint-cce@eriseip.com; agiza@hueston.com; ddixon@hueston.com; JHueston@hueston.com; zelsea@hueston.com; christa@gillamsmithlaw.com; melissa@gillamsmithlaw.com; cmolster@winston.com; CSaylor@winston.com; skalemeris@winston.com; tdunham@winston.com; dannynoteware@potterminton.com; mikejones@potterminton.com; patrickclutter@potterminton.com; jainsworth@wilsonlawfirm.com; gil@gillamsmithlaw.com; TeamATTCCE@paulhastings.com; yarchaikovsky@paulhastings.com
**Cc:** Warren McCarty (wmccarty@caldwellcc.com); Austin Curry (acurry@caldwellcc.com); Brad Caldwell <bcaldwell@caldwellcc.com> (bcaldwell@caldwellcc.com); CCE; 'Wesley Hill'; claire@wsfirm.com
**Subject:** CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)
**Importance:** High

Counsel,

CCE requests a meet-and-confer for Monday at 1pm CT (11am PT / 2pm ET) to discuss the Fuja and Acampora reports. Neither of the reports comports with the Model Order Focusing Patent Claims and Prior Art to Reduce Costs that parties adopted in the consolidated 507 cases.

Because each report far exceeds the number of permitted references (and is otherwise inconsistent with the concurrently-served Final Elections), CCE will make an emergency motion to enforce the Model Order limits and to strike portions of the reports that exceed those limits. We will also seek an expedited briefing schedule and relief from the DCO as necessary due to the delay caused by Defendants' non-compliance.

To participate in the meet-and-confer, please dial in using the following credentials:

US Toll-Free:  1-866-910-4857
Participant Passcode:  455717

Regards.  Ed

**Edward R Nelson III** | Attorney | P. 817.377.3489
**Nelson Bumgardner PC** | 3131 W. 7th Street, Suite 300 | Fort Worth, TX 76107
ed@nelbum.com | www.nelbum.com

<image001.png>

*This message and any attached documents contain information from the law firm of Nelson Bumgardner PC that may be confidential and/or privileged.  If you are not the intended recipient, you may not read, copy, distribute, or use this information.  If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete the message and its attachments..*

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP