# Exhibit "I"

**Ed Nelson**

| | |
|---|---|
| **From:** | Joseph.Lee@lw.com |
| **Sent:** | Friday, May 13, 2016 4:55 PM |
| **To:** | Ed Nelson; Jeff.Homrig@lw.com; CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com |
| **Cc:** | applecce.lwteam@lw.com; efindlay@findlaycraft.com |
| **Subject:** | RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer) |

Ed,

We are reviewing the latest draft of the stipulation you sent us today and conferring with our client regarding them. While we cannot promise that we will be able to respond by 5pm CT today, we are working towards getting you a response as soon as possible. We disagree with your characterization of our draft and are not playing "word games."  We are seeking to implement the points we discussed in an equitable and practical way, and based on those same discussions, we fully expect that the parties can do that. Accordingly, we do not think it is a productive use of the Court's or the parties' time for CCE to file a motion that should turn out to be unnecessary. In any case, we are also considering your request for an expedited briefing schedule and will respond as soon as we can. Let us know if you would like to discuss.

**From:** Ed Nelson [mailto:ed@nelbum.com]
**Sent:** Friday, May 13, 2016 2:25 PM
**To:** Lee, Joseph (OC); Homrig, Jeff (SV); CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com
**Cc:** #C-M APPLE CCE - LW TEAM; efindlay@findlaycraft.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Jeff and Joe,

Absent hearing from you that we are in agreement on the stipulation, we will file the Emergency Motion at 5pm CT today.

I have not heard back from you about the proposed briefing schedule.  Please let me know later today or over the weekend whether or not Apple agrees.  Absent agreement, we will seek a hotline call on Monday morning for the purpose of having an appropriately expedited briefing schedule set.

Ed

**From:** Ed Nelson
**Sent:** Friday, May 13, 2016 2:54 PM
**To:** 'Joseph.Lee@lw.com'; 'Jeff.Homrig@lw.com'; CCE; 'wmccarty@caldwellcc.com'; 'acurry@caldwellcc.com'; 'bcaldwell@caldwellcc.com'; 'wh@wsfirm.com'; claire@wsfirm.com
**Cc:** 'applecce.lwteam@lw.com'; 'efindlay@findlaycraft.com'
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Jeff and Joe,

In the event that agreement is not reached as to the Acampora stipulation such that CCE files its Emergency Motion at the end of the day.  Please let me know whether Apple agrees to the following expedited briefing schedule:

| Brief | Due Date |
|---|---|
| Defendant Apple's Response to CCE's Emergency Motion | Tuesday, May 17, 2016 |
| CCE's Reply, as needed | Thursday, May 19, 2016 |

Ed

---

**From:** Ed Nelson
**Sent:** Friday, May 13, 2016 10:06 AM
**To:** 'Joseph.Lee@lw.com'; Jeff.Homrig@lw.com; CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com
**Cc:** applecce.lwteam@lw.com; efindlay@findlaycraft.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)
**Importance:** High

Jeff and Joe,

The revamped version of the stipulation that you sent is unacceptable.  It appears that Apple is attempting to circumvent the parties' agreements and understandings in multiple ways.  First and foremost, there is already a stipulation with the Fuja Sponsors governing the Fuja Report across all actions; thus, CCE will not accept further, potentially conflicting language about the Fuja Report in the Acampora stipulation.  The purpose of the Acampora stipulation is to memorialize specific understandings about the scope of the Acampora Report and Acampora testimony, as each relates to prior art-based invalidity theories.  We are not interested in word games.

Please also note the following in the attached return redline:

1. CCE is not watering down its reservation of rights.  Thus, CCE's reservations (now appearing in the opening paragraph where Apple moved them) have been returned to the precise language also used in the Fuja stipulation (to which the Fuja Sponsors have agreed).  This language is non-negotiable.

2. Paragraph 3 concerning single reference obviousness now matches the precise language from the Fuja stipulation because it is much clearer.  This language is non-negotiable.

3. Paragraph 4 concerning multi-reference obviousness adds a clarifying sentence that is also included in the Fuja stipulation.

4. Paragraph 5 now mirrors the Fuja stipulation by striking the portion that would otherwise completely eviscerate the language and intent of Paragraph 3. This language is non-negotiable.

5. Paragraph 6 has been added to mirror language in the Fuja stipulation. This stipulation must address how the report is limited relative to prior art-based invalidity theories. This language (which has been agreed to by all other parties) is non-negotiable.

