# Exhibit 1

Case 6:13-cv-00507-KNM   Document 628-1   Filed 06/20/16   Page 1 of 4 PageID #: 10480

PAUL HASTINGS

June 20, 2016

**Via ECF Filing**

The Honorable K. Nicole Mitchell
U.S. District Court for the Eastern District of Texas
211 W Ferguson, Room 300
Tyler, TX 75702

Re:   Defendants' response to CCE's letter brief regarding certain opinions of Dr. Thomas Fuja, *Cellular Commc'ns Equip. LLC v. HTC Corp. et al*, Civil Action No. 13-cv-507-LED (E.D. Tex.) [Consolidated Lead Case]

Dear Judge Mitchell:

Defendants[1] submit this response to Cellular Communications Equipment LLC's (CCE's) letter brief seeking permission to file a *Daubert* motion precluding Dr. Thomas Fuja from offering certain opinions regarding the invalidity of U.S. Patent No. 8,055,820 (the '820 Patent).

## I.   Dr. Fuja applies reliable principles and methods to assess invalidity

CCE contends that Dr. Fuja's opinions regarding invalidity should be excluded because he "relies on an infringement analysis that [he] disagrees with." But CCE conflates factual *assumptions* underlying Dr. Fuja's analysis with his analytical *methodology*. CCE identifies no flaw in the methodology Dr. Fuja applied to arrive at his opinions and thus, no valid reason to preclude Dr. Fuja's testimony under Rule 702 of the Federal Rules of Evidence or *Daubert*.

Analyzing invalidity involves a two-step procedure.[2] The first step is to properly interpret the claims. The claims should be construed the same way for both invalidity and infringement.[3] The second step is to determine whether the claims as properly interpreted are met by the prior art. Dr. Fuja does nothing more than apply this well-established methodology to arrive at his opinions.[4] That Dr. Fuja applies CCE's understanding of the meaning of the asserted claims expressed in its infringement contentions as an assumption underlying his analysis, does not render his methodology unreliable.[5]

As a threshold matter, the Federal Circuit has noted that "nothing precludes [a defendant] from arguing for a narrower application of the limitation on the infringement context, while also arguing, in the alternative, that—if the district court were to disagree—the patent claim would be so broad as to be invalid."[6] As a corollary to that principle, courts have allowed an expert to "assume[] that [plaintiff's] understanding of the construed claims is correct, and then proceed[]

---

[1] Defendants submitting this letter brief are identified in the signature block of the Notice.
[2] *See, e.g.*, *TI Grp. Auto. Sys. (N. Am.), Inc. v. VDO N. Am., LLC*, 375 F.3d 1126, 1139 (Fed. Cir. 2004); *Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d 928, 933 (Fed. Cir. 2003).
[3] *See Source Search Techs., LLC v. LendingTree, LLC*, 588 F.3d 1063, 1075 (Fed. Cir. 2009).
[4] Expert Report of Dr. Thomas Fuja re: Invalidity of U.S. Patent No. 8,055,820 (hereinafter, Fuja report), at 9 and sections VI.E and VI.F.
[5] *See TQP Dev., LLC v. Merrill Lynch & Co., Inc.*, No. 2:08-cv-471-WCB, 2012 WL 3283356, at *2 (E.D. Tex. Aug. 10, 2012) (Bryson, C.J., sitting by designation) ("Experts are allowed to rely on assumptions as part of their opinions, as long as those assumptions are supported by evidence at trial.").
[6] *Stryker Corp. v. Zimmer, Inc.*, 782 F.3d 649, 661 n.4 (Fed. Cir. 2015), *vacated on other grounds by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, __ S. Ct. __, 2016 WL 3221515 (June 13, 2016).


to demonstrate how, in his opinion, each element of the claims is found in the prior art."[7]

This is consistent with well-settled principles involving the application of Rules 702 and 703 under *Daubert*. For example, an expert's testimony can be based on hypothetical questions[8] and "facts that the expert assumes, but does not know, to be true."[9] Dr. Fuja is entitled to reach opinions based on assumed facts like the disputed ordinary meaning of certain terms, regardless of whether he agrees with that disputed ordinary meaning.[10] As is well-established, "it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."[11]

CCE bases its *Daubert* challenge on an order by Judge Payne in *Genband US LLC v. Metaswitch Networks Corp*. But this order does not support CCE's argument. In *Genband*, the plaintiff sought to preclude testimony from the defendant's expert "comparing any alleged prior art to [the plaintiff's] infringement theories rather than the asserted claims."[12] Although granting the order, Magistrate Judge Payne clarified that experts were "permitted to apply reliable principles and methods to criticize, analyze, or discuss the theories of an adverse party" and to opine that "[a plaintiff's] infringement theories somehow undermine or contradict [its] validity theories."[13] Moreover, at oral argument, the *Genband* plaintiff emphasized it was seeking only to ensure that the defendant's expert was applying the "proper framework" for analyzing invalidity by demonstrating that "each and every element of the claim [wa]s met either by this single reference or by this combination of references,"[14] which is the very analysis Dr. Fuja performed here. In short, the *Genband* order does not support preclusion of Dr. Fuja.