In essence, none of this should be controversial (as evidenced by the agreement of Apple's co-Defendants to the Fuja stipulation). I am available to discuss today, but that is the extent of CCE's patience on this issue. We waited more than a week to receive Apple's return edits. If we don't have agreement on this stipulation today, which must be harmonized with the Fuja stipulation for consistency of application, then CCE will proceed to file its emergency motion.

Ed

**From:** Joseph.Lee@lw.com [mailto:Joseph.Lee@lw.com]
**Sent:** Thursday, May 12, 2016 5:12 PM
**To:** Ed Nelson; Jeff.Homrig@lw.com; CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com
**Cc:** applecce.lwteam@lw.com; efindlay@findlaycraft.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Ed, please see attached Apple's redlines to the proposed stipulation. Please let us know if you'd like to discuss.

**From:** Ed Nelson [mailto:ed@nelbum.com]
**Sent:** Thursday, May 05, 2016 8:28 AM
**To:** Homrig, Jeff (SV); Lee, Joseph (OC); CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com
**Cc:** #C-M APPLE CCE - LW TEAM; efindlay@findlaycraft.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)
**Importance:** High

Thanks Jeff.

I think we are close. Attached is a stipulation for review and approval that will memorialize the agreements and understandings. This stipulation requires wet signature of counsel for Apple, as well as other sponsors of the Acampora report in the -251 action (namely, TM, VZ, Sprint).

Note that I have largely used your wording.

Please confirm approval or call me to discuss.  We will need to finalize this today.  Ed

---

**From:** Jeff.Homrig@lw.com [mailto:Jeff.Homrig@lw.com]
**Sent:** Thursday, May 05, 2016 12:33 AM
**To:** Ed Nelson; Joseph.Lee@lw.com; CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com
**Cc:** applecce.lwteam@lw.com; efindlay@findlaycraft.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Ed,

Your email raises additional issues that are not required by the order regarding final election of asserted prior art.  Nevertheless, we hope to resolve these issues without court intervention and make the following compromise proposal below.

As an initial matter, we want to make clear that the model order regarding final election of asserted prior art does not limit Apple to the conditions in its proposal either, but Apple is nevertheless willing to make this proposal in these particular circumstances in an effort to avoid burdening the court with a dispute.  If motion practice becomes necessary, however, Apple reserves all its rights.  Our proposal is as follows:

1.  Apple would not present testimony from Professor Acampora that the asserted claims are anticipated or obvious based on prior art combinations other than those listed in the table below.

| 1 | Anticipated by U.S. Patent No. 8,687,565 ("Chun Patent") |
|---|---|
| 2 | Anticipated by U.S. Patent No. 7,769,926 ("Wu Patent") |
| 3 | Obvious by WIPO WO 2006/052086 ("Lee") |
| 4 | Obvious by U.S. Patent No. 8,031,655 ("Ye") |
| 5 | Obvious by combination of Ye and U.S. Patent No. 8,243,666 ("Torsner") |
| 6 | Obvious by combination of Ye and  3GPP Proposal R2-074682 ("Ericsson Proposal") |
| 7 | Obvious by combination of Lee and 3GPP Proposal R2-063414 ("Alcatel Proposal") and Ericsson Proposal |
| 8 | Obvious by combination of Lee and Alcatel Proposal and Torsner |
| 9 | Obvious by combination of 3GPP TS 25.309 v.6.3.0 Release 6 and TS 25.321 v.6.7.0 Release 6 and Ericsson Proposal |

2.  Item 9 would be based on publication of the UMTS standard, not public use of the standard.

3.  For obviousness based on a single reference, Professor Acampora's opinion would be based on the disclosures in that reference and knowledge of a person of ordinary skill in the art, not based on disclosures in that reference combined with disclosures from another reference.  Likewise, for obviousness based on a combination of references, Apple would not present testimony from Professor Acampora that combines those references with other references not listed in the combination.  None of the foregoing would limit Professor Acampora from discussing references not listed in the table above ("unlisted references") to demonstrate knowledge of a person of ordinary skill in the art, the state of the art, or background of the alleged invention.

4.  None of the foregoing would limit Professor Acampora from discussing unlisted references as evidence of contemporaneous invention.