## II.   Dr. Fuja's obviousness opinions are supported by sufficient factual bases

CCE further contends that Dr. Fuja "fails to identify how, or why, any specific prior art references might be combined." That allegation is baseless. For each combination of references, Dr. Fuja's report provides "articulated reasoning with some rational underpinning to support the legal conclusion of obviousness," just as the Federal Circuit requires.[15]

As one example, Dr. Fuja testifies that a POSA would have been motivated to combine the Torsner patent, the Malkamaki application, and the Ericsson proposal references.[16] Dr. Fuja explains that a POSA would have been so motivated because they are all directed to improving buffer status reporting efficiency in telecommunication systems, and all address the problem of

---

[7] *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 87 F. Supp. 3d 928, 943 (N.D. Cal. 2015).

[8] *See, e.g.*, Fed. R. Evid. 703, cmts. (2016).

[9] *Williams v. Illinois*, 132 S. Ct. 2221, 2228 (2012).

[10] *See, e.g.*, *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1432 (5th Cir. 1989) (personal knowledge of facts underlying expert testimony is not required under Rule 703).

[11] *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003). *See Apple Inc. v. Motorola Inc.*, 757 F.3d 1286, 1320 (Fed. Cir. 2014) (finding that the trial court abused its discretion in excluding testimony of a damages expert by "questioning the factual underpinning and correctness of [the expert's] testimony rather than the reliability of his principles and method and the sufficiency of the data upon which he relied."), *overruled on other grounds by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015).

[12] *Genband*, No. 2:14-cv-33, slip op. at 4–5 (E.D. Tex. Sept. 30, 2015), ECF 370.

[13] *See also id.* ("An expert could also point out contradictions or inconsistencies between a party's infringement and validity theories.").

[14] Transcript of Pre-Trial Hearing at at 63:19–64:1, 67:9–13, *Genband* (Sept. 29, 2015), ECF 369 .

[15] *See In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006).

[16] Fuja report at 323–26. Dr. Fuja's full analysis is located at 298–364 (section VI.F) of his report.


sending BSRs in an efficient manner by minimizing signaling overhead. Dr. Fuja also explains a POSA would have been further motivated to combine these references because each discloses similar concepts of selecting between a short and long BSR format and grouping logical channels based on quality of service or traffic priority to address this problem.[17]

CCE also asserts that Dr. Fuja's testimony on obviousness should be excluded because he did not address objective indicia of nonobviousness. But "[a]ny failure to address or give weight to particular factors that may be regarded as bearing on obviousness go to the weight of the expert's testimony, not its admissibility."[18] Moreover, although the challenger bears the ultimate burden of proving invalidity, the *patentee* must first demonstrate a nexus between the objective indicia and the claimed invention before the burden of production as to these objective indicia shifts to the challenger.[19] Because CCE has not demonstrated it has established this nexus, Dr. Fuja is not required to offer rebuttal evidence on these objective indicia in the first instance.

### III.   Dr. Fuja properly identifies Claim 12's "designating unit" in the prior art

Finally, CCE argues that Dr. Fuja did not "identif[y] where, or how, any specific reference satisfies the structural elements of Claim 12's 'designating unit'" or the algorithm for performing the claimed function. That allegation also lacks merit.

Dr. Fuja's report identifies where the "designating unit"—the one element of Claim 12 the Court construed as implicating 35 U.S.C. § 112, ¶ 6—is found in the prior art. For Claim 12, element 1, he identifies specific text and figures where hardware and/or software configured to perform the claimed function is disclosed in twelve different prior art references.[20] Similarly, for the claimed function of the designating unit, he references his discussion of Claim 1, element 3, where he provides more than 50 pages detailing how the function is disclosed in those twelve prior art references.[21] Whether those structures and algorithms satisfy Claim 12's means-plus-function limitations is a disputed fact question inappropriate for summary resolution.[22]

### IV.   Conclusion

CCE's arguments do not justify its request to preclude Dr. Fuja's testimony. Defendants respectfully request the Court to deny CCE permission to file a *Daubert* motion on any topic identified in its letter brief.

Very truly yours,

Christopher W. Kennerly

---

[17] *See KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 420 (2007) ("[A]ny need or problem known in the field of endeavor . . . can provide a reason for combining the elements in the manner claimed.").
[18] *TQP Dev.*, 2012 WL 3283356, at *3. *See also Gonzalez v. InfoStream Grp., Inc.*, 2:14-cv-906-JRG-RSP, slip op. at 4 n.1 (E.D. Tex. Feb. 7, 2016), ECF 163.
[19] *See, e.g., Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1310–11 (Fed. Cir. 2010).
[20] Fuja report at 276–85.
[21] *Id.* at 157–210.
[22] *See, Med. Instrumentation and Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1221 (Fed. Cir. 2003) ("[W]hat a reference teaches and whether it describes every element of a claim is a question for the finder of fact.").