5. If Dr. Fuja testifies in the same trial as Apple, Apple reserves the right to rely or use any testimony that is in the record, including his testimony.  If CCE would agree to a separate trial against Apple only, however, Apple is willing to withdraw its Rule 26(a)(2) disclosure regarding Dr. Fuja.

Let us know if CCE agrees to the proposal above.

4

Best regards,

Jeff

---

**From:** Ed Nelson [mailto:ed@nelbum.com]
**Sent:** Wednesday, May 04, 2016 12:32 PM
**To:** Homrig, Jeff (SV); Lee, Joseph (OC); CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com
**Cc:** #C-M APPLE CCE - LW TEAM; efindlay@findlaycraft.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Jeff,

Please let me know where this stands.  As I'm sure you understand, we need to resolve this today.

Thanks.  Ed

---

**From:** Jeff.Homrig@lw.com [mailto:Jeff.Homrig@lw.com]
**Sent:** Wednesday, May 04, 2016 2:22 AM
**To:** Ed Nelson; Joseph.Lee@lw.com; CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com
**Cc:** applecce.lwteam@lw.com; efindlay@findlaycraft.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Ed,

Thanks for your email. Your summary incorporates some ambiguities that we are addressing in a revised draft. We had hoped to send that tonight, as you requested, but are still working through it with our client. We will send it your way as soon as we can. In the meantime, please give me a call if you'd like to discuss.  Thank you.

Jeff

---

**From:** Ed Nelson [mailto:ed@nelbum.com]
**Sent:** Tuesday, May 03, 2016 4:09 PM
**To:** Lee, Joseph (OC); CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com; Homrig, Jeff (SV)
**Cc:** #C-M APPLE CCE - LW TEAM; efindlay@findlaycraft.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Jeff,

Further to Joe's email from earlier today, please let me know tonight if Apple agrees to the following (which shall be memorialized in a stipulation signed by counsel for CCE, Apple, and parties other than Apple purporting to adopt the Acampora report).  Note that for purposes of the following, any reference to Apple includes those other parties purporting to adopt the Acampora report:

5

Apple and Dr. Acampora agree for purposes of this litigation (including trial) that they are limited to the nine prior art-based invalidity references identified in the table below:

| No. | Apple Limited To These Contentions Based On Prior Art |
|---|---|
| 1 | Anticipated by U.S. Patent No. 8,687,565 ("Chun Patent") |
| 2 | Anticipated by U.S. Patent No. 7,769,926 ("Wu Patent") |
| 3 | Obvious by WIPO WO 2006/052086 ("Lee") |
| 4 | Obvious by U.S. Patent No. 8,031,655 ("Ye") |
| 5 | Obvious by combination of Ye and U.S. Patent No. 8,243,666 ("Torsner") |
| 6 | Obvious by combination of Ye and 3GPP Proposal R2-074682 ("Ericsson Proposal") |
| 7 | Obvious by combination of Lee and 3GPP Proposal R2-063414 ("Alcatel Proposal") and Ericsson Proposal |
| 8 | Obvious by combination of Lee and Alcatel Proposal and Torsner |
| 9 | Obvious by combination of 3GPP TS 25.309 v.6.3.0 Release 6 and TS 25.321 v.6.7.0 Release 6 and Ericsson Proposal |

Relative to item 9 in the table, Apple shall, concurrently with its confirmation of this agreement, identify to CCE whether it is pursuing the subject obviousness reference by virtue of public use of the two UMTS standards OR the published, printed iterations of the two UMTS standards.

For obviousness based on a single reference (items 3-4), Apple stipulates that it can only combine the subject reference's disclosure with the knowledge of a person of ordinary skill the art ("POSITA"), such that the knowledge of a POSITA cannot be based on the disclosure of any other reference.  [NOTE that this is the same understanding and agreement achieved with sponsors of the Fuja report.]  In other words, if a POSITA otherwise intended to rely on any specific reference to support his or her "knowledge," then the reference should have been specifically identified in the table (e.g., Ye in view of reference "x").

Similarly, for combination obviousness references (items 5-9), Apple shall only seek to draw from the disclosures of the identified art and no other, unidentified art.  In other words, Apple and Dr. Acampora cannot advance any obviousness theory (see, e.g., Section IX of the Acampora report), to wit, a concept or feature was well known to a POSITA based on the teachings of other art apart from the art expressly made a part of the particular, listed combination.

The nine specific references are the universe of invalidity theories/contentions based on prior art to which Apple and the Acampora report are limited.   Apple cannot make any obviousness or anticipation arguments of "related references" or "associated references" or any other reference not specifically identified in each row of the table for that particular theory/contention.  For example, if the Chun Patent (or the Wu Patent) is found not to be prior art, Apple cannot proceed with a separate or substitute invalidity theory/contention

based on the provisional applications purportedly related to the Chun Patent (or the provisional application purportedly related to the Wu Patent).  Such would be an attempt to use an unlisted reference.  [NOTE that this is the same understanding and agreement achieved with sponsors of the Fuja report.]

Lastly, Apple agrees that it cannot rely on the opinion of Dr. Fuja or the Fuja report and agrees to cancel or withdraw its 26(a)(2) disclosure of Dr. Fuja and the attendant incorporation of his report.

Please let me know if this works.  Ed

---

**From:** Joseph.Lee@lw.com [mailto:Joseph.Lee@lw.com]
**Sent:** Tuesday, May 03, 2016 12:42 PM
**To:** Ed Nelson; CCE; wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; wh@wsfirm.com; claire@wsfirm.com
**Cc:** applecce.lwteam@lw.com; efindlay@findlaycraft.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Ed,

Apple would agree that it will not contend nor present any trial testimony from Professor Acampora as to the following invalidity theories identified in your list below: 2, 4-6, 8, 10-17, 20, 23-25, and 27. While we disagree with how CCE is counting the references in Apple's final election of prior art, all of the remaining theories are within the final election and within the nine-reference limit, even as CCE calculates it.

---

**From:** Ed Nelson [mailto:ed@nelbum.com]
**Sent:** Monday, May 02, 2016 12:26 PM
**To:** Homrig, Jeff (SV)
**Cc:** wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; CCE; wh@wsfirm.com; claire@wsfirm.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Jeff, as discussed.

| No. | Contentions Based On Prior Art in the Acampora Report | Disclosed In Final Election |
|---|---|---|
| 1 | Anticipation by U.S. Patent No. 8,687,565 ("Chun") | Yes |
| 2 | Obvious by Chun | No |
| 3 | Anticipation by U.S. Patent No. 7,769,926 ("Wu") | Yes |
| 4 | Obvious by Wu | No |
| 5 | Obviousness by U.S. Patent App. Pub. No. 2006/0143444 ("Malkamaki") | No |
| 6 | Anticipation by WIPO WO 2006/052086 ("Lee") | Yes |
| 7 | Obvious by Lee | No |
| 8 | Anticipation by U.S. Patent No. 8,031,655 ("Ye") | Yes |
| 9 | Obvious by Ye | No |
| 10 | Anticipation by U.S. Patent No. 8,243,666 ("Torsner") | No |

| | | |
|---|---|---|
| 11 | Obvious by Torsner | No |
| 12 | Anticipation by 3GPP Proposal R2-074682 ("Ericsson Proposal") | No |
| 13 | Obvious by Ericsson Proposal | No |
| 14 | Anticipation by the combination of 3GPP TS 25.309 v.6.3.0 Release 6 and TS 25.321 v.6.7.0 Release 6 ("UMTS") | No |
| 15 | Obvious by UMTS | No |
| 16 | Anticipation by 3GPP Proposal R2-063414 ("Alcatel Proposal") | Yes |
| 17 | Obvious by Alcatel Proposal | No |
| 18 | Ye and Torsner | No |
| 19 | Ye and Ericsson Proposal | No |
| 20 | Lee and Alcatel Proposal | No |
| 21 | Lee and Alcatel Proposal and Ericsson Proposal | No |
| 22 | Lee and Alcatel Proposal and Torsner | No |
| 23 | Lee and Malkamaki | No |
| 24 | Lee and Malkamaki and Ericsson Proposal | No |
| 25 | Lee and Malkamaki and Torsner | No |
| 26 | UMTS and Ericsson Proposal | No |
| 27 - ???? | Catch-all obviousness contentions, for example:<br><br>"As discussed above with respect to the individual limitations, to the extent that CCE asserts that any given reference does not disclose a particular limitation, one of ordinary skill in the art would have been motivated to combine that reference with the disclosures of the limitation from any of the other references discussed in my report that contain that limitation or with the knowledge of one of skill in the art;"<br><br>"It would have been obvious to one of ordinary skill in the art to combine with [any reference] the teachings of other references I discuss in this report that disclose this limitation;" and<br><br>"'A' means the reference anticipates or makes the claim obvious." | No |

---

**From:** Jeff.Homrig@lw.com [mailto:Jeff.Homrig@lw.com]
**Sent:** Sunday, May 01, 2016 5:29 PM
**To:** Ed Nelson; callie.bjurstrom@pillsburylaw.com; corey.russ@pillsburylaw.com; inge.larish@pillsburylaw.com; nicole.cunningham@pillsburylaw.com; steve.moore@pillsburylaw.com; William.atkins@pillsburylaw.com; CCEPillburyTeam@Pillsburylaw.com; Cassius.Sims@lw.com; Doug.Lumish@lw.com; Joseph.Lee@lw.com; Michael.Gerardi@lw.com; applecce.lwteam@lw.com; bcraft@findlaycraft.com; efindlay@findlaycraft.com; brian.kwok@haynesboone.com; chris.lubeck@haynesboone.com; howard.levin@haynesboone.com; mav@haynesboone.com; CCE-EDTX@haynesboone.com; ashlee.lin@milbank.com; mruiz@milbank.com; mscarsi@milbank.com; chriskennerly@paulhastings.com; jeffreycomeau@paulhastings.com;

jonasherrell@paulhastings.com; katherineringel@paulhastings.com; dallas@yw-lawfirm.com; trey@yw-lawfirm.com; bweber@smithweber.com; carrie.bader@eriseip.com; mark.mcgrory@eriseip.com; megan.redmond@eriseip.com; sprint-cce@eriseip.com; agiza@hueston.com; ddixon@hueston.com; JHueston@hueston.com; zelsea@hueston.com; christa@gillamsmithlaw.com; melissa@gillamsmithlaw.com; cmolster@winston.com; CSaylor@winston.com; skalemeris@winston.com; tdunham@winston.com; dannynoteware@potterminton.com; mikejones@potterminton.com; patrickclutter@potterminton.com; jainsworth@wilsonlawfirm.com; gil@gillamsmithlaw.com; TeamATTCCE@paulhastings.com; yarchaikovsky@paulhastings.com
**Cc:** wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; CCE; wh@wsfirm.com; claire@wsfirm.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Ed,

Thank you for clarifying your position as to Dr. Acampora's report. We understand from your email that your position as to Dr. Fuja's report is the same, but if there are any additional issues that you would like to discuss, please let us know.

As to Apple's objection, Dr. Caloyannides's report deviates from CCE's operative contentions in a host of ways. As you know, the Court has not granted CCE's request for leave to supplement its infringement contentions. Nonetheless, Dr. Caloyannides's report advances the new infringement theory to which Apple objected in opposing that motion, as well as the other positions and material that CCE disclosed for the first time in those proposed contentions. The Jones report has the same issue. As things currently stand, CCE cannot advance these positions at trial, nor can its experts testify about them at trial.

Thanks again for getting back to us today.  We look forward to conferring tomorrow.

Best regards,

Jeff

---

**From:** Ed Nelson [mailto:ed@nelbum.com]
**Sent:** Sunday, May 01, 2016 9:33 AM
**To:** Homrig, Jeff (SV); callie.bjurstrom@pillsburylaw.com; corey.russ@pillsburylaw.com; inge.larish@pillsburylaw.com; nicole.cunningham@pillsburylaw.com; steve.moore@pillsburylaw.com; William.atkins@pillsburylaw.com; CCEPillburyTeam@Pillsburylaw.com; Sims, Cassius (NY); Lumish, Doug (SV); Lee, Joseph (OC); Gerardi, Michael (DC); #C-M APPLE CCE - LW TEAM; bcraft@findlaycraft.com; efindlay@findlaycraft.com; brian.kwok@haynesboone.com; chris.lubeck@haynesboone.com; howard.levin@haynesboone.com; mav@haynesboone.com; CCE-EDTX@haynesboone.com; ashlee.lin@milbank.com; mruiz@milbank.com; mscarsi@milbank.com; chriskennerly@paulhastings.com; jeffreycomeau@paulhastings.com; jonasherrell@paulhastings.com; katherineringel@paulhastings.com; dallas@yw-lawfirm.com; trey@yw-lawfirm.com; bweber@smithweber.com; carrie.bader@eriseip.com; mark.mcgrory@eriseip.com; megan.redmond@eriseip.com; sprint-cce@eriseip.com; agiza@hueston.com; ddixon@hueston.com; JHueston@hueston.com; zelsea@hueston.com; christa@gillamsmithlaw.com; melissa@gillamsmithlaw.com; cmolster@winston.com; CSaylor@winston.com; skalemeris@winston.com; tdunham@winston.com; dannynoteware@potterminton.com; mikejones@potterminton.com; patrickclutter@potterminton.com; jainsworth@wilsonlawfirm.com; gil@gillamsmithlaw.com; TeamATTCCE@paulhastings.com; yarchaikovsky@paulhastings.com
**Cc:** wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; CCE; wh@wsfirm.com; claire@wsfirm.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Jeff,

Further to your inquiry yesterday, the Acampora report (for instance) must be limited to nine references.  Those references come from the final election of prior art.  This is the protocol the parties agreed to follow when adopting the Model Order.

Each entry in the final election is either an anticipation assertion or obviousness assertion.  In other words, one listed reference is not useful for both an anticipation assertion and an obviousness assertion.  That would be, in effect, two references.  Thus, to the extent the Acampora report includes the assertion of 102 prior art or 103 prior art combinations not specifically itemized in the final election, it's improperly in the report.  CCE didn't, for example, elect its final eight claims then accuse Apple and its co-Defendants of infringing different (or more) claims.

The Acampora report asserts twenty-six identifiable references.  Only five of those are fairly taken from the final election (anticipation by Chun, anticipation by Wu, anticipation by Lee, anticipation by Ye, and anticipation by the "Alcatel Proposal").  Then there is a twenty-seventh "catch-all" obviousness contention that purports to allow Apple to combine any reference with the knowledge of one of skill in the art.  This is improper.  To the extent that Apple would seek to assert a reference + POSA, such combination is, itself, a reference.

In essence, Apple had ample time to discern what bases of invalidity it would enumerate in its final election and assert in its report.  It is not permissible to list nine references and then further combine them in any number of permutations.  Apple seems to misapprehend the function of the final election, clearly deeming it as a pool from which to draw.  But that is incorrect.  The final election is the unambiguous identification of your invalidity bases to be addressed in the attendant report.

Talk to you tomorrow.  Ed

---

**From:** Jeff.Homrig@lw.com [mailto:Jeff.Homrig@lw.com]
**Sent:** Saturday, April 30, 2016 4:09 PM
**To:** Ed Nelson; callie.bjurstrom@pillsburylaw.com; corey.russ@pillsburylaw.com; inge.larish@pillsburylaw.com; nicole.cunningham@pillsburylaw.com; steve.moore@pillsburylaw.com; William.atkins@pillsburylaw.com; CCEPillburyTeam@Pillsburylaw.com; Cassius.Sims@lw.com; Doug.Lumish@lw.com; Joseph.Lee@lw.com; Michael.Gerardi@lw.com; applecce.lwteam@lw.com; bcraft@findlaycraft.com; efindlay@findlaycraft.com; brian.kwok@haynesboone.com; chris.lubeck@haynesboone.com; howard.levin@haynesboone.com; mav@haynesboone.com; CCE-EDTX@haynesboone.com; ashlee.lin@milbank.com; mruiz@milbank.com; mscarsi@milbank.com; chriskennerly@paulhastings.com; jeffreycomeau@paulhastings.com; jonasherrell@paulhastings.com; katherineringel@paulhastings.com; dallas@yw-lawfirm.com; trey@yw-lawfirm.com; bweber@smithweber.com; carrie.bader@eriseip.com; mark.mcgrory@eriseip.com; megan.redmond@eriseip.com; sprint-cce@eriseip.com; agiza@hueston.com; ddixon@hueston.com; JHueston@hueston.com; zelsea@hueston.com; christa@gillamsmithlaw.com; melissa@gillamsmithlaw.com; cmolster@winston.com; CSaylor@winston.com; skalemeris@winston.com; tdunham@winston.com; dannynoteware@potterminton.com; mikejones@potterminton.com; patrickclutter@potterminton.com; jainsworth@wilsonlawfirm.com; gil@gillamsmithlaw.com; TeamATTCCE@paulhastings.com; yarchaikovsky@paulhastings.com
**Cc:** wmccarty@caldwellcc.com; acurry@caldwellcc.com; bcaldwell@caldwellcc.com; CCE; wh@wsfirm.com;

claire@wsfirm.com
**Subject:** RE: CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)

Ed,

Thanks for your message.  Your email does not identify the specific opinions that you assert are "inconsistent with the concurrently-served Final Elections," nor the number of references you believe Dr. Fuja and Dr. Acampora address, nor your basis for making these assertions.  We disagree with your allegations, but are available to discuss on Monday.  Please provide us with this information so that we have the opportunity to consider your position before the meet-and-confer.

During the meet-and-confer, we should also discuss the opinions rendered by Dr. Caloyannides.  Specifically, his report advances infringement theories that are not disclosed in CCE's operative infringement contentions.  Apple objects.  We would be happy to identify the specific opinions and grounds for objection, as we have asked of you.  We propose exchanging this information by 6 pm central Sunday.  Please let us know if you're amenable.  Thank you.

Best regards,

Jeff

---

**From:** Ed Nelson [mailto:ed@nelbum.com]
**Sent:** Friday, April 29, 2016 3:41 PM
**To:** callie.bjurstrom@pillsburylaw.com; corey.russ@pillsburylaw.com; inge.larish@pillsburylaw.com; nicole.cunningham@pillsburylaw.com; steve.moore@pillsburylaw.com; William.atkins@pillsburylaw.com; CCEPillburyTeam@Pillsburylaw.com; Sims, Cassius (NY); Lumish, Doug (SV); Homrig, Jeff (SV); Lee, Joseph (OC); Gerardi, Michael (DC); #C-M APPLE CCE - LW TEAM; bcraft@findlaycraft.com; efindlay@findlaycraft.com; brian.kwok@haynesboone.com; chris.lubeck@haynesboone.com; howard.levin@haynesboone.com; mav@haynesboone.com; CCE-EDTX@haynesboone.com; ashlee.lin@milbank.com; mruiz@milbank.com; mscarsi@milbank.com; chriskennerly@paulhastings.com; jeffreycomeau@paulhastings.com; jonasherrell@paulhastings.com; katherineringel@paulhastings.com; dallas@yw-lawfirm.com; trey@yw-lawfirm.com; bweber@smithweber.com; carrie.bader@eriseip.com; mark.mcgrory@eriseip.com; megan.redmond@eriseip.com; sprint-cce@eriseip.com; agiza@hueston.com; ddixon@hueston.com; JHueston@hueston.com; zelsea@hueston.com; christa@gillamsmithlaw.com; melissa@gillamsmithlaw.com; cmolster@winston.com; CSaylor@winston.com; skalemeris@winston.com; tdunham@winston.com; dannynoteware@potterminton.com; mikejones@potterminton.com; patrickclutter@potterminton.com; jainsworth@wilsonlawfirm.com; gil@gillamsmithlaw.com; TeamATTCCE@paulhastings.com; yarchaikovsky@paulhastings.com
**Cc:** Warren McCarty (wmccarty@caldwellcc.com); Austin Curry (acurry@caldwellcc.com); Brad Caldwell <bcaldwell@caldwellcc.com> (bcaldwell@caldwellcc.com); CCE; 'Wesley Hill'; claire@wsfirm.com
**Subject:** CCE -- Emergency Motion to Enforce Limits and to Strike (Meet-and-Confer)
**Importance:** High

Counsel,

CCE requests a meet-and-confer for Monday at 1pm CT (11am PT / 2pm ET) to discuss the Fuja and Acampora reports.  Neither of the reports comports with the Model Order Focusing Patent Claims and Prior Art to Reduce Costs that parties adopted in the consolidated 507 cases.

Because each report far exceeds the number of permitted references (and is otherwise inconsistent with the concurrently-served Final Elections), CCE will make an emergency motion to enforce the Model Order limits and to strike portions of the reports that exceed those

11

limits.  We will also seek an expedited briefing schedule and relief from the DCO as necessary due to the delay caused by Defendants' non-compliance.

To participate in the meet-and-confer, please dial in using the following credentials:

US Toll-Free:  1-866-910-4857

Participant Passcode:  455717

Regards.  Ed

**Edward R Nelson III** | Attorney | P. 817.377.3489
**Nelson Bumgardner PC** | 3131 W. 7th Street, Suite 300 | Fort Worth, TX 76107
ed@nelbum.com | www.nelbum.com



*This message and any attached documents contain information from the law firm of Nelson Bumgardner PC that may be confidential and/or privileged.  If you are not the intended recipient, you may not read, copy, distribute, or use this information.  If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete the message and its attachments..*

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